CLOSED, STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)    07-176
## CIVIL DOCKET FOR CASE #: 2:06-cv-03013-LDD
### Internal Use Only

REYNOLDS et al v. STATE FARM INSURANCE
COMPANY
Assigned to: HONORABLE LEGROME D. DAVIS
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 07/03/2006
Date Terminated: 02/20/2007
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**KENNETH REYNOLDS**

represented by **SHELLY FARBER**
FARBER & FARBER
2619 WEST CHESTER PIKE
BROOMALL, PA 19008
610-356-3900
Email: joshact2@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JOAN CHIEN**

represented by **SHELLY FARBER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**STATE FARM INSURANCE
COMPANY**

represented by **KATHERINE COLE DOUGLAS**
1601 MARKET STREET
16TH FLOOR
PHILADELPHIA, PA 19103
Email: douglas@bbs-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LOUIS E. BRICKLIN**
BENNER BRICKLIN & SALTZBURG
1601 MARKET ST.
16TH FL.
PHILADELPHIA, PA 19103-2393

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 3·22-07
ATTEST: James West
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

215-561-4300
Fax: 215-561-6661
Email: bricklin@bbs-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MOIRA CLARE DUGGAN**
BENNETT, BRICKLIN &
SALTZBURG, LLP
1601 MARKET ST.
16TH FL.
PHILA, PA 19103-2393
215-665-3305
Fax: 215-561-6661
Email: duggan@bbs-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/03/2006 | ◐1 | MOTION for Leave to Proceed in forma pauperis filed by KENNETH REYNOLDS, JOAN CHIEN,CERTIFICATE OF SERVICE.(tj, ) (Entered: 07/11/2006) |
| 07/03/2006 | | (Court only) Standard Case Management Track (tj, ) (Entered: 07/11/2006) |
| 07/12/2006 | ◐2 | ORDER THAT PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS (DOC. NO. 1) IS DENIED. SIGNED BY JUDGE LEGROME D. DAVIS ON 7/12/06. 7/13/06 ENTERED AND COPIES MAILED. (jpd) (Entered: 07/13/2006) |
| 07/12/2006 | | (Court only) ***Deadlines terminated., ***Documents terminated. (jpd) (Entered: 07/13/2006) |
| 07/12/2006 | | (Court only) ***Civil Case Terminated. (sf, ) (Entered: 07/17/2006) |
| 07/19/2006 | ◐ | Filing fee: $ 350.00, receipt number 930769 (jpd, ) (Entered: 07/19/2006) |
| 07/19/2006 | | (Court only) ***Case Reopened (sf, ) (Entered: 07/26/2006) |
| 07/31/2006 | ◐3 | ENTRY OF APPEARANCE BY MOIRA CLARE DUGGAN, ESQUIRE, KATHERINE COLE DOUGLAS, ESQUIRE, LOUIS E. BRICKLIN, ESQUIRE ON BEHALF OF DEFENDANT STATE FARM INSURANCE COMPANY. (jpd) Additional attachment(s) added on 8/9/2006 (bj, ) (Entered: 07/31/2006) |
| 09/15/2006 | ◐4 | AFFIDAVIT of Service by Shelly Farber, ESQUIRE re: served Complaint upon Louis Bricklin, Esquire by Personal Service on 9/13/06 (jpd,) (Entered: 09/15/2006) |

| 09/15/2006 | ◕5 | AFFIDAVIT of Service by Shelly Farber, Esquire re: served Motions to Amend the Complaint upon Louis Bricklin, Esquire (jpd) (Entered: 09/15/2006) |
|---|---|---|
| 09/15/2006 | ◕6 | PLAINITFFS KENNETH REYNOLDS, JOAN CHIEN'S AMENDMENT TO THE COMPLAINT.(jpd) (Entered: 09/15/2006) |
| 10/24/2006 | ◕7 | ORDER THAT DEFENDANTS SHALL FILE A RESPONSIVE PLEADING IN RESPONSE TO THE COMPLAINT BY 11/7/06. SIGNED BY JUDGE LEGROME D. DAVIS ON 10/24/06. 10/24/06 ENTERED AND COPIES E-MAILED. (jpd) (Entered: 10/24/2006) |
| 11/07/2006 | ◕8 | ANSWER to Complaint together with with Affirmative Defenses by STATE FARM INSURANCE COMPANY. (Attachments: # 1 Exhibit A-C)(DOUGLAS, KATHERINE) (Entered: 11/07/2006) |
| 11/07/2006 | ◕9 | NOTICE OF HEARING: RULE 16 PRETRIAL CONFERENCE SET FOR MONDAY 12/4/2006 11:00 AM IN JUDGE'S CHAMBERS ROOM 6614 BEFORE HONORABLE LEGROME D. DAVIS. (cls, ) (Entered: 11/07/2006) |
| 11/07/2006 | | (Court only) ***Issue Joined. (cdd, ) (Entered: 11/08/2006) |
| 12/04/2006 | ◕10 | SCHEDULING ORDER THAT DEFENDANT SHALL FILE ITS PRELIMINARY MOTION ADDRESSING FEDERAL ABSTENTION AND TRANSFER OF VENUE NO LATER THAN 1/10/2007.SIGNED BY JUDGE LEGROME D. DAVIS ON 12/4/06. 12/5/06 ENTERED AND COPIES E-MAILED. (jpd) (Entered: 12/05/2006) |
| 01/10/2007 | ◕11 | MOTION to Transfer filed by STATE FARM INSURANCE COMPANY.Memorandum of Law, Certificate of Service. (Attachments: # 1 Exhibit A through C)(DOUGLAS, KATHERINE) (Entered: 01/10/2007) |
| 02/02/2007 | ◕12 | MOTION for Extension of Time to File Answer re 11 MOTION to Transfer filed by KENNETH REYNOLDS.Motion, Certificate of Service.(FARBER, SHELLY) (Entered: 02/02/2007) |
| 02/06/2007 | ◕13 | ORDER THAT THE PLAINTIFF'S UNOPPOSED MOTION FOR A SEVEN DAY EXTENSION OF TIME TO RESPOND IS GRANTED. PLAINTIFFS RESPONSE SHALL BE FILED NO LATER THATN SEVEN (7) DAYS FROM THE DATE OF THIS ORDER. SIGNED BY JUDGE LEGROME D. DAVIS ON 2/6/07. 2/6/07 ENTERED AND COPIES MAILED. (jpd) (Entered: 02/06/2007) |
| 02/06/2007 | ◕14 | ORDER THAT PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND (DOC. NO. 12) IS GRANTED AND PLAINTIFF SHALL RESPOND BY 2/9/2007. SIGNED BY JUDGE LEGROME D. DAVIS ON 2/6/07. 2/6/07 ENTERED AND COPIES E-MAILED. (jpd) (Entered: 02/06/2007) |

| 02/06/2007 | ○ | (Court only) ***Motions terminated: 12 MOTION for Extension of Time to File Answer re 11 MOTION to Transfer filed by KENNETH REYNOLDS. (jpd, ) (Entered: 02/06/2007) |
|---|---|---|
| 02/09/2007 | ●15 | Disclosure Statement Form pursuant to FRCP 7.1 by STATE FARM INSURANCE COMPANY.(DOUGLAS, KATHERINE) (Entered: 02/09/2007) |
| 02/12/2007 | ●16 | RESPONSE to Motion re 11 MOTION to Transfer *memo of law, cert service* filed by KENNETH REYNOLDS. (FARBER, SHELLY) (Entered: 02/12/2007) |
| 02/16/2007 | ●17 | MOTION for Leave to File *a Reply to Plaintiffs' Response to State Farm Mutual Automobile Insurance Company's Motion for Abstention or in the alternative Motion to Transfer Venue* filed by STATE FARM INSURANCE COMPANY.Certificate of Service.(DOUGLAS, KATHERINE) Modified on 2/21/2007 (afm, )(REPLY ATTACHED). (Entered: 02/16/2007) |
| 02/20/2007 | ●18 | ORDER THAT DEFENDANTS MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM (DOC. NO. 17) IS GRANTED. DEFENDANT'S REPLY SHALL BE DEEMED FILED WITH THE COURT AS OF THA DATE OF THIS ORDER. SIGNED BY JUDGE LEGROME D. DAVIS ON 2/20/07. 2/20/07 ENTERED AND COPIES E-MAILED. (jpd) (Entered: 02/20/2007) |
| 02/20/2007 | ●19 | PLAINTIFF STATE FARM INSURANCE COMPANY'S REPLY TO PLAINTIFF'S RESPONSE TO STATE FARM MUTUAL AUTOMOBIILE INSURANCE COMPANY 'S MOTION FOR ABSTENTION OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE, CERTIFICATE OF SERVICE. (jpd) (Entered: 02/20/2007) |
| 02/20/2007 | ●20 | ORDER THAT DEFENDANT'S MOTION TO TRANSFER VENUE (DOC. NO. 11) IS GRANTED. IT IS FURTHER ORDERED THAT THIS MATTER IS TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE. THE CLERK OF COURT SHALL CLOSE THIS MATTER FOR STATISTICAL PURPOSES. SIGNED BY JUDGE LEGROME D. DAVIS ON 2/20/07. 2/20/07 ENTERED AND COPIES E-MAILED. (jpd) (Entered: 02/20/2007) |
| 02/20/2007 | ○ | (Court only) ***Documents terminated:, ***Deadlines terminated. (jpd, ) (Entered: 02/20/2007) |
| 02/20/2007 | ○ | (Court only) ***Civil Case Terminated. (sf, ) (Entered: 02/21/2007) |
| 03/22/2007 | ○ | Original record together with certified copy of docket entries forwarded to The UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE. (jpd) (Entered: 03/22/2007) |



# LDD

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
        Plaintiffs       :

           No.   06 -3013

    v.             :

STATE FARM INSURANCE COMPANY :
        Defendant       :



*FILED*

*JUL 3 2006*

## MOTION TO PROCEED IN FORMA PAUPERIS

    Now Comes the Plaintiff, Kenneth Reynolds and Joan Chien, by and through counsel, Shelly Farber, pursuant to 28 U.S.C. section 1915 and files this Motion to Proceed in Forma Pauperis. Attached hereto as Exhibit A is an affidavit setting forth the financial need.

    This the 10th day of July, 2006.

                           Respectfully Submitted:

                           SHELLY FARBER ESQUIRE
                           PA Attorney ID 33726
                           Farber and Farber Law Offices
                           2619 West Chester Pike Suite 100
                           Broomall, PA 19008
                           610-356-3900
                           610-356-3952

**LDD**

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
      Plaintiffs          :

No. __06__ __-3013__

    v.                 :

                       :

STATE FARM INSURANCE COMPANY :
      Defendant          :

## IN FORMA PAUPERIS PROPOSED ORDER

AND NOW, this _____ day of _____, 2006, it is
hereby ORDERED AND DECREED that:

1. Petitioner be permitted to proceed without paying the costs of this proceeding,
including the filing of a notice of appeal, or posting a bond.

2. Petitioner be permitted to obtain service of the papers filed without cost.

3. Petitioner be permitted to proceed in forma pauperis as to any additional costs
which accrue in the course of this proceeding.

BY THE COURT:

_____
J.



IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
        Plaintiffs          :

                       :

        v.               :

                       :

STATE FARM INSURANCE COMPANY :
        Defendant        :

No. 06 -3013

## MOTION TO PROCEED IN FORMA PAUPERIS IN FILING A NOTICE OF APPEAL PURSUANT TO _____

1. I am the Defendant in the above matter and because of my financial condition am unable to pay the fees and costs of prosecuting or defending the action or proceeding.

2. I am unable to obtain funds from anyone, including my family and associates, to pay the costs of litigation.

3. I represent that the information below relating to my ability to pay the fees and costs is true and correct:

(a) Name: _Kenneth Reynolds_

Address: _123 Trotter Drive W. Wilmington, DE 19810_

_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_
Social Security Number:

(b) *Employment*
If you are presently employed, state
Employer: _NONE - DISABLED_

Address:

Salary or wages per month:

Type of work:

If you are presently unemployed, state
Date of last employment:

Salary or wages per month:

Type of work:

(c) *Other income within the past twelve months*
Business or profession:

Other self-employment:

Interest:

Dividends:

Pension and annuities:

Social security benefits:

Support payments:

Disability payments:    $SSD — 740.08

Unemployment compensation and
supplemental benefits:
_____

 Workman's compensation:
_____

Public assistance:
_____

Other:
_____

 (d) *Other contributions to household support*
(Wife) (Husband) Name:
_____

 If your (wife) (husband) is employed, state
Employer:
_____

Salary or wages per month:  UNKNOWN
_____

Type of work:
_____

Contributions from children:
_____

Contributions from parents:
_____

Other contributions:
_____

 (e) *Property owned* Cash:
_____

Checking account:

Savings account:

Certificates of deposit:

Real estate (including home): *Mortgaged, NO EQUITY*

Motor vehicle: Make *None Owned*

, Year

Cost

, Amount Owed $

Stocks; bonds:

Other:

(f) *Debts and Obligations*
Mortgage:

Rent:

Loans:

Other:

(g) *Persons dependent upon you for support*
(Wife) (Husband) Name:

Children, if any:
Name:

Age:

Other Persons:Name:

Relationships:


I verify that the statements made in this affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Respectfully Submitted:

Petitioner

7/10/06
Date

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
    Plaintiffs    :

                                               No. 06 -3013

    v.           :

STATE FARM INSURANCE COMPANY :
    Defendant    :

*FILED*

CERTIFICATE OF SERVICE

*JUL 3 2006*
By Mi.

I, Shelly Farber, Esquire, Attorney for Plaintiffs Kenneth Reynolds and Joan Chien
hereby aver that on July 10, 2006 I caused a true and correct copy of the enclosed Motion
To Proceed In Forma Pauperis by first class mail upon:

    State Farm Insurance Company, 2640 E 10th St
    Bloomington, IN 47408

Respectfully Submitted,

Shelly Farber, Esquire
2619 West Chester Pike
Broomall, Pa 19008
(610) 356-3900

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KENNETH REYNOLDS, et. al.              :          CIVIL ACTION
                                        :
                                        :
                                        :
              v.                        :
                                        :
STATE FARM INSURANCE COMPANY            :          NO.  2:06-CV-03013-LDD


ORDER


And now, this 12ʰ day of July 2006, it is hereby ORDERED that Plaintiff's Request to

Proceed *in forma pauperis* (Doc. No. 1) is DENIED.


BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH REYNOLDS and          :
JOAN CHIEN, h/w               :
                              :          **CIVIL ACTION**
    vs.                      :
                              :          **NO.   06-cv-03013**
STATE FARM INSURANCE COMPANY  :
                              :

### ENTRY OF APPEARANCE

*FILED JUL 31 2006*

TO THE CLERK OF THE COURT:

    Kindly enter our appearance as counsel for defendant, State Farm Mutual Automobile Insurance Company, incorrectly designed as State Farm Insurance Company in the above-captioned matter.

          **BENNETT, BRICKLIN & SALTZBURG LLP**

    **BY:** _____
          **LOUIS E. BRICKLIN, ESQUIRE**
          **I.D. NO.  20281**

    **BY:** _____
          **KATHERINE COLE DOUGLAS, ESQUIRE**
          **I.D. NO.  58913**

    **BY:** _____
          **MOIRA CLARE DUGGAN, ESQUIRE**
          **I.D. NO. 36534**
          **1601 Market Street, 16th Floor**
          **Philadelphia, PA 19103**
          **(215) 561-4300**
          **Attorneys for Defendant**



IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA



KENNETH REYNOLDS and JOAN CHIEN:
    Plaintiffs           :

                          :          No. 06-CV-03013

v.                      :

                          :

STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY          :
    Defendant           :

# FILED

SEP 1 5 2006

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## CERTIFICATE OF SERVICE

I, Shelly Farber, Esquire, attorney for Plaintiffs aver that on September 13, 2006 I
caused a correct copy of Plaintiff's Complaint upon Louis E. Bricklin, Esquire via
facsimile and that Mr. Bricking agreed to accept service for his client, State Farm
Insurance Company.

Respectfully Submitted:

SHELLY FARBER ESQUIRE
PA Attorney ID 33726
Farber and Farber Law Offices
2619 West Chester Pike Suite 100
Broomall, PA 19008
610-356-3900
610-356-3952

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA



KENNETH REYNOLDS and JOAN CHIEN:
          Plaintiffs                         :
                                             :            No. 06-CV-03013
          v.                                 :
                                             :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY                            :
          Defendant                          :

## CERTIFICATE OF SERVICE

I, Shelly Farber, Esquire, attorney for Plaintiffs aver that on September 13 and 14,
2006 I caused a correct copy of Plaintiff's two separate Motions To Amend the
Complaint upon Louis E. Bricklin, Esquire.

**FILED**

SEP 1 5 2006

Respectfully Submitted:

MICHAELE KUNZ, Clerk
By_____ Dep. Clerk

SHELLY FARBER ESQUIRE
PA Attorney ID 33726
Farber and Farber Law Offices
2619 West Chester Pike Suite 100
Broomall, PA 19008
610-356-3900
610-356-3952

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
          Plaintiffs          :

                              :

     v.                         :

                              :

STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY
          Defendant        :

No. $06$-CV-$03013$

**FILED**

SEP 1 5 2006

MICHAELE. KUNZ, Clerk

By_____ Dep. Clerk

## AMENDMENT TO COMPLAINT

COME NOW the plaintiffs, by and through counsel, and hereby move to amend the
Caption of Plaintiff's Complaint prior to any responsive pleading proceeding pursuant to
FRCP 15 as follows:

1.     The Defendant in this case is properly named State Farm Mutual Automobile
        Insurance Company rather than State Farm Insurance Company.

WHEREFORE, Plaintiff prays that the Clerk of Courts identifies the Defendant as State
Farm Mutual Automobile Insurance Company within the official Caption of this action.

                                         Respectfully Submitted:

                                                                             _____

                                         SHELLY FARBER ESQUIRE
                                         PA Attorney ID 33726
                                         Farber and Farber Law Offices
                                         2619 West Chester Pike Suite 100
                                         Broomall, PA 19008
                                         610-356-3900
                                         610-356-3952

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KENNETH REYNOLDS, ET AL.     :     CIVIL ACTION
                     :
        v.             :
                     :
STATE FARM INSURANCE COMPANY     :     NO. 2:06-cv-03013-LDD


<u>O R D E R</u>


      AND NOW, this 24th day of October 2006, upon review of the Court's records

indicating that no responsive pleading has been filed by defendants in the above-captioned

matter, **IT IS HEREBY ORDERED** that defendants shall file a pleading in response to the

Complaint by November 7, 2006.


                            BY THE COURT:

                            /S/LEGROME D. DAVIS

                            Legrome D. Davis, J

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH REYNOLDS and** | : | |
| **JOAN CHIEN, h/w** | : | |
| | : | **CIVIL ACTION** |
| vs. | : | |
| | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | **NO.   06-CV-03013** |

**ANSWER OF DEFENDANT, STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

**COUNT I – BREACH OF CONTRACT**

1.      It is admitted that Kenneth Reynolds and Joan Chien proceeded to a non-jury

trial before the Honorable Sandra Mazer Moss of the Philadelphia County Court of Common

Pleas on April 28, 2005.  See attached Exhibit "A."  At the conclusion of that non-jury trial,

Judge Moss found for the plaintiffs against Viking Transport, Inc., Frank Buono and Jorge

Gonzales [hereinafter "Viking," "Buono" and "Gonzales"] in the amount of $275,000.00 for

injuries arising from a July 3, 2002 accident.  Upon information and belief, Viking  Buono and

Gonzales were uninsured and did not appear at trial.  Therefore, no-one challenged the plaintiffs'

evidence which resulted in the $275,000.00 verdict.  Upon information and belief, this verdict

has not been reduced to a judgment per the docket entries for <u>Reynolds and Chien v. Viking</u>

<u>Transport, et al.</u>, March Term 2003, No. 2544.

2.      It is admitted that State Farm Mutual Automobile Insurance Company issued

policy number 0041-734-08, a Delaware automobile insurance policy, to Kenneth Reynolds who

upon information and belief resided in Delaware at the time of the policy's purchase.  That policy

complied with Delaware law and contained certain provisions relevant to Kenneth Reynolds and

Joan Chien's settlement with Northstar and verdict against Viking, Buono and Gonzales.

3.       Admitted in part and denied in part.  It is admitted that the plaintiffs have requested that State Farm pay their uninsured/underinsured motorist claim after the April 28, 2005 verdict in their favor.  It is denied that State Farm has any obligation to pay anything toward an uninsured/underinsured motorist claim arising from the July 3, 2002 accident for the reasons set forth in the affirmative defenses below.

WHEREFORE, State Farm Mutual Automobile Insurance Company demands judgment in its favor and against the plaintiffs.

### COUNT II – COLLECTING EXTRA PREMIUM FOR EACH VEHICLE BUT FAILING TO PROVIDE ANY EXTRA COVERAGE

4.       Denied.  State Farm Mutual Automobile Insurance Company offers policy coverage consistent with Delaware law.  18 Del. C. Section 3902( c) provides:

> The affording of insurance under this section to more than 1 person or to more than 1 vehicle shall not operate to increase the limits of the insurer's liability.  When 2 or more vehicles owned or leased by persons residing in the same household are insured by the same insurer or affiliated insurers, the limits of liability shall apply separately to each vehicle as stated in the declaration sheet, but shall not exceed the highest limit of liability applicable to any 1 vehicle.

(emphasis added).  Furthermore, 18 Del. C. Section 3902(b) reads:

> Every insurer shall offer to the insured the option to purchase additional coverage for personal injury or death up to a limit of $100,000 per person and $300,000 per accident or $300,000 single limit, but not to exceed the limits for bodily injury liability coverage set forth in the basic policy.  Such additional coverage shall include underinsured bodily injury liability coverage.
>
> (1)   Acceptance of such additional coverage shall operate to amend the policy's uninsured coverage to pay for bodily injury damage that the insured or his/her legal representative are legally entitled to recover from the driver of an underinsured motor vehicle.
>
> . . . . .

(3) <u>The insurer shall not be obligated to make any payment under this coverage until after the limits of liability under all bodily injury bonds and insurance policies available to the insured at the time of the accident have been exhausted by payment of settlement or judgments.</u>

. . . .

(emphasis added). The Delaware Supreme Court has interpreted Section 3902( c), the anti-stacking provision, as providing a benefit to insureds rather than a detriment. The law allows insureds to choose from their different insurance policies and receive benefits pursuant to the policy providing the highest limits of liability. Although uninsured/underinsured motorist coverages cannot be "stacked" as is permitted under Pennsylvania law, Section 3902( c) does not preclude insureds from electing coverage from their highest limit of liability, regardless of the manner in which they were injured. *See* <u>Jones v. Horace Mann Ins. Co.</u>, 723 A.2d 390 (Del. 1998).

The Delaware Superior Court was not persuaded by a plaintiff's argument that "anti-stacking" deprived an insured of the coverage for which he had paid multiple premiums on multiple policies. The Court stated:

> Plaintiffs argue that . . . . .Plaintiff Lewis paid two premiums, and therefore, is entitled to twice the amount of bodily injury liability coverage. Plaintiffs' argument, however, ignores the fact that plaintiff Lewis derived multiple benefits for each automobile by paying a premium for insurance coverage on each of the automobiles, i.e., personal injury liability coverage, collision coverage, underinsured coverage, medical coverage, property coverage, etc. The fact that Delaware statutory and case law prohibit stacking, or "doubling up" on UIM coverages, does not invalidate the need for these types of insurance coverages to Delaware residents. Nor can Plaintiffs seriously claim that they received nothing of value for their premiums, when both automobiles were covered under the policy and Defendant would have been obliged to pay benefits if either, or both cars, were involved in an accident with uninsured or underinsured tortfeasors.

<u>Lewis v. American Ind. Ins. Co.</u>, 2004 WL 1426964 (Del. Super. 2004)

WHEREFORE, State Farm Mutual Automobile Insurance Company demands judgment

in its favor and against the plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

Upon information and belief, prior to the April 28, 2005 non-jury trial, Kenneth Reynolds and Joan Chien settled their claims against additional defendant, Northstar Services, Ltd. [hereinafter "Northstar"] for $62,500.00 based upon a joint tortfeasor release.  As Northstar Services Ltd. was joined prior to the expiration of the two year statute of limitations by Viking, Buono and Gonzales, under Pennsylvania law plaintiffs had a direct cause of action against Northstar.  Northstar maintained a one million dollar commercial liability policy.  Upon information and belief, Gonzales drove trucks for Viking and Buono.  Northstar hired Viking and Buono to deliver its products.  On July 3, 2002, Gonzales had delivered products for Viking, Buono and Northstar and was returning to Viking when the accident involving Kenneth Reynolds occurred.

## SECOND AFFIRMATIVE DEFENSE

. The Reynolds insurance policy provided:

### Section III – UNINSURED MOTORIST VEHICLE – COVERAGE U

THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

See attached Exhibit "B."  This policy language mirrors Delaware law.  18 Del. C. Section 3902(b)(3).  As plaintiffs reached a settlement with Northstar which did not exhaust Northstar's one million dollar combined single limit policy, pursuant to this policy provision and Delaware law, they vitiated any potential uninsured/underinsured motorist claim.

## THIRD AFFIRMATIVE DEFENSE

Moreover, Mr. Reynolds' insurance policy stated:

THERE IS NO COVERAGE:

1.      FOR ANY **INSURED** WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY **PERSON** OR ORGANIZATION WHO M AY BE LIABLE FOR THE **BODILY INJURY** OR **PROPERTY DAMAGE**.  This does not apply to an insured who settles with the owner or operator of a vehicle described in item 3 of the definition of **uninsured motor vehicle**[1].

Id. As State Farm never consented in writing to the settlement with Northstar, nor was it ever even asked to consent to the settlement, plaintiffs violated this policy provision and vitiated any potential uninsured/underinsured motorist claim.

## FOURTH AFFIRMATIVE DEFENSE

Delaware law provides that an uninsured/underinsured motorist claim does not exist where the tortfeasor's liability limit is in excess of the insured's uninsured/underinsured motorist coverage.  Therefore, as Northstar maintained one million dollars in liability coverage and Mr. Reynolds maintained $100,000.00/$300,000.00 in uninsured/underinsured motorist coverage, no

---

[1]Definition 3 of **uninsured motor vehicle** contained within Mr. Reynolds' policy read as follows:

      with respect to damage for bodily injury, a land motor vehicle:

    a.    the ownership, maintenance or use of which may be insured or bonded for **bodily injury** liability at the time of the accident; but

    b.    the limits of liability for bodily injury are less than the limits you carry for uninsured motor vehicle coverage under this policy . . . .

As Mr. Reynolds carried $100,000.00 in uninsured/underinsured motorist coverage and Northstar maintained a one million dollar combined single limit policy, this policy required Mr. Reynolds to obtain State Farm's consent in writing prior to a settlement with Northstar.  Mr. Reynolds did not do so and thereby violated this policy provision.

viable uninsured/underinsured motorist claim existed.

### FIFTH AFFIRMATIVE DEFENSE

Once State Farm was advised of the plaintiffs' intention to proceed with a non-jury trial against Viking, Buono and Gonzales, State Farm's counsel wrote to plaintiffs' counsel to advise of the policy provisions and nuances of Delaware law outlined in the second, third and fourth affirmative defenses.  See attached Exhibit "C."  In this letter, State Farm specifically advised that it did not consent to be bound by Judge Moss' trial decision.

### SIXTH AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted against State Farm Mutual Automobile Insurance policy pursuant to the insurance policy language and operation of Delaware law.

### SEVENTH AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted for Kenneth Reynolds and Joan Chien.

### EIGHTH AFFIRMATIVE DEFENSE

Some of all of the claims asserted in the complaint are barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

State Farm Mutual Automobile Insurance Company denies that it breached any duty to Kenneth Reynolds or Joan Chien.

### TENTH AFFIRMATIVE DEFENSE

State Farm Mutual Automobile Insurance Company denies that it breached any contract with Kenneth Reynolds or Joan Chien.

## ELEVENTH AFFIRMATIVE DEFENSE

Kenneth Reynolds and Joan Chien's claims against State Farm Mutual Automobile Insurance Company are barred, limited and/or reduced based on Kenneth Reynolds and Joan Chien's failure to comply with, fulfill and/or satisfy the terms, provisions and conditions of the insurance policy issued to Kenneth Reynolds and Joan Chien by State Farm Mutual Automobile Insurance Company.

## TWELFTH AFFIRMATIVE DEFENSE

As both Counts I and II of the complaint raises questions as to the proper interpretation of Delaware law with respect to a Delaware insurance policy, this court should abstain from adjudicating this matter in favor of the Delaware state courts.

**BENNETT, BRICKLIN & SALTZBURG** LLP

BY: _____

LOUIS E. BRICKLIN, ESQUIRE
I.D. NO. 20281
KATHERINE COLE DOUGLAS, ESQUIRE
I.D. NO. 58913
**Attorneys for Defendant, State Farm
Mutual Automobile Insurance Company**

EXHIBIT "A"

# Civil Docket Report

## Case Description

| | |
|---|---|
| **Case ID:** | 030202544 |
| **Case Caption:** | REYNOLDS ETAL VS VIKING TRANSPORT INC ETAL |
| **Filing Date:** | Thursday , February 20th, 2003 |
| **Court:** | JS - MAJOR JURY-STANDARD |
| **Location:** | CH - City Hall |
| **Jury:** | J - JURY |
| **Case Type:** | 2V - MOTOR VEHICLE ACCIDENT |
| **Status:** | WSFFP - FINDING FOR PLAINTIFF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | 23-DEC-2004 | ATTORNEY FOR PLAINTIFF | A37666 | SCHUSTER, KENNETH R |
| **Address:** | 334 WEST FRONT STREET MEDIA PA 19063 (610)892-9200 | | **Aliases:** *none* | | |
| 2 | 19 | | PLAINTIFF | @4658978 | REYNOLDS, KENNETH |
| **Address:** | 23 BLACKBIRD COURT NEWARK DE 00000 | | **Aliases:** *none* | | |
| 3 | 19 | | PLAINTIFF | @4659039 | CHIEN, JOAN |
| **Address:** | 23 BLACKBIRD COURT NEWARK DE 00000 | | **Aliases:** *none* | | |

| 4 | 9 | | DEFENDANT | @4659043 | VIKING TRANSPORT INC |
|---|---|---|---|---|---|
| **Address:** | 230 S BROAD ST 18TH FL PHILADELPHIA PA 19100 | | **Aliases:** | VIKING TRANSPORT | |

| 5 | 9 | | DEFENDANT | @4659048 | BUONO, FRANK |
|---|---|---|---|---|---|
| **Address:** | 2416 S 11TH ST PHILADELPHIA PA 19100 | | **Aliases:** | VIKING TRANSPORT | |

| 6 | | | DEFENDANT | @4659060 | VIKING TRANSPORT |
|---|---|---|---|---|---|
| **Address:** | 2416 S 11TH ST PHILADELPHIA PA 19100 | | **Aliases:** | *none* | |

| 7 | | | DEFENDANT | @4659062 | GONZALEZ, JORGE |
|---|---|---|---|---|---|
| **Address:** | 5121 D ST PHILADELPHIA PA 19100 | | **Aliases:** | *none* | |

| 8 | 11 | 01-DEC-2004 | DEFENDANT | @4659063 | SHADOVITZ, DAVID |
|---|---|---|---|---|---|
| **Address:** | 250 HAMONTON DR LANGHORNE PA 00000 | | **Aliases:** | *none* | |

| 9 | | 14-MAY-2004 | ATTORNEY FOR DEFENDANT | A55673 | LAPAT, ANDREW |
|---|---|---|---|---|---|
| **Address:** | STEIN&SILVERMAN PC 230 S BROAD ST 18TH FL PHILADELPHIA PA | | **Aliases:** | *none* | |



| **Address:** | 334 WEST FRONT STREET MEDIA PA 19063 (610)892-9200 | **Aliases:** | *none* | | |
|---|---|---|---|---|---|
| 20 | | 23-DEC-2004 | ATTORNEY FOR PLAINTIFF | A46696 | PINNIE, ANTHONY S |
| **Address:** | PINNIE LAW ASSOCIATES 334 W. FRONT ST MEDIA PA 19063 (610)892-9200 | **Aliases:** | *none* | | |
| 21 | 19 | | ATTORNEY FOR PLAINTIFF | A33726 | FARBER, SHELLY |
| **Address:** | NONE GIVEN PHILADELPHIA PA 19100 | **Aliases:** | *none* | | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 20-FEB-2003 09:18 AM | ACTIV - ACTIVE CASE | | |
| **Docket Entry:** | *none.* | | |
| 20-FEB-2003 02:50 PM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | SCHUSTER, KENNETH R | |
| **Docket Entry:** | *none.* | | |
| 20-FEB-2003 02:50 PM | SSCG5 - SHERIFF'S SURCHARGE 5 DEFTS | SCHUSTER, KENNETH R | |
| **Docket Entry:** | *none.* | | |

| 20-FEB-2003 02:50 PM | CLWCM - WAITING TO LIST CASE MGMT CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 20-FEB-2003 02:50 PM | JURYT - JURY TRIAL PERFECTED | SCHUSTER, KENNETH R | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 20-FEB-2003 02:50 PM | CMPLT - COMPLAINT FILED NOTICE GIVEN | SCHUSTER, KENNETH R | |
|---|---|---|---|
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |

| 03-MAR-2003 01:01 PM | ATSNF - ATTEMPTED SERVICE - NOT FOUND | SCHUSTER, KENNETH R | |
|---|---|---|---|
| **Docket Entry:** | NOT FOUND AS TO DFT, VIKING TRANSPORT, INC. D/B/A, T/A VIKING TRANSPORT ON 26-FEB-2003. FILED. | | |

| 11-MAR-2003 04:17 PM | ATSNF - ATTEMPTED SERVICE - NOT FOUND | | |
|---|---|---|---|
| **Docket Entry:** | NOT FOUND AS TO DEFT VIKING TRANSPORT, INC., D/B/A VIKING TRANSPORT ON 26-FEB-03. | | |

| 12-MAR-2003 04:13 PM | RSCVA - REINSTATE/REISSUE CIVIL ACTION | | |
|---|---|---|---|
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. | | |

| 13-MAR-2003 12:01 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | SCHUSTER, KENNETH R | |
|---|---|---|---|
| **Docket Entry:** | OF COMPLAINT BY PERSONAL SERVICE UPON FRANK BUONO, IND & T/A VIKING TRANSPORT ON 06-MAR-03 AT 06:21 P.M. FILED. | | |

| 13-MAR-2003 | AFDVT - AFFIDAVIT OF | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 01:25 PM | SERVICE FILED | | |
| **Docket Entry:** | OF COMPLAINT BY PERSONAL SERVICE UPON JORGE GONZALEZ ON 03/01/03. | | |
| | | | |
| 20-MAR-2003 04:03 PM | SHSRV - SHERIFF'S SERVICE | | |
| **Docket Entry:** | DEPUTIZED SERVICE OF COMPLAINT UPON DAVID SHADOVITZ BY SHERIFF OF BUCKS COUNTY ON 12-MAR-03. | | |
| | | | |
| 07-APR-2003 10:37 AM | ENAPP - ENTRY OF APPEARANCE FILED | LAPAT, ANDREW | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF ANDREW LAPAT ESQ. FILED ON BEHALF OF DFTS VIKING TRANSPORT INC. AND FRANK BUONO FILED. FEE PAID 102.00 | | |
| | | | |
| 08-APR-2003 11:10 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | |
| **Docket Entry:** | OF COMPLAINT BY PERSONAL SERVICE UPON VIKING TRANSPORT, INC. ON 04/01/03. | | |
| | | | |
| 15-APR-2003 10:29 AM | DPROB - MOTION TO DETERMINE P.O. FILED | | |
| **Docket Entry:** | 84-03040884 RESPONSE DATE 05-15-03 FILED BY DEFTS VIKING TRANSPORT, INC AND FRANK BUONO. | | |
| | | | |
| 15-APR-2003 02:57 PM | PROBJ - PRELIMINARY OBJECTIONS FILED | LAPAT, ANDREW | |
| **Docket Entry:** | PRELIMINARY OBJECTIONS OF DEFENDANTS VIKING TRANSPORT, INC. AND FRANK BUONO. FILED. | | |
| | | | |
| 21-APR-2003 01:48 PM | CMAMD - AMENDED COMPLAINT FILED | SCHUSTER, KENNETH R | |
| **Docket Entry:** | AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| | | | |

| 22-APR-2003 02:57 PM | CLLCM - LISTED FOR CASE MGMT CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |
| | | | |
| 23-APR-2003 04:04 PM | CLNGV - NOTICE GIVEN | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 23-APR-2003 04:04 PM | CLNGV - NOTICE GIVEN | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 28-APR-2003 10:24 AM | DPROB - MOTION TO DETERMINE P.O. FILED | | |
| **Docket Entry:** | 21-03041921 RESPONSE DATE 05-28-03 FILED BY DEFTS VIKING TRANSPORTATION, INC AND FRANK BUONO. | | |
| | | | |
| 28-APR-2003 04:15 PM | PROBJ - PRELIMINARY OBJECTIONS FILED | LAPAT, ANDREW | |
| **Docket Entry:** | PRELIMINARY OBJECTIONS TO PLAINTIFF(S) COMPLAINT FILED BY DEFENDANT VIKING TRANSPORT INC. AND FRANK BUONO. | | |
| | | | |
| 15-MAY-2003 02:43 PM | ENAPP - ENTRY OF APPEARANCE FILED | ROSENAU, LEE H | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF LEE H. ROSENAU FILED ON BEHALF OF DFT DAVID SHADOVITZ. | | |
| | | | |
| 16-MAY-2003 09:49 AM | CLCCC - CASE MGMT CONFERENCE COMPLETED | SALTER, PAUL | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 16-MAY-2003 | CMOIS - CASE MANAGEMENT | | |

| 09:49 AM | ORDER ISSUED |
| --- | --- |
| **Docket Entry:** | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY FIRST JUDICIAL DISTRICT OF PENNSYLVANIA CIVIL TRIAL DIVISION REYNOLDS ETAL VS VIKING TRANSPORT INC ET 030202544 CASE MANAGEMENT ORDER STANDARD TRACK AND NOW, 16-MAY-2003, it is Ordered that: 1. The case management and time standards adopted for standard track cases shall be applicable to this case and are hereby incorporated into this Order. 2. All discovery on the above matter shall be completed not later than 05-APR-2004. 3. Plaintiff shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 05-APR-2004. 4. Defendant and any additional defendants shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than 03-MAY-2004. 5. All pre-trial motions shall be filed not later than 03-MAY-2004. 6. A settlement conference may be scheduled at any time after 03-MAY-2004. Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant; (b) A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount; (c) Defendant shall identify all applicable insurance carriers, together with applicable limits of liability. 7. A pre-trial conference will be scheduled any time after 06-JUL-2004. Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant; (b) A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial; (c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial; (d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and (e) Defendant shall state in position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability; (f) Each counsel shall provide an estimate of the anticipated length of trial. 8. It is expected that the case will be ready for trial 07-SEP-2004, and counsel should anticipate trial to begin expeditiously thereafter. 9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order. BY THE COURT: _____ MARK BERNSTEIN, J. TEAM LEADER |

| 16-MAY-2003 09:49 AM | CLLSC - LISTED FOR SETTLEMENT CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 16-MAY-2003 09:49 AM | CLLPT - LISTED FOR PRE-TRIAL CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 16-MAY-2003 09:49 AM | CLLTR - LISTED FOR TRIAL | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 20-MAY-2003 03:35 PM | MTDAM - MOTION/PETITION MARKED MOOT | | |
|---|---|---|---|
| **Docket Entry:** | 84-03040884 MOTION TO DETERMINE PRELIMINARY OBJECTIONS WITHDRAWN AS MOOT, AMENDED COMPLAINT FILED. | | |

| 22-MAY-2003 04:10 PM | WRPRA - PRAECIPE TO ISSUE WRIT FILED | LAPAT, ANDREW | |
|---|---|---|---|
| **Docket Entry:** | DEFENDANT VIKING TRANSPORT INC PRAECIPE TO ISSUE WRIT TO JOIN ADDITIONAL DEFENDANT NORTHSTAR SERVICES LTD. WRIT ISSUED. | | |

| 28-MAY-2003 09:20 AM | MTANS - ANSWER (MOTION/PETITION) FILED | | |
|---|---|---|---|
| **Docket Entry:** | 21-03041921 ANS FILED TO PO'S (FILED BY KENNETH REYNOLDS AND JOAN CHIEN) | | |

| 02-JUN-2003 11:48 AM | MTASN - MOTION ASSIGNED | | |
|---|---|---|---|
| **Docket Entry:** | 21-03041921 MOTION TO DETERMINE PRELIMINARY OBJECTIONS ASSIGNED TO JUDGE BERNSTEIN ON 6/3/03. | | |

| 03-JUN-2003<br>11:05 AM | MEMOR - MEMORANDUM<br>FILED | VIKING<br>TRANSPORT INC, | |
| --- | --- | --- | --- |
| Docket<br>Entry: | 21-03041921 MEMORANDUM FILED IN SUPPORT OF PO'S | | |
| | | | |
| 04-JUN-2003<br>02:44 PM | ORDER - ORDER ENTERED/236<br>NOTICE GIVEN | BERNSTEIN,<br>MARK | |
| Docket<br>Entry: | 21-O3041921 AND NOW, THIS 3RD DAY OF JUNE, 2003, UPON CONSIDERATION OF PRELIMINARY OBJECTIONS OF DEFENDANTS' VIKING TRANSPORT, INC., AND FRANK BUONO, AND PLAINTIFF'S REPSONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT THE PRELIMINARY OBJECTIONS ARE DENIED. DEFENDANTS SHALL FILE AN ANSWER WITHIN TWENTY (20) DAYS OF THE DATE OF THIS ORDER. ... BY THE COURT: BERNSTEIN, J. 03-JUN-2003 | | |
| | | | |
| 06-JUN-2003<br>02:37 PM | ANCOM - ANSWER TO<br>COMPLAINT FILED | MENSZAK, JR.,<br>CHARLES | |
| Docket<br>Entry: | ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND COUNTERCLAIM FILED BY DEFENDANT DAVID SHADOVITZ. | | |
| | | | |
| 20-JUN-2003<br>03:57 PM | RPNMP - PLTF REPLY TO NEW<br>MATTER FILED | SCHUSTER,<br>KENNETH R | |
| Docket<br>Entry: | PLAINTIFF(S) REPLY TO NEW MATTER OF DEFENDANTS, FILED. | | |
| | | | |
| 25-JUN-2003<br>03:59 PM | AFDVT - AFFIDAVIT OF<br>SERVICE FILED | | |
| Docket<br>Entry: | OF SUMMONS BY PERSONAL SERVICE UPON NORTHSTAR SERVICES LTD ON 17-JUN-03. | | |
| | | | |
| 02-JUL-2003<br>02:33 PM | ANCOM - ANSWER TO<br>COMPLAINT FILED | LAPAT, ANDREW | |
| Docket<br>Entry: | ANSWER TO JOINDER COMPLAINT WITH NEW MATTER AND NEW MATTER 2252(D)AGANIST DEFT VIKING TRANSPORT INC., AND FRANK BUONO FILED BY ADDITIONAL DEFENDANT NORTHSTAR SERVICES, LTD. | | |
| | | | |
| 02-JUL-2003 | ANCOM - ANSWER TO | LAPAT, ANDREW | |

| | | | |
|---|---|---|---|
| 02:34 PM | COMPLAINT FILED | | |
| **Docket Entry:** | ANSWER TO JOINDER COMPLAINT OF DEFT SHADOVITZ WITH NEW MATTER AND NEW MATTER CROSSCLAIM CO-DEFT GONZALEZ FILED BY DEFENDANTS VIKING TRANSPORT, INC., AND FRANK BUONO. | | |
| | | | |
| 09-JUL-2003 04:22 PM | RPNMP - PLTF REPLY TO NEW MATTER FILED | SCHUSTER, KENNETH R | |
| **Docket Entry:** | PLAINTIFF(S) REPLY TO NEW MATTER OF DEFENDANTS, VIKING TRANSPORT INC. AND FRANK BUONO FILED. | | |
| | | | |
| 10-JUL-2003 12:21 PM | ENAJD - ENTRY OF APPEAR/JURY DEMAND | SMYLER, DENISE | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF DENISE JOY SMYLER FILED ON BEHALF OF DFTS KENNETH REYNOLDS & JOAN CHEIN. | | |
| | | | |
| 10-JUL-2003 12:21 PM | JURYT - JURY TRIAL PERFECTED | SMYLER, DENISE | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 16-JUL-2003 03:47 PM | REPLY - REPLY FILED | ROSENAU, LEE H | |
| **Docket Entry:** | DEFT DAVID SHADOVITZ'S REPLY TO CO-DEFTS VIKING TRANSPORT INC. AND FRANK BUONO'S NEW MATTER AND COUNTERCLAIM FILED. | | |
| | | | |
| 24-JUL-2003 10:21 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | |
| **Docket Entry:** | OF COMPLAINT BY PERSONAL SERVICE UPON DFT NORTHSTAR SERVICES INC. ON 7-18-03 | | |
| | | | |
| 25-JUL-2003 04:25 PM | ENAJD - ENTRY OF APPEAR/JURY DEMAND | YOST, RICHARD W | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF RICHARD W. YOST AND JOHN M. CAMPBELL FILED ON BEHALF OF ADDITIONAL DFT NORTHSTAR SERVICES LTD. | | |

| 25-JUL-2003 04:25 PM | JURYT - JURY TRIAL PERFECTED | NORTHSTAR SERVICES LTD, | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 11-AUG-2003 01:42 PM | ANCOM - ANSWER TO COMPLAINT FILED | LAPAT, ANDREW | |
|---|---|---|---|
| **Docket Entry:** | ANSWER OF DEFTS VIKING TRANSPORT INC. AND FRANK BUONO TO FIRST AMENDED COMPLAINT WITH NEW MATTER FILED. | | |

| 11-AUG-2003 01:42 PM | CMPLT - COMPLAINT FILED NOTICE GIVEN | LAPAT, ANDREW | |
|---|---|---|---|
| **Docket Entry:** | JOINDER COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED BY DEFENDANT VIKING TRANSPORT INC AND FRANK BUONO JOINING NORTHSTAR SERVICES LTD AS AN ADDITIONAL DEFT. | | |

| 05-SEP-2003 03:50 PM | ANCOM - ANSWER TO COMPLAINT FILED | YOST, RICHARD W | |
|---|---|---|---|
| **Docket Entry:** | ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND NEW MATTER 2252(D) FILED BY ADDITIONAL DEFENDANT, NORTHSTAR SERVICES, LTD., AND AGAINST DEFENDANTS, VIKING TRANSPORTATION, INC., FRANK BUONO, JORGE GONZALE AND DAVID SHADOVITZ. FILED. | | |

| 10-SEP-2003 01:56 PM | REPLY - REPLY FILED | SCHUSTER, KENNETH R | |
|---|---|---|---|
| **Docket Entry:** | PLFT'S REPLY TO ADDITIONAL DEFT'S NORTHSTAR SERVICES LTD., NEW MATTER FILED. | | |

| 12-SEP-2003 10:17 AM | ANCOM - ANSWER TO COMPLAINT FILED | MENSZAK, JR., CHARLES | |
|---|---|---|---|
| **Docket Entry:** | ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND NEW MATTER CROSSCLAIM AGANIST ADDITIONAL DEFT NORTHSTAR SERVICES, LTD. FILED BY DEFENDANT DAVID SHADOVITZ. | | |

| 24-SEP-2003 04:46 PM | ANCOM - ANSWER TO COMPLAINT FILED | LAPAT, ANDREW | |
|---|---|---|---|
| Docket Entry: | ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND NEW MATTER CROSSCLAIM AGANIST CO-DEFT NORTHSTAR SERVICES, LTD. FILED BY DEFENDANTS VIKING TRANSPORT INC., AND FRANK BUONO. | | |
| | | | |
| 04-NOV-2003 03:51 PM | CERTI - CERTIFICATION FILED | | |
| Docket Entry: | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |
| | | | |
| 03-DEC-2003 02:22 PM | CERTI - CERTIFICATION FILED | | |
| Docket Entry: | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |
| | | | |
| 10-DEC-2003 11:38 AM | CERTI - CERTIFICATION FILED | | |
| Docket Entry: | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |
| | | | |
| 09-JAN-2004 12:01 AM | CLNGV - NOTICE GIVEN | | |
| Docket Entry: | none. | | |
| | | | |
| 09-JAN-2004 12:01 AM | CLNGV - NOTICE GIVEN | | |
| Docket Entry: | none. | | |
| | | | |
| 18-FEB-2004 03:50 PM | CERTI - CERTIFICATION FILED | | |
| Docket Entry: | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |
| | | | |

| 11-MAR-2004 01:00 AM | CLSLS - SELECTED FOR STATUS NOTICE | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |
| | | | |
| 24-MAR-2004 02:24 PM | CERTI - CERTIFICATION FILED | | |
| **Docket Entry:** | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |
| | | | |
| 25-MAR-2004 09:23 AM | PTEXR - PET FOR EXTRAORDINARY RELIEF | NORTHSTAR SERVICES LTD, | |
| **Docket Entry:** | 64-04032464 UNOPPOSSED PETITION FOR EXTRAORDINARY RELIEF FILED. | | |
| | | | |
| 26-MAR-2004 09:27 AM | MTASN - MOTION ASSIGNED | | |
| **Docket Entry:** | 64-04032464 UNOPPOSSED PETITION FOR EXTRAORDINARY RELIEF ASSIGNED TO JUDGE MOSS ON 3-29-04. | | |
| | | | |
| 29-MAR-2004 09:38 AM | MTWDA - MOTION TO WITHDRAW APPEARANCE | | |
| **Docket Entry:** | 94-04032694 MOTION TO WITHDRAW. FILED BY DEFENDANTS, VIKING TRANSPORT/FRANK BUONO. | | |
| | | | |
| 30-MAR-2004 01:34 PM | MTANS - ANSWER (MOTION/PETITION) FILED | NORTHSTAR SERVICES LTD, | |
| **Docket Entry:** | 64-03032464 SUPPLEMENTAL FILED TO X-RELIEF | | |
| | | | |
| 31-MAR-2004 08:34 AM | CLLSC - LISTED FOR SETTLEMENT CONF | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 31-MAR-2004 | CLCDS - CONFERENCE DATE | | |

| 08:34 AM | SET | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |
| | | | |
| 01-APR-2004 09:40 AM | MTASN - MOTION ASSIGNED | | |
| **Docket Entry:** | 94-04032694 MOTION TO WITHDRAW APPEARANCE ASSIGNED TO JUDGE MOSS ON 4-2-04. | | |
| | | | |
| 02-APR-2004 01:00 AM | CLNGV - NOTICE GIVEN | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 05-APR-2004 11:57 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
| **Docket Entry:** | 64-04032464 IT IS ORDERED THAT ADD'L DEFTS, NORTHSTAR SERVICES INC'S MOTION FOR EXTRAORDINARY RELIEF IS GRANTED, AND ALL PRESENT CASE MANAGEMENT DEADLINES ARE EXTENDED BY 60 DAYS. A REVISED CASE MANAGEMENT ORDER WILL ISSUE...BY THE COURT, JUDGE MOSS, 3-30-04 | | |
| | | | |
| 05-APR-2004 12:19 PM | RVCMO - REVISED CASE MGMT ORDER ISSUED | | |
| **Docket Entry:** | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY FIRST JUDICIAL DISTRICT OF PENNSYLVANIA CIVIL TRIAL DIVISION REYNOLDS ETAL VS VIKING TRANSPORT INC ET 030202544 REVISED CASE MANAGEMENT ORDER MAJOR JURY-STANDARD Be advised that the Case Management Order issued for the above-captioned action has been revised as follows: All discovery shall be completed not later than 07-JUN-2004. Plaintiff shall submit expert reports not later than 07-JUN-2004. Defendant shall submit expert reports not later than 05-JUL-2004. All pre-trial motions shall be filed not later than 05-JUL-2004. A settlement conference will be scheduled any time after 05-JUL-2004. A pre-trial conference will be scheduled at any time after 07-SEP-2004. It is expected that this case shall be ready for trial by 01-NOV-2004. All other terms and conditions on the original Case Management Order will remain in full force and effect. BY THE COURT: _____ _____ DATE SANDRA MOSS, J. TEAM LEADER | | |
| | | | |

| 05-APR-2004 12:21 PM | CLCFC - CONFERENCE CANCELLED | MOSS, SANDRA M | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 05-APR-2004 12:22 PM | CLLSC - LISTED FOR SETTLEMENT CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 07-APR-2004 10:16 AM | RLFIS - RULE ISSUED | MOSS, SANDRA M | |
|---|---|---|---|
| **Docket Entry:** | 94-04032694 RULE IS HEREBY ENTERED TO SHOW CAUSE WHY THE MOTION OF THE LAW FIRM STEIN AND SILVERMAN, P.C., COUNSEL FOR DEFTS, FOR LEAVE TO WITHDRAW AS COUNSEL SHOULD NOT BE GRANTED. RULE RETURNABLE: APRIL 28, 2004 IN COURTROOM 285 CITY HALL AT 09:00AM. ALL PROCEEDING TO STAY MEANWHILE...BY THE COURT, JUDGE MOSS, 4-5-04...NOTICE GIVEN UNDER PA RCP 236. | | |

| 07-APR-2004 10:21 AM | CLLRR - LISTED RULE RETURNABLE DATE | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 15-APR-2004 03:21 PM | CERTI - CERTIFICATION FILED | | |
|---|---|---|---|
| **Docket Entry:** | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |

| 07-MAY-2004 04:02 PM | CERTI - CERTIFICATION FILED | | |
|---|---|---|---|
| **Docket Entry:** | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |

| 13-MAY-2004 | ENAPC - ENTRY OF | SCHUSTER, | |

| 01:41 PM | APPEARANCE-CO COUNSEL | KENNETH R | |
|---|---|---|---|
| **Docket Entry:** | ENTRY OF APPEARANCE OF KENNETH R. SCHUSTER AND ANTHONY S. PINNIE FILED ON BEHALF OF PLAINTIFF KENNETH REYNOLDS AND JOAN CHIEN. | | |
| | | | |
| 14-MAY-2004 02:08 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
| **Docket Entry:** | 94-04032694 AND NOW, THIS 28TH DAY OF APRIL, 2004, IT IS HEREBY ORDERED AND DECREED THAT SAID MOTION IS RESCHEDULED TO 5-12-04. BY THE COURT: HON. SANDRA MAZER MOSS, 4-28-04. (ORDER RECEIVED ON 5-14-04) | | |
| | | | |
| 14-MAY-2004 02:12 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
| **Docket Entry:** | AND NOW, THIS 12TH DAY OF MAY, 2004, UPON CONSIDERATION OF STEIN & SILVERMAN, P.C.'S MOTION PERMISSION TO WITHDRAW AS COUNSEL AND ANY RESPONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT STEIN & SILVERMAN P.C.'S MOTION IS GRANTED AND STEIN & SILVERMAN P.C. IS DISMISSED AS COUNSEL FOR DEFENDANTS VIKING TRANSPORT, INC., AND FRANK BUONO. BY THE COURT: HON. SANDRA MAZER MOSS, 5-12-04. | | |
| | | | |
| 28-MAY-2004 08:31 AM | CLLSC - LISTED FOR SETTLEMENT CONF | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 28-MAY-2004 08:31 AM | CLCDS - CONFERENCE DATE SET | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 01-JUN-2004 01:00 AM | CLNGV - NOTICE GIVEN | | |
| **Docket Entry:** | *none.* | | |
| | | | |

| 03-JUN-2004<br>09:41 AM | PTEXR - PET FOR<br>EXTRAORDINARY RELIEF | NORTHSTAR<br>SERVICES LTD, | |
|---|---|---|---|
| **Docket<br>Entry:** | 71-04060271 RESPONSE DATE 6-14-04. | | |
| | | | |
| 16-JUN-2004<br>12:22 PM | MTASN - MOTION ASSIGNED | | |
| **Docket<br>Entry:** | 71-04060271 PETITION FOR EXTRAORDINARY RELIEF ASSIGNED TO<br>JUDGE MOSS ON 6-17-04 | | |
| | | | |
| 25-JUN-2004<br>03:33 PM | ORDER - ORDER ENTERED/236<br>NOTICE GIVEN | MOSS, SANDRA M | |
| **Docket<br>Entry:** | 71-04060271 AND NOW, THIS 17TH DAY OF JUNE, 2004, IT IS HEREBY<br>ORDERED AND DECREED THAT ALL DEADLINES ARE EXTENDED 60<br>DAYS. NO FURTHER EXTENSIONS WILL BE GRANTED SINCE THIS IS<br>A SECOND EXTENSION. BY THE COURT: HON. SANDRA MAZER<br>MOSS, 6-17-04. | | |
| | | | |
| 25-JUN-2004<br>03:35 PM | RVCMO - REVISED CASE<br>MGMT ORDER ISSUED | | |
| **Docket<br>Entry:** | REVISED CASE MANAGEMENT ORDER - Be advised that the Case<br>Management Order issued for the above-captioned action has been<br>revised as follows: All discovery shall be completed not later than 02-AUG-<br>2004. Plaintiff shall submit expert reports not later than 02-AUG-2004.<br>Defendant shall submit expert reports not later than 07-SEP-2004. All pre-<br>trial motions shall be filed not later than 07-SEP-2004. A settlement<br>conference will be scheduled any time after 07-SEP-2004. A pre-trial<br>conference will be scheduled at any time after 01-NOV-2004. It is expected<br>that this case shall be ready for trial by 03-JAN-2005. All other terms and<br>conditions on the original Case Management Order will remain in full force<br>and effect. ...BY THE COURT: SANDRA MOSS | | |
| | | | |
| 25-JUN-2004<br>03:36 PM | CLOEC - OTHER EVENT<br>CANCELLED | MOSS, SANDRA M | |
| **Docket<br>Entry:** | *none.* | | |
| | | | |
| 25-JUN-2004<br>03:36 PM | CLOEC - OTHER EVENT<br>CANCELLED | MOSS, SANDRA M | |

| | | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |
| | | | |
| 25-JUN-2004 03:36 PM | CLWSC - WAITING TO LIST SETTLMNT CONF | MOSS, SANDRA M | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 25-JUN-2004 03:36 PM | CLLSC - LISTED FOR SETTLEMENT CONF | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 25-JUN-2004 03:37 PM | CLLPT - LISTED FOR PRE-TRIAL CONF | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 25-JUN-2004 03:37 PM | CLLTR - LISTED FOR TRIAL | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 02-JUL-2004 10:20 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
| **Docket Entry:** | ORDERED THAT ADD'L DEFT'S MOTION TO COMPEL DEPOSITION IS GRANTED. SEE ORDER. ...BY THE COURT: MOSS, J. 6-30-04 | | |
| | | | |
| 02-JUL-2004 12:00 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
| **Docket Entry:** | ORDERED THAT ADD'L DEFT'S MOTION TO COMPEL IME IS GRANTED. SEE ORDER. ...BY THE COURT: MOSS, J. 6-30-04 | | |
| | | | |
| 30-JUL-2004 09:00 AM | CLLSC - LISTED FOR SETTLEMENT CONF | | |
| **Docket** | *none.* | | |

| | Entry: | | |
|---|---|---|---|
| | | | |
| 30-JUL-2004 09:00 AM | CLCDS - CONFERENCE DATE SET | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 03-AUG-2004 12:01 AM | CLNGV - NOTICE GIVEN | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 06-AUG-2004 04:31 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
| **Docket Entry:** | IT IS HEREBY ORDERED THAT ADDITIONAL DEFENDANT, NORTHSTAR'S, MOTION FOR SANCTIONS IS GRANTED AND DEFENDANT, VIKING TRANSPORT, INC., IS PRECLUDED FROM INTRODUCING ANY AND ALL EVIDENCE AGAINST THE DEFENDANT AT THE TRAIL OF THIS MATTER. BY THE COURT: MOSS, J. 08/04/04 | | |
| | | | |
| 10-AUG-2004 10:53 AM | CERTI - CERTIFICATION FILED | | |
| **Docket Entry:** | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |
| | | | |
| 02-SEP-2004 11:31 AM | MTSJD - MOTION/SUMMARY JDGMT FILED | SHADOVITZ, DAVID | |
| **Docket Entry:** | 48-04083748 RESPONSE DATE 10/4/04 | | |
| | | | |
| 08-SEP-2004 02:48 PM | CLSCC - SETTLEMENT CONF COMPLETED | MOSS, SANDRA M | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 13-SEP-2004 03:02 PM | CERTI - CERTIFICATION FILED | | |

| | | | |
|---|---|---|---|
| **Docket Entry:** | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |
| | | | |
| 20-SEP-2004 03:44 PM | CERTI - CERTIFICATION FILED | | |
| **Docket Entry:** | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |
| | | | |
| 30-SEP-2004 10:45 AM | CLLPT - LISTED FOR PRE-TRIAL CONF | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 30-SEP-2004 10:45 AM | CLCDS - CONFERENCE DATE SET | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 30-SEP-2004 10:51 AM | MTANS - ANSWER (MOTION/PETITION) FILED | | |
| **Docket Entry:** | 48-04083748 ANS FILED TO SJ (FILED BY PLFS, KENNETH REYNOLDS AND JOAN CHIEN) | | |
| | | | |
| 02-OCT-2004 12:01 AM | CLNGV - NOTICE GIVEN | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 06-OCT-2004 04:13 PM | MTASN - MOTION ASSIGNED | | |
| **Docket Entry:** | 48-04083748 MOTION FOR SUMMARY JUDGMENT ASSIGNED TO JUDGE MOSS ON 10/07/04. | | |
| | | | |
| 25-OCT-2004 10:00 AM | PRWDR - PRAECIPE TO WITHDRAW | | |
| **Docket** | PRAECIPE WITHDRAWING NEW MATTER COUNTERCLAIM OF DEFT., | | |

| | Entry: | SHADOVITZ AGAINST PLTFS WITH PREJUDICE FILED | | |
|---|---|---|---|---|
| 28-OCT-2004 02:25 PM | | CLPCC - PRETRIAL CONFERENCE COMPLETED | MOSS, SANDRA M | |
| | Docket Entry: | *none.* | | |
| 28-OCT-2004 02:25 PM | | CLWTR - WAITING TO LIST FOR TRIAL | MOSS, SANDRA M | |
| | Docket Entry: | *none.* | | |
| 28-OCT-2004 02:26 PM | | CLLSC - LISTED FOR SETTLEMENT CONF | | |
| | Docket Entry: | *none.* | | |
| 28-OCT-2004 02:26 PM | | CLLTR - LISTED FOR TRIAL | | |
| | Docket Entry: | *none.* | | |
| 30-OCT-2004 12:01 AM | | CLNGV - NOTICE GIVEN | | |
| | Docket Entry: | *none.* | | |
| 30-OCT-2004 12:01 AM | | CLNGV - NOTICE GIVEN | | |
| | Docket Entry: | *none.* | | |
| 01-NOV-2004 11:40 AM | | MMUPD - MOTION ASSIGNMENT UPDATED | SYLVESTER, ESTHER R | |
| | Docket Entry: | 48-04083748 MOTION FOR SUMMARY JUDGMENT REASSIGNED TO JUDGE SYLVESTER ON, 11-1-04. | | |

| 03-NOV-2004 10:36 AM | REPLY - REPLY FILED | SHADOVITZ, DAVID | |
|---|---|---|---|
| **Docket Entry:** | 48-04083748 REPLY FILED IN SUPPORT OF SJ | | |

| 23-NOV-2004 10:55 AM | MTWDA - MOTION TO WITHDRAW APPEARANCE | SCHUSTER, KENNETH R | |
|---|---|---|---|
| **Docket Entry:** | 08-04113208 MOTION TO WITHDRAW APPEARANCE. | | |

| 24-NOV-2004 10:56 AM | MTASN - MOTION ASSIGNED | | |
|---|---|---|---|
| **Docket Entry:** | 08-04113208 MOTION TO WITHDRAW APPEARANCE ASSIGNED TO JUDGE MOSS ON 11-29-04. | | |

| 01-DEC-2004 03:17 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | SYLVESTER, ESTHER R | |
|---|---|---|---|
| **Docket Entry:** | 48-04083748 AND NOW, TO WIT, THIS 30TH DAY OF NOVEMBER, 2004, UPON CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ANY RESPONSES THERETO, IT IS HEREBY ORDERED AND DECREED THAT THE MOTION OF DAVID SHADOVITZ IS GRANTED AND ALL CLAIMS INCLUDING CROSSCLAIMS AGAINST DEFENDANT, ARE HEREBY DISMISSED AND JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, DAVID SHADOVITZ. BY THE COURT: HON. ESTHER R. SYLVESTER, 11-30-04. | | |

| 07-DEC-2004 03:16 PM | RLFIS - RULE ISSUED | MOSS, SANDRA M | |
|---|---|---|---|
| **Docket Entry:** | 08-04113208 AND NOW, THIS 30 DAY OF NOVEMBER, 2004, UPON CONSIDERATION OF PETITION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF, A RULE IS HEREBY ENTERED TO SHOW CAUSE WHY SAID PETITION SHOULD NOT BE GRANTED. RULE RETURNABLE 22ND OF DECEMBER, 2004 IN COURTROOM 285, 9:00 CITY HALL. ALL PROCEEDINGS TO STAY MEANWHILE. BY THE COURT: HON. SANDRA MAZER MOSS, 11-30-04. | | |

| 07-DEC-2004 | CLLRR - LISTED RULE | | |
|---|---|---|---|

| 03:19 PM | RETURNABLE DATE | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|

| 23-DEC-2004 10:10 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | NEW, ARNOLD L | |
|---|---|---|---|
| **Docket Entry:** | 08-04113208 AND NOW, THIS 22ND DAY OF DECEMBER, 2004, UPON CONSIDERATION OF THE VERIFIED PETITION OF COUNSEL FOR PLAINTIFF FOR LEAVE TO WITHDRAW, IT IS HEREBY ORDERED AND DECREED THAT SAID PETITION IS GRANTED. IT IS FURTHER ORDERED THAT KENNETH R. SCHUSTER, ESQUIRE, MARC D. IPPOLITI, ESQUIRE, ANTHONY S. PINNIE, ESQUIRE AND KENNETH R. SCHUSTER, P.C., BE PERMITTED TO WITHDRAW THEIR APPEARANCE ON BEHALF OF PLAINTIFF IN THE ABOVE-CAPTIONED MATTER, PURSUANT TO THE AGREEMENT PLACED ON THE RECORD DECEMBER 22, 2004. BY THE COURT: HON. ARNOLD L. NEW, 12-22-04. | | |

| | | | |
|---|---|---|---|

| 25-DEC-2004 12:01 AM | CLNGV - NOTICE GIVEN | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|

| 25-DEC-2004 12:01 AM | CLNGV - NOTICE GIVEN | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|

| 30-DEC-2004 03:11 PM | WTAPO - WITHDRAWAL OF APPEARANCE | | |
|---|---|---|---|
| **Docket Entry:** | WITHDRAWAL OF APPEARANCE OF KENNETH R. SCHUSTER ON BEHALF OF PLAINTIFFS KENNETH REYNOLDS AND JOAN CHIEN FILED. | | |

| | | | |
|---|---|---|---|

| 07-JAN-2005 04:46 PM | ENAPC - ENTRY OF APPEARANCE-CO COUNSEL | FARBER, SHELLY | |
|---|---|---|---|
| **Docket Entry:** | ENTRY OF APPEARANCE OF SHELLY FARBER FILED ON BEHALF OF PLAINTIFFS. | | |

| 11-JAN-2005 03:02 PM | CLNGV - NOTICE GIVEN | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 11-JAN-2005 03:02 PM | CLNGV - NOTICE GIVEN | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 27-JAN-2005 04:38 PM | WSPTJ - SETTLED PRIOR TO ASSGN TRL JUD | MOSS, SANDRA M | |
|---|---|---|---|
| **Docket Entry:** | SETTLED. (CASE SETTLED PER LETTER OF JOHN M. CAMPBELL, ESQ., DATED 1-20-05.) BY THE COURT: HON. SANDRA MAZER MOSS, 1-25-05. | | |

| 27-JAN-2005 04:38 PM | ZR236 - NOTICE GIVEN UNDER RULE 236 | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 19-APR-2005 02:27 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
|---|---|---|---|
| **Docket Entry:** | AND NOW, THIS 15TH DAY OF APRIL, 2005, IN CONSIDERATION OF THE MOTION OF DEFENDANT, NORTHSTAR SERVICES, INC., IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT NORTHSTAR SERVICES, INC., IS HEREBY DISMISSED FROM THIS ACTION, WITH PREJUDICE. IT IS FURTHER ORDERED, THAT PLAINTIFFS, HAVING NO DIRECT CLAIM AGAINST NORTHSTAR SERVICES, INC., SHALL INDEMNIFY AND HOLD HARMLESS DEFENDANT, NORTHSTAR SERVICES, INC., AND/OR LINCOLN GENERAL INSURANCE COMPANY AGAINST ANY AND ALL CLAIMS, SETTLMENTS, VERDICTS, JUDGMENTS AS WELL AS ANY AND ALL COSTS AND ATTORNEYS FEES INCURRED IN DEFENDING ANY SUCH CLAIMS ARISING OUT OF THE CAPTIONED LITIGATION, INCLUDING BUT NOT LIMITED TO CLAIMS FOR COVERAGE BY ANY PERSON OR ENTITY NAMED HEREIN. IT IS FURTHER ORDERED, THAT DEFENDANT, NORTHSTAR SERVICES, INC., IS HEREBY EXCUSED FROM FURTHER PARTICIPATION IN ANY PROCEEDING IN THIS CASE. TRIAL SHALL | | |

| | COMMENCE IN COURTROOM 653 ON APRIL 28, 2005 T 9:30. BY THE COURT: HON. SANDRA MAZER MOSS, 4-15-05. | | |
|---|---|---|---|
| | | | |
| 16-MAY-2005 12:53 PM | WSFFP - FINDING FOR PLAINTIFF | MOSS, SANDRA M | $275,000.00 |
| Docket Entry: | VERDICT FOR PLAINTIFFS AGAINST DEFENDANT VIKING, NORTHSTAR AND GONZALES IN THE AMOUNT OF $225,000.00 FOR PLAINTIFF REYNOLDS AND $50,000.00 FOR PLAINTIFF CHIEN. BY THE COURT: HON. SANDRA MAZER MOSS, 4-28-05. | | |
| | | | |
| 16-MAY-2005 12:53 PM | ZR236 - NOTICE GIVEN UNDER RULE 236 | | |
| Docket Entry: | none. | | |
| | | | |
| 16-MAY-2005 12:58 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
| Docket Entry: | HAVING HELD A NON-JURY TRIAL INCLUDING AN ASSESSMENT OF DAMAGES ON THURSDAY APRIL 28, 2005 I ENTER THE FOLLOWING ORDER: AND NOW THIS 11TH DAY OF MAY, 2005 IT IS HEREBY ORDERED AND DECREED THAT JUDGMENT IS ENTERED AGAINST: DEFENDANTS VIKING TRANSPORT, INC., D/B/A VIKING TRANSPORT, FRANK BUONO INDIVIDUALLY AND TRADING AS VIKING TRANSPORT AND JORGE GONZALES, AND IN FAVOR OF PLAINTIFF KENNETH REYNOLDS IN THE AMOUNT OF $225,000.00, AND IN FAVOR OF PLAINTIFF JOAN CHIEN IN THE AMOUNT OF $50,000.00. HAVING FOUND THAT NORTHSTAR SERVICES, Ltd. WAS NOT A PARTY TO THE ACCIDENT OF JULY 3, 2002 JUDGMENT IS ENTERED IN ITS FAVOR ON ALL COUNTS AS AN ADDITIONAL DEFEDENDANT. IT IS SO ORDERED. BY THE COURT: HON. SANDRA MAZER MOSS, 5-11-05. | | |

EXHIBIT "B"

## 2.  SCHEDULE

| COVERAGE SYMBOL | LIMIT EACH *PERSON* | LIMIT EACH ACCIDENT | LIMIT FOR FUNERAL EXPENSES | DEDUCTIBLE THAT APPLIES TO *YOU* | DEDUCTIBLE THAT APPLIES TO *MEMBERS OF YOUR HOUSEHOLD* |
|---|---|---|---|---|---|
| P   | $15,000  | $30,000  | $5,000 | None   | None   |
| P2  | 15,000   | 30,000   | 5,000  | $ 250  | $  250 |
| P3  | 15,000   | 30,000   | 5,000  | 250    | None   |
| P4  | 15,000   | 30,000   | 5,000  | 500    | $  500 |
| P5  | 15,000   | 30,000   | 5,000  | 500    | None   |
| P6  | 15,000   | 30,000   | 5,000  | 1,000  | $1,000 |
| P7  | 15,000   | 30,000   | 5,000  | 1,000  | None   |
| P8  | 25,000   | 50,000   | 5,000  | None   | None   |
| P9  | 50,000   | 100,000  | 5,000  | None   | None   |
| P10 | 100,000  | 300,000  | 5,000  | None   | None   |

## SECTION III — UNINSURED MOTOR VEHICLE — COVERAGE U

*You* have this coverage if "U" appears in the "Coverages" space on the declarations page.

We will pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* or *property damage* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

*Uninsured Motor Vehicle* – means:

1. a land motor vehicle which does not have, at the time of the accident:

   a.  cash or securities on file with the Delaware State Treasurer, or

   b.  a bodily injury and property damage liability bond or insurance policy

   in at least the amount specified by the Delaware Motor Vehicle Safety Responsibility Law; or

2. a land motor vehicle insured or bonded for bodily injury and property damage liability at the time of the accident, but the insurer or surety:

   a. legally denies coverage; or

   b. is or becomes insolvent; or

   c. has been placed in receivership; or

3. with respect to damages for *bodily injury*, a land motor vehicle:

   a. the ownership, maintenance or use of which may be insured or bonded for bodily injury liability at the time of the accident; but

   b. the limits of liability for bodily injury liability are less than the limits *you* carry for uninsured motor vehicle coverage under this policy; or

4. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:

   a. the *insured*; or

   b. the vehicle the *insured* is *occupying*

   and causes *bodily injury* to the *insured* or *property damage* to the property of an *insured*; or

5. a "non-contact" land motor vehicle whose owner or driver remains unknown and which causes *bodily injury* to the *insured* or *property damage* to the property of an *insured*.

An *uninsured motor vehicle* does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. owned or operated by a self-insurer under any motor vehicle financial responsibility law, a motor carrier law or any similar law;

3. owned by any government or any of its political subdivisions or agencies;

4. designed for use mainly off public roads except while on public roads; or

5. while located for use as premises.

*Property Damage* -- means damage to:

1. a motor vehicle:

   a. owned by *you* or *your spouse*;

   b. insured under liability coverage of this policy;

   c. registered in Delaware; and

   d. used with the permission of *you* or *your spouse.*

   It includes payments made for substitute transportation while such vehicle is disabled.

2. any other property (except a motor vehicle) owned by an *insured* and located in Delaware.

**Who Is an Insured**

*Insured* – means the *person* or *persons* covered by uninsured motor vehicle coverage.

This is:

1. the first *person* named in the declarations;

2. his or her *spouse*;

3. their *relatives*; and

4. any other *person* while *occupying*:

   a. *your car*, a *temporary substitute car*, a *newly acquired car* or a trailer attached to such *car*. Such vehicle has to be used within the scope of the consent of *you* or *your spouse*; or

   b. a *car* not owned by *you*, *your spouse* or any *relative*, or a trailer attached to such a *car*. It has to be driven by the first *person* named in the declarations or that *person's spouse* and within the scope of the owner's consent.

5. any *person* entitled to recover damages because of *bodily injury* to an *insured* under 1 through 4 above.

**Payment of Any Amount Due**

We will pay any amount due:

1. to the *insured*;

2. to a parent or guardian if the *insured* is a minor or an incompetent *person*;

3. to the surviving *spouse*; or

4. at our option, to a *person* authorized by law to receive such payment.

**Limits of Liability**

1. Bodily Injury

   The amount of coverage is shown on the declarations page under "Limits of Liability – U – Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. "*Bodily injury* to one *person*" includes all injury and damages to others resulting from this *bodily injury*. Under "Each Accident" is the total amount of coverage, subject to the

amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

2. Property Damage

The amount of coverage is shown on the declarations page under "Limits of Liability – U – Property Damage, Each Accident". This is the amount of coverage for damages in excess of $250 to the property of all *insureds* as the result of one accident.

3. Any payment payable under this coverage shall be reduced by any amount paid or payable to or for the *insured* for *bodily injury* or *property damage* under the liability coverage.

4. Any payment made to a *person* under this coverage shall reduce any amount payable to that *person* under the liability coverage.

5. The limits of liability are not increased because:

   a. more than one vehicle is insured under this policy; or

   b. more than one *person* is insured at the time of the accident.

6. The following applies if the vehicle in the accident is an *uninsured motor vehicle* as defined in items 1, 2, 4 or 5 under the heading, "*Uninsured Motor Vehicle* – means":

   Any payment payable under this coverage shall be reduced by any amount paid or payable to or for the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury* or *property damage* sustained by the *insured*.

7. The following applies if the vehicle in the accident is an *uninsured motor vehicle* as defined in item 3 under the heading, "*Uninsured Motor Vehicle* – means":

   The most we pay will be the lesser of:

   a. the difference between the amount of the *insured*'s damages for *bodily injury*, and the amount paid to the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury*; or

   b. the limits of liability of this coverage.

**When Coverage U Does Not Apply**

THERE IS NO COVERAGE:

1. FOR ANY *INSURED* WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY*

*INJURY* OR *PROPERTY DAMAGE.* This does not apply to an *insured* who settles with the owner or operator of a vehicle described in item 3 of the definition of *uninsured motor vehicle*.

2. TO THE EXTENT IT BENEFITS:

   a. ANY WORKER'S COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY.

   b. A SELF-INSURER UNDER ANY WORKER'S COMPENSATION, OR DISABILITY BENEFITS OR SIMILAR LAW.

   c. ANY GOVERNMENTAL BODY OR AGENCY.

3. FOR THE FIRST $250 OF *PROPERTY DAMAGE* TO THE PROPERTY OF ALL *INSUREDS* RESULTING FROM ONE ACCIDENT.

**If There Is Other Coverage**

1. Coverage Provided by Us or an Affiliated Company

   If two or more vehicles owned or leased by *you, your spouse* or any *relative* are insured for this coverage under one or more policies issued by us or an affiliated company, the total limit of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability.

2. Coverage Provided by Other Insurers

   Subject to item 1 above, if an *insured* as defined in item 1, 2, or 3 of the definition of *insured* sustains *bodily injury* while not *occupying* a motor vehicle and other uninsured motor vehicle coverage issued by an insurer, other than us or an affiliated company, applies we will pay our share. Our share is that per cent of the damages that our applicable limit of liability bears to the total of all uninsured motor vehicle coverage that applies to the accident.

3. Subject to item 1 above:

   a. If an *insured* as defined in item 1, 2, or 3 of the definition of *insured* sustains *bodily injury* while *occupying* a vehicle which is not owned by *you, your spouse* or any *relative*, our limit of liability applies as excess to any other coverage available from a policy covering the vehicle *occupied* or its driver.

   If coverage from more than one insurer applies as excess, we will pay our share. Our share is that per cent of the damages

15
8085

in excess of the primary coverage that our applicable limit of liability bears to the total of all uninsured motor vehicle coverage that applies to the accident as excess coverage.

b. If an *insured* as defined in item 1, 2, or 3 of the definition of *insured* sustains *bodily injury* or *property damage* while *occupying your car,* and *your car* is described on the declarations page of another policy providing this coverage and issued by an insurer, other than us or an affiliated company, we will pay our share. Our share is that per cent of the damages that our applicable limit of liability bears to the total of all uninsured motor vehicle coverage that applies to the accident.

4. If an *insured* as defined in item 4 of the definition of *insured* sustains *bodily injury* or *property damage* while *occupying:*

a. a vehicle which is not *your car* or a *newly acquired car,* and such vehicle is insured for uninsured motor vehicle coverage, this coverage applies as excess to such other insurance but only in the amount by which it exceeds the primary coverage.

Subject to item 1 above, if more than one policy applies as excess, we will pay our share. Our share is that per cent of the damages in excess of the primary coverage that our applicable limit of liability bears to the total of all uninsured motor vehicle

coverage that applies to the accident as excess coverage.

b. *your car,* and *your car* is described on the declarations page of another policy providing uninsured motor vehicle coverage:

(1) the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability; and

(2) we are liable only for our share. Our share is that per cent of the damages that the limit of liability of this coverage bears to the total of all such uninsured motor vehicle coverage applicable to the accident.

5. THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER UNINSURED MOTOR VEHICLE COVERAGE ON A *NEWLY ACQUIRED CAR.*

6. This coverage applies as excess over:

a. any benefits available under coverage P, or which would have been available if a deductible were not applied; or

b. any benefits available under coverage N or N-1; or

c. any other coverage available from any source applicable to *property damage.*

This coverage applies only in the amount by which the limit of liability of this coverage exceeds the amount payable under such other coverage.

## SECTION IV — PHYSICAL DAMAGE COVERAGES

*Loss* – means, when used in this section, each direct and accidental loss of or damage to:

1. *your car;*

2. its equipment which is common to the use of *your car* as a vehicle;

3. clothes and luggage insured; and

4. a detachable living quarters attached or removed from *your car* for storage. Detachable living quarters includes its body and items securely fixed in place as a permanent part of the body. *You* must have told us about the living quarters before the *loss* and paid any extra premium needed.

16
8085

EXHIBIT "C"

**BENNETT, BRICKLIN & SALTZBURG LLP**

**BLUE BELL OFFICE**
FIVE VALLEY SQUARE
SUITE 200
512 TOWNSHIP LINE ROAD
BLUE BELL, PA 19422
(267) 654-1100
FAX: (267) 654-1122

**NEW JERSEY OFFICE**
EXECUTIVE MEWS
SUITE X-115
1930 EAST MARLTON PIKE
CHERRY HILL, NJ 08003
(856) 751-5285
FAX: (856) 751-5281

ATTORNEYS AT LAW
1601 MARKET STREET
16TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103-2393
(215) 561-4300
✦
FAX: (215) 561-6661
WEBSITE: www.bbs-law.com

*via fax and regular mail*

**CENTRAL PENNSYLVANIA OFFICE**
313 W. LIBERTY STREET
SUITE 371
LANCASTER, PA 17603
(717) 393-4400
FAX: (717) 393-4322

WRITER'S DIRECT DIAL: (215) 665-3364
WRITER'S EMAIL: douglas@bbs-law.com

April 27, 2005

Shelly Farber, Esquire
One Veteran's Square
2801 West Chester Pike, #100
Broomall, PA 19008-1809

Re:   In re: Kenneth Reynolds Uninsured Motorist Claim
      Claim No. 08-5080-122
      Our File No.  90947

Dear Mr. Farber:

I have been retained by State Farm Mutual Automobile Insurance Company [hereinafter "State Farm"] to represent its interests regarding Kenneth Reynolds' potential uninsured motorist claim arising out of a July 3, 2002 accident.  I understand that Mr. Reynolds filed suit on February 20, 2003 against Jorge Gonzalez, Viking Transport and Frank Buono in the Philadelphia County Court of Common Pleas contending that they were responsible for the accident.  The dockets for that action reflect that Northstar Services, Inc. was joined as an additional defendant in that action on May 22, 2003.

Apparently, Mr. Gonzalez, Mr. Buono and Viking Transport are uninsured while Northstar Services, Inc. maintained a commercial general liability policy with Lincoln General Insurance Company with a one million dollar combined single limit.

The dockets also  reflect that on January 27, 2005, John Campbell, Esquire, counsel for Northstar advised the court that the case had been settled.  Thereafter based upon a motion filed by Northstar, Judge Moss entered an order on April 19, 2005 dismissing Northstar from the action with prejudice and directing the plaintiff to indemnify Northstar and its insurance carrier, Lincoln General Insurance Company against any and all future claims.  Northstar was excused from all future proceedings.

Judge Moss' order also directed that an assessment of damages hearing was to take place tomorrow, April 28, 2005 at 9:30 a.m. in Courtroom 653 against the uninsured parties, Mr. Gonzalez, Mr. Buono and Viking Transport.

BENNETT , BRICKLIN  & SALTZBURG  LLP
ATTORNEYS AT LAW

April 27, 2005
Page 2


I write to advise you of certain provisions contained with Mr. Reynolds' State Farm policy which may preclude any future uninsured motorist claim Mr. Reynolds may choose to assert against State Farm based upon an award against the uninsured motorists tomorrow.

First, Mr. Reynolds' policy provides in **Section III  – UNINSURED MOTORIST VEHICLE – COVERAGE U** on page 13:

> THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

If Mr. Reynolds reached a settlement with Northstar which did not exhaust Northstar's one million dollar combined single limit policy, then pursuant to this policy provision, no uninsured motorist coverage would exist.

Moreover, page 15 of Mr. Reynolds' policy states:

> THERE IS NO COVERAGE:

> 1.    FOR ANY **INSURED** WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY **PERSON** OR ORGANIZATION WHO M AY BE LIABLE FOR THE **BODILY INJURY** OR **PROPERTY DAMAGE**. This does not apply to an insured who settles with the owner or operator of a vehicle described in item 3 of the definition of **uninsured motor vehicle**[1].

---

[1]Definition 3 of **uninsured motor vehicle** is as follows:

> with respect to damage for bodily injury, a land motor vehicle:

> a.    the ownership, maintenance or use of which may be insured or bonded for **bodily injury** liability at the time of the accident; but

> b.    the limits of liability for bodily injury are less than the limits you carry for uninsured motor vehicle coverage under this policy . . . .

As Mr. Reynolds carries $100,000 in uninsured motorist coverage and Northstar maintained a one million dollar combined single limit policy, this policy provision would not apply and Mr. Reynolds

**BENNETT , BRICKLIN  & SALTZBURG  LLP**
ATTORNEYS AT LAW

April 27, 2005
Page 3

As State Farm never consented in writing to the settlement with Northstar, no uninsured motorist coverage would exist.

Mr. Reynolds' policy also provides that Mr. Reynolds has a duty to cooperate with State Farm in its investigation of his uninsured motorist claim.  Mr. Reynolds' policy provides on page 6:

> **4.     Other Duties Under No-Fault, Uninsured Motor Vehicle and Death, Dismemberment and Loss of Sight Coverages**
>
>     The **person** making claim also shall:
>
>     a.     give us all the details about the death, injury, treatment and other information we need to determine the amount payable . . . . .
>
> **5.     Insured's Duty to Cooperate with Us**
>
>     The **insured** shall cooperate with us and, when asked, assist us in:
>
>     a.     making settlements;
>
>     b.     securing and giving evidence . . . .

Although State Farm has written to you, as Mr. Reynolds' representative, on several occasions and spoken to you on the telephone regarding the information necessary to investigate and evaluate Mr. Reynolds' potential uninsured motorist claim, no meaningful information was ever provided.  This failure to cooperate may jeopardize Mr. Reynolds' uninsured motorist coverage.

Finally, Mr. Reynolds' State Farm policy was issued in the State of Delaware as Mr. Reynolds represented he was a Delaware resident.  As such Delaware law should apply to the interpretation of Mr. Reynolds' contract and his uninsured motorist claim.  Delaware law provides that an uninsured motorist claim does not exist where the tortfeasor's liability limit is in excess of the insured's uninsured motorist coverage.  Therefore, as Northstar

---

was required to obtain State Farm's consent in writing prior to his settlement with Northstar if he did not wish to jeopardize his uninsured motorist coverage.

Bᴇɴɴᴇᴛᴛ , Bʀɪᴄᴋʟɪɴ  & Sᴀʟᴛᴢʙᴜʀɢ  LLP
ATTORNEYS AT LAW

April 27, 2005
Page 4


maintained one million dollars in coverage and Mr. Reynolds maintained $100,000.00, no viable uninsured motorist claim would exist.

I enclose for your reference at this time an exemplar copy of the uninsured motorist provisions discussed above and a copy of the cooperation language quoted above.  I also enclose a copy of the Delaware Uninsured Motor Vehicle statute which confirms the representations regarding the comparison of limits discussed above.  State Farm wanted you to be aware of its position regarding these coverage matters prior to the assessment of damages hearing scheduled for tomorrow.

In addition, I write to advise you that State Farm does not consent to be bound by any determination tomorrow with respect to the uninsured motorist claim.

After you have had a chance to review the contents of this letter, please contact me if you have any questions or concerns.

                    Very truly yours,



                    Katherine Cole Douglas

KCD/sg
Enclosure

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH REYNOLDS, ET AL.** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | **NO.  2:06-CV-3013-LDD** |

**NOTICE**

Please be advised that a Rule 16 conference in the above-captioned case is scheduled for **MONDAY, DECEMBER 4, 2006 at 11:00 AM.** before the Honorable Legrome D. Davis, Courtroom 6A, U.S. Courthouse, 601 Market Street, Philadelphia, PA, 19106.

Please complete the enclosed Conference Information Report and mail or fax the completed Report for arrival in Judge Davis' Chambers at least three business days prior to the Rule 16 conference.  Further, counsel are expected to present a completed joint discovery plan pursuant to Federal Rule of Civil Procedure 26 (F).

At the close of the conference, you will receive an order from Judge Davis listing firm dates for the completion of discovery, other pretrial submissions and the trial, if a trial is required.

If trial counsel is on trial in a court of record prior to the time of the conference, the Judge and opposing counsel should be advised of this in writing at the earliest possible date and another attorney in such trial counsel's office should appear at the conference.

Failure to comply with this directive may result in the imposition of sanctions.

The conference will be continued to another date only in exceptional cases.

Very truly yours,

_____/S/CAROL SAMPSON_____
Carol Sampson
Deputy Clerk to Judge Legrome D. Davis
267-299-7651
267-299-5076 (Fax)

_____

E-Mailed 11/07/06 - CS
S. Farber
K. C. Douglas
L. E. Bricklin
M. C. Duggan

**RULE 16 CONFERENCE INFORMATION REPORT**

Civil Action No.:  06-cv-3013   Jury Trial _____   Bench Trial _____   Arbitration _____

Service of Process Made  _____
                              (Date)

Caption:  Kenneth Reynolds, et al. v. State Farm Mutual Automobile Insurance Company                    

Trial Counsel:  _____

Representing:  _____

Law Firm:  _____

Address:  _____

          _____

Telephone: _____   Fax: _____   E-Mail: _____

Are there threshold motions? _____
                                        (Identify Motion(s))
When will discovery be completed?  _____
                                         (Date)

Will motion for summary judgment be filed?   Yes _____   No _____

Has settlement been discussed?              Yes _____   No _____

If not, why not? _____

Future settlement conference requested      Yes _____   No _____

Novel issues or special problems?           Yes _____   No _____   If yes, describe.

_____

_____

Ready for trial by?    _____
                            (Date)

Trial time estimates:   Time to present your case    _____

                        Time for entire trial        _____

Date: _____        _____
                              Signature of counsel

                              _____
                              Typed or printed name

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH REYNOLDS, ET AL.** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | **NO.  2:06-CV-3013-LDD** |

### NOTICE

Please be advised that a Rule 16 conference in the above-captioned case is scheduled for **MONDAY, DECEMBER 4, 2006 at 11:00 AM.** before the Honorable Legrome D. Davis, Courtroom 6A, U.S. Courthouse, 601 Market Street, Philadelphia, PA, 19106.

Please complete the enclosed Conference Information Report and mail or fax the completed Report for arrival in Judge Davis' Chambers at least three business days prior to the Rule 16 conference.  Further, counsel are expected to present a completed joint discovery plan pursuant to Federal Rule of Civil Procedure 26 (F).

At the close of the conference, you will receive an order from Judge Davis listing firm dates for the completion of discovery, other pretrial submissions and the trial, if a trial is required.

If trial counsel is on trial in a court of record prior to the time of the conference, the Judge and opposing counsel should be advised of this in writing at the earliest possible date and another attorney in such trial counsel's office should appear at the conference.

Failure to comply with this directive may result in the imposition of sanctions.

The conference will be continued to another date only in exceptional cases.

Very truly yours,

____/S/CAROL SAMPSON_____
Carol Sampson
Deputy Clerk to Judge Legrome D. Davis
267-299-7651
267-299-5076 (Fax)

_____

E-Mailed 11/07/06 - CS
S. Farber
K. C. Douglas
L. E. Bricklin
M. C. Duggan

**RULE 16 CONFERENCE INFORMATION REPORT**

Civil Action No.: __06-cv-3013__   Jury Trial _____   Bench Trial _____   Arbitration _____

Service of Process Made _____
<div align="center">(Date)</div>

Caption: __Kenneth Reynolds, et al. v. State Farm Mutual Automobile Insurance Company_____

Trial Counsel: _____

Representing: _____

Law Firm: _____

Address: _____

_____

Telephone: _____   Fax: _____   E-Mail: _____

Are there threshold motions? _____
<div align="center">(Identify Motion(s))</div>

When will discovery be completed?   _____
<div align="center">(Date)</div>

Will motion for summary judgment be filed?   Yes _____   No _____

Has settlement been discussed?   Yes _____   No _____

If not, why not? _____

Future settlement conference requested   Yes _____   No _____

Novel issues or special problems?   Yes _____   No _____   If yes, describe.

_____

_____

Ready for trial by?   _____
<div align="center">(Date)</div>

Trial time estimates:   Time to present your case   _____

Time for entire trial   _____

Date: _____

_____
Signature of counsel

_____
Typed or printed name

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH REYNOLDS and | : | |
| JOAN CHIEN, h/w | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | NO.   06-CV-03013 |

**ORDER**

AND NOW, this              day of                     , 2007, upon consideration of the

Motion for Abstention or in the Alternative Motion to Transfer Venue of Defendant, State Farm

Mutual Automobile Insurance Company, and any response thereto, it hereby is ORDERED and

DECREED:

Venue of this action is transferred to the United States District Court for the District

of Delaware pursuant to 28 U.S.C. § 1404(a).

**BY THE COURT:**

_____

                                                            **J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH REYNOLDS and** | : | |
| **JOAN CHIEN, h/w** | : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | |
| | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | **NO.   06-CV-03013** |

**ALTERNATIVE O R D E R**

AND NOW, this            day of                    , 2007, upon consideration of the

Motion for Abstention or in the Alternative Motion to Transfer Venue of Defendant, State Farm

Mutual Automobile Insurance Company, and any response thereto, it hereby is ORDERED and

DECREED:

The United States District Court for the Eastern District of Pennsylvania pursuant to <u>Burford</u>

<u>v. Sun Oil Co.</u>, 319 U.S. 315 (1943) abstains from exercising jurisdiction over Count II of

plaintiffs' complaint which alleges that State Farm Mutual Automobile Insurance Company

sold "illusory" uninsured/underinsured motorist coverage as the State of Delaware has a

regulatory system for review of uninsured/underinsured motorist rates.

**BY THE COURT:**

_____
                                                              **J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KENNETH REYNOLDS and | : | |
| JOAN CHIEN, h/w | : | |
| | : | **CIVIL ACTION** |
| vs. | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | NO.   06-CV-03013 |

**MOTION OF DEFENDANT**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
**FOR ABSTENTION PURSUANT TO BURFORD V. SUN OIL CO.,**
**319 U.S. 315 (1943) OR IN THE ALTERNATIVE MOTION**
**TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)**

Defendant State Farm Mutual Automobile Insurance Company [hereinafter "State Farm"], by its undersigned attorneys, hereby moves this Honorable Court to abstain from exercising jurisdiction over Count II of plaintiffs' complaint based upon Burford v. Sun Oil Co., 319 U.S. 315 (1943)or in the alternative moves pursuant to 28 U.S.C. § 1404(a) for a transfer of venue of this action to the United States District Court for the District of Delaware, and in support thereof avers as follows:

    1.    Plaintiffs, Kenneth Reynolds and Joan Chien [hereinafter "the plaintiffs"], instituted this action in the United States District Court for the Eastern District of Pennsylvania. Plaintiffs' complaint contains two counts. The first count asserts a claim for uninsured/underinsured motorist benefits under a Delaware automobile insurance policy issued to the plaintiffs. The second count of plaintiffs' complaint alleges that State Farm sold illusory uninsured/underinsured motorist coverage under Delaware law. See attached Exhibit "A."

    2.    Plaintiffs are citizens of the State of Delaware.

3.      State Farm is an Illinois corporation with an Illinois principal place of business. State Farm does business in both Pennsylvania and Delaware.

4.      Plaintiffs applied for automobile liability insurance with State Farm in the State of Delaware and were issued policy number 0041-734-08.

5.      Count I of plaintiffs' complaint is based upon the following factual predicate. Kenneth Reynolds was involved in an automobile accident on July 3, 2002 in Philadelphia, Pennsylvania. After the July 3, 2002 accident, plaintiffs filed suit in the Philadelphia County Court of Common Pleas against Jorge Gonzales, the driver of the tractor involved in the accident; Frank Buono, the owner of the tractor driven by Mr. Gonzales, in his own right and doing business as Viking Transport, Inc. [hereinafter "Viking"]; and David Shadovitz, the operator of a third car involved in the accident. Prior to the expiration of the two year statute of limitations, Viking joined Northstar Services, Ltd. [hereinafter "Northstar"] contending that Viking/Gonzales were working for Northstar when the accident occurred.[1]  Gonzales, Buono and Viking were all uninsured. Northstar maintained a one million dollar commercial liability insurance policy.  Shadovitz was dismissed from the lawsuit by way of summary judgment.  Prior to an April 28, 2005 non-jury trial, the plaintiffs settled their claims against Northstar for $62,500.00 based upon a joint tortfeasor release.  Plaintiffs did not request that State Farm, their uninsured/underinsured motorist carrier, consent to this settlement in writing and State Farm did not consent to this settlement in writing. Plaintiffs' State Farm policy contained the following provision:

_____

[1]As Northstar was joined prior to the statute of limitations, under Pennsylvania law, plaintiffs had a direct cause of action against Northstar.  Although Pennsylvania law would control plaintiffs rights against the tortfeasors as the accident occurred in Pennsylvania, Delaware law would apply to their uninsured/underinsured motorist claim under their Delaware insurance policy.

4

THERE IS NO COVERAGE:

1.    FOR ANY **INSURED** WHO, <u>WITHOUT OUR WRITTEN CONSENT,</u> SETTLES WITH ANY **PERSON** OR ORGANIZATION WHO M AY BE LIABLE FOR THE **BODILY INJURY** OR **PROPERTY DAMAGE**. This does not apply to an insured who settles with the owner or operator of a vehicle described in item 3 of the definition of **uninsured motor vehicle**[2].

(emphasis added).  See attached Exhibit "B."  The plaintiffs insurance policy also provided:

### Section III – UNINSURED MOTORIST VEHICLE – COVERAGE U

THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

See attached Exhibit "B." This policy language mirrors Delaware law which requires that an insured exhaust the tortfeasor's liability policy limit before an uninsured/underinsured motorist claim becomes valid.  18 Del. C. Section 3902(b)(3). After the non-jury trial, Judge Sandra Mazer Moss found for the plaintiffs against Viking, Buono and Gonzales in the amount of $275,000.00.[3]  Once

---

[2]Definition 3 of **uninsured motor vehicle** contained within Mr. Reynolds' policy read as follows:

with respect to damage for bodily injury, a land motor vehicle:

a.    the ownership, maintenance or use of which may be insured or bonded for **bodily injury** liability at the time of the accident; but

b.    the limits of liability for bodily injury are less than the limits you carry for uninsured motor vehicle coverage under this policy . . . .

As Mr. Reynolds carried $100,000.00 in uninsured/underinsured motorist coverage and Northstar maintained a one million dollar combined single limit policy, this policy required Mr. Reynolds to obtain State Farm's consent in writing prior to a settlement with Northstar.  Mr. Reynolds did not do so and thereby violated this policy provision.

[3]As Viking  Buono and Gonzales were uninsured and did not appear at trial, no one challenged the plaintiffs' evidence which resulted in the $275,000.00 verdict

plaintiffs received this verdict, they requested that State Farm pay it under their Delaware uninsured/underinsured motorist coverage. State Farm has declined to pay the verdict given the plaintiffs' insurance policy provisions and Delaware law.

6.    Count II of plaintiffs' complaint is based upon the following factual predicate. Plaintiffs had two Delaware insurance policies insuring two vehicles. Plaintiffs purchased $100,000.00/$300,000.00 in liability coverage for each car. They also purchased $100,000.00/$300,000.00 in uninsured/underinsured motorist coverage on each car. State Farm was required by Delaware law to offer uninsured/underinsured motorist coverage in the amount purchased by the plaintiffs. 18 Del. C. Section 3902(b).[4] Delaware law does not permit plaintiffs to "stack" their uninsured/underinsured motorist coverage. 18 Del. C. Section 3902( c).[5] Although stacking is not permitted, Delaware law permits plaintiffs to recover against their highest uninsured/underinsured motorist coverage limit after an accident regardless of which vehicle they were occupying at the time of the accident. *See* Jones v. Horace Mann Ins. Co., 723 A.2d 390 (Del.

---

[4]    Every insurer shall offer to the insured the option to purchase additional coverage for personal injury or death up to a limit of $100,000 per person and $300,000 per accident or $300,000 single limit, but not to exceed the limits for bodily injury liability coverage set forth in the basic policy. Such additional coverage shall include underinsured bodily injury liability coverage.

(1)    Acceptance of such additional coverage shall operate to amend the policy's uninsured coverage to pay for bodily injury damage that the insured or his/her legal representative are legally entitled to recover from the driver of an underinsured motor vehicle.

[5]    The affording of insurance under this section to more than 1 person or to more than 1 vehicle shall not operate to increase the limits of the insurer's liability. When 2 or more vehicles owned or leased by persons residing in the same household are insured by the same insurer or affiliated insurers, the limits of liability shall apply separately to each vehicle as stated in the declaration sheet, but shall not exceed the highest limit of liability applicable to any 1 vehicle.

1998). As a result, if the plaintiffs had purchased uninsured/underinsured motorist coverage in the amount of $100,000.00/$300,000.00 on one of their two cars and $15,000.00/$30,000.00 on the other, they would receive the same level of benefits, $100,000.00 as they did by purchasing $100,000.00/$300,000.00 in uninsured/underinsured motorist coverage on both cars. Essentially, Count II of plaintiffs' complaint poses a challenge to Delaware's statutory and regulatory scheme regarding uninsured/underinsured motorist coverage in a situation where an individual insures more than one vehicle, if the purchase of the "matching" coverage on the second car does not result in an insured's ability to collect a higher level of benefits. Count II of plaintiffs' complaint concludes with the following:

> WHEREFORE, A CLASS OF DELAWARE MOTORISTS IS PAYING HIGHER PREMIUMS THAN NECESSARY AND GETTING NO GREATER BENEFIT THAN IF THEY PURCHASED LESSER COVERAGE FOR ALL BUT ONE VEHICLE ON THEIR POLICY WITH DEFENDANT.

See attached Exhibit "A." Plaintiffs contention constitutes dissatisfaction with the application of Delaware's uninsured/underinsured motorist statute, it is not an averment regarding State Farm's conduct, which has been in full compliance with the statute.

## MOTION TO CHANGE VENUE

7.    As both Counts of plaintiffs' complaint involve legal analysis and public policy determinations specifically rooted in Delaware law and do not involve legal analysis or public policy determinations regarding Pennsylvania law, this matter should be transferred to the United States District Court for the District of Delaware for the convenience of the parties and witnesses and to further the interests of justice.

8.      Personal jurisdiction over State Farm exists in the United States District Court for the District of Delaware as State Farm does business in Delaware and, in fact, issued the plaintiffs their insurance policy in Delaware.

9.      While venue in this Honorable Court is permitted by 28 U.S.C. §1391(a), a transfer of this matter to the United States District Court for the District of Delaware (hereinafter "Delaware") would be more convenient for the parties and witnesses involved in this litigation, and would more effectively serve the interests of justice.

10.     28 U.S.C. §1404(a) permits this Court to transfer an action to another district where it might have been brought, for the convenience of the parties and witnesses and in the interest of justice.

11.     In the Third Circuit, a Court must balance the relevant private and public interests when considering a motion to transfer venue under §1404(a). Jumara v. State Farm Insurance Company, 55 F.3d 873, 879 (3rd Cir. 1995).

12.     Private interests include factors such as: the convenience of the parties, where the property is located, the plaintiffs' choice of forum, where the contracts were signed, and other details of how the claim arose. Id.

13.     In this case there is a strong balance of private interests favoring a transfer to Delaware, as the plaintiffs are residents of Delaware, the insurance contract under which the plaintiffs claim benefits was issued in Delaware and uninsured/underinsured motorist benefits under that policy would be paid pursuant to Delaware law.

14      Equally important to the 1404(a) *forum non conveniens* equation are the public interests at stake in the litigation, such as the local interest in deciding local controversies at home,

8

the public policies of a forum, the familiarity of the court with state law, and practical considerations for trial and court congestion. Id at 879-880.

15.    The public interests in this case weigh heavily in favor of transferring this action to Delaware, as this case is a local controversy involving entitlement to uninsured/underinsured motorist benefits under a Delaware insurance policy and pursuant to Delaware law.

16.    The interests of justice and the convenience of the parties would thus be promoted by a transfer of venue to Delaware under 28 U.S.C. §1404(a), as the resolution of the matters at issue in this lawsuit are best served by local adjudication.

**WHEREFORE,** Defendant, State Farm Mutual Automobile Insurance Company, respectfully requests that this Honorable Court transfer venue to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §1404(a).

## MOTION FOR ABSTENTION

17.    The State of Delaware Insurance Department Bureau of Company Examination, Rehabilitation and Guaranty is tasked with "ensuring reliable insurance coverage at reasonable rates for Delaware consumers." As a result, it is responsible for the following:

> Reviewing applications to do business in Delaware.
>
> Monitoring the financial operations of the 1,500 foreign and 15 domestic insurers licensed in Delaware.
>
> Monitoring the market conduct of insurers operating in Delaware.
>
> Approving or contesting rate filings.
>
> Rehabilitating or liquidating financially impaired insurers.

See attached Exhibit "C."

9

18.    The Delaware Insurance Department Regulations state at 5.1:

> The purpose of 18 Del.**C.** Ch. 25 is to promote the public welfare by regulating insurance rates (in accordance with the intent of Congress as expressed in Public Law 15 — 79th Congress) and to the end that <u>they shall not be excessive, inadequate or unfairly discriminatory</u>, and to authorize and regulate cooperative action among insurers in rate making and in other matters within the scope of 18 Del.**C.** Ch. 25.

(emphasis added).  See attached Exhibit "D."

19.    The Delaware Insurance Department Regulations state at 5.1.1:

> Every insurer shall file with the Commissioner, except as to inland marine risks, every manual, minimum, class rate, rating schedule or plan and every other rating rule, and every modification of any of the foregoing which it proposes to use.

See attached Exhibit "D."

20.    Delaware Insurance Department Regulation 5.2 provides:

> The Commissioner:

> 5.2.1    Shall review all rate and deviation filings. <u>Rates shall not be excessive, inadequate or unfairly discriminatory</u>. Filings may be reviewed by the Commissioner for any reason not inconsistent with the provisions of the Delaware Insurance Code which the Commissioner shall deem necessary and appropriate to accomplish the purposes of said Code.

See attached Exhibit "D."

21.    In <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943), the United States Supreme Court considered whether a federal district court in Texas should have exercised jurisdiction over a dispute involving drilling rights in an oil field.  The State of Texas had developed a regulatory scheme whereby oil rights were determined.  After Burford was permitted to drill, Sun Oil filed suit in

federal court based upon diversity jurisdiction contending that the order permitting Burford to drill

violated its due process rights.  The Supreme Court held that although the federal district court did

have diversity jurisdiction, it should have, in its sound discretion, "refuse[d] to enforce or protect

legal rights, the exercise of which may be prejudicial to the public interest; for it is in the public

interest that federal courts of equity should exercise their discretionary power with proper regard for

the rightful independence of state governments in carrying out domestic policy."

22.     In Burford, the Court stated:

> These questions of regulation of the industry by the State administrative
> agency, whether involving gas or oil prorationing programs or Rule 37 cases,
> so clearly involves basic problems of Texas policy that equitable discretion
> should be exercised to give the Texas courts the first opportunity to consider
> them.  'Few public interests have a higher claim upon the discretion of a
> federal chancellor and the avoidance of needless friction with state policies,
> . . . .These cases reflect a doctrine of abstention appropriate to our federal
> system whereby the federal courts, 'exercising a wide discretion', restrain
> their authority because of 'scrupulous regard for the rightful independence of
> the state governments' and the smooth working of the federal judiciary . . .
> . This use of equitable powers is a contribution of the courts in furthering the
> harmonious relation between state and federal authority without the need of
> rigorous congressional restriction of those powers.

(emphasis added).

23.     As the State of Delaware has enacted a statutory and regulatory scheme governing

insurance premium rates, Burford abstention is appropriate in order to permit the State of Delaware

Insurance Department the first opportunity to consider plaintiffs' allegations.

**WHEREFORE,** Defendant, State Farm Mutual Automobile Insurance Company,

respectfully requests that this Honorable Court abstain from exercising jurisdiction over Count II of

2

plaintiffs' complaint which alleges that State Farm Mutual Automobile Insurance Company sold "illusory" uninsured/underinsured motorist coverage in Delaware.

**BENNETT, BRICKLIN & SALTZBURG LLP**

BY: **KCD3102**
        Katherine Cole Douglas, Esquire
        1601 Market Street, 16th Floor
        Philadelphia, PA 19103-2393
        (215) 561-4300
        Attorneys for Defendant
        State Farm Mutual
        Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KENNETH REYNOLDS and          :
JOAN CHIEN, h/w               :
                              :    CIVIL ACTION
        vs.                   :
                              :
STATE FARM MUTUAL AUTOMOBILE  :
INSURANCE COMPANY             :    NO.  06-CV-03013


MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
FOR ABSTENTION PURSUANT TO BURFORD V. SUN OIL, CO.,
319 U.S. 315 (1943) OR IN THE ALTERNATIVE MOTION
TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)

## I.    FACTS:

State Farm Mutual Automobile Insurance Company [hereinafter "State Farm"] hereby

incorporates the factual averments of its motion to transfer venue as if the same were fully set forth

at length herein.

## II.   LEGAL ARGUMENT:

### A.    Venue of this action should be transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a).

As this matter involves diversity jurisdiction, venue in this district is appropriate under 28

U.S.C. § 1391(a)(1) as plaintiffs are resident of the State of Delaware and State Farm is an Illinois

corporation with an Illinois principal place of business.  Although venue is proper in Pennsylvania

since State Farm does business in Pennsylvania, State Farm files this motion as it is clear after

applying the factors set forth in 28 U.S.C. §1404(a), that venue is more appropriate in the United

4

States District Court for the District of Delaware as that is a jurisdiction where this action might have been brought originally.

28 U.S.C. § 1404(a) permits the Court to transfer an action to another district where the action could have been brought, for the convenience of the parties and witnesses and in the interests of justice. When considering a motion to transfer venue under § 1404(a), a court must not only consider the parties, witnesses, and the interests of justice, but must balance all relevant private and public factors. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988); Jumara v. State Farm Insurance Company, 55 F.3d 873, 879 (3rd Cir. 1995). In Jumara, the United States Court of Appeals for the Third Circuit noted that while there is no definitive formula or list of factors to consider, courts can and should consider the following private and public interests:

Private Interests

1. The plaintiff's choice of forum;
2. The nature of the claim and where it arose;
3. Convenience to the parties based on their relative physical and financial condition;
4. The convenience to the witnesses, to the extent that witnesses may be unavailable for trial in one of the forums; and
5. The location of relevant documents, to the extent they might not be able to be produced at trial in one of the forums;

Public Interests

1. Enforceability of a judgment in either of the two fora;
2. Practical considerations for the trial;
3. Ease of administration based on the comparative court congestion in the two fora;
4. The local interest in deciding local controversies at home;
5. The public policies of the two fora; and
6. The familiarity of the trial judge with the applicable state law in diversity actions.

Jumara, 55 F.3d at 879-880 (citations omitted).

In considering the <u>Jumara</u> factors as a whole, it is noteworthy that the only factor supporting

venue in this district is the plaintiffs' selection of venue, with all of the other relevant private and

public factors supporting venue in Delaware.  Moreover, while the burden is on State Farm to show

why a transfer in venue is appropriate, *"the defendant is not required to show truly compelling*

*circumstances for (a) change of venue, but rather that all relevant things considered, the case would*

*be better off transferred to another district."*  <u>In re United States</u>, 273 F.3d 380, 388 (3rd Cir. 2001)

(citation and internal quotations omitted); <u>Connors v. R&S Parts & Services, Inc.</u>, 248 F. Supp.2d

394, 396 (E.D. Pa. 2003).

Balancing the private factors enunciated in <u>Jumara</u> reveals that the weight of private interests

supports adjudication in Delaware.  For purposes of this motion, State Farm does not suggest that

either forum would be especially inconvenient given the relative proximity of Philadelphia,

Pennsylvania to Wilmington, Delaware.  However, Delaware is the more convenient forum given

the fact that the State Farm claims personnel who handled plaintiffs' uninsured/underinsured

motorist claim, witnesses who may testify at trial, are located in Delaware.  Moreover and

significantly, issues surrounding the interpretation of the State Farm policy under Delaware law and

interpretations of Delaware law itself may arise as the plaintiffs' automobile liability insurance

policy was issued in Delaware and provides uninsured/underinsured motorist benefits pursuant to

the terms of Delaware law.

While a plaintiffs' choice of venue is given preference over a defendant's interest in a

different forum for purposes of the private interest balancing, such preference is considerably

diminished where none of the operative facts occurred in the venue that plaintiffs desire. <u>Wilson v.</u>

<u>State Farm Mut. Auto. Ins. Co.</u>, 2004 WL 1551743, 2 (E.D. Pa.); <u>Zeevi v. American Home Products</u>

6

Corp., 2002 WL 92902 (E.D. Pa.). In Jumara, the Third Circuit gave considerable weight to the fact

that "everything related to the action occurred in (a different) county," including the underlying

incident, the execution of the contracts at issue, and the eventual arbitration, all of which militated

in favor of a transfer in venue. Jumara, 55 F.3d at 882 (The forum selection clause in the contract

at issue also played a role in the court's decision to transfer venue). In the case at bar, although

Kenneth Reynolds' car accident occurred in Pennsylvania, his entitlement to uninsured/underinsured

motorist coverage, the crux of Count I of plaintiffs' complaint and the totality of Count II relating

to the sale of "illusory" coverage relate to Delaware law and procedure.

Turning to public interest facts, analysis of the "interest of justice" factors described by

Jumara strongly tips the balance further in favor of a transfer in venue, as every relevant public

interest consideration suggests that Delaware is the appropriate forum for the case at bar. For

purposes of this motion, State Farm does not suggest that a judgment would be more or less

enforceable in either location[6] or that either forum is noticeably less burdened by congestion.

Instead, it is the need to interpret Delaware uninsured/underinsured motorist law and possibly public

policy, when combined with the local interest in deciding this matter and the greater ease of trial in

Delaware, which overwhelmingly tips the balance toward venue in the District of Delaware.

Where the substantive law of another state will govern the outcome of a litigation, the public

interest balance favors a motion to transfer venue under §1404(a), as local trial judges are generally

more familiar with a state's law and processes than judges of a foreign state's District Court.

Landmark Building Systems, Inc. v. The Whiting-Turner Contracting Co., 2003 WL 21293812, 2

---

[6]However, State Farm does contend that this Honorable Court should abstain from
considering Count II of plaintiffs' complaint relating to the sale of illusory
uninsured/underinsured motorist coverage under Burford v. Sun Oil Co. as the State of Delaware
has a recognized statutory and regulatory scheme governing proper insurance rates in Delaware.

(E.D. Pa.); Connors, 248 F. Supp.2d 394, 39; But see Busch v. Sea World of Ohio, 95 F.R.D. 336, 341 (W.D. Pa. 1982) (clear foreign law does not support transfer of venue). Thus in Landmark, where a Pennsylvania corporation brought breach of contract and failure of surety claims against a Maryland contractor and their insurance company in the Eastern District, where none of the events at issue in the lawsuit had occurred, the District Court granted a *forum non conveniens* motion with one of the reasons being that Maryland laws would govern the outcome and Maryland judges would be more familiar with the complexities of that law. Landmark, 2003 WL 21293812, at 2; See also Connors, 248 F.Supp at 396.

In the instant litigation, the plaintiffs have contended not only that they are entitled to uninsured/underinsured motorist benefits but also that State Farm sold "illusory" uninsured/underinsured motorist coverage. Therefore, the resolution of this matter requires not only an analysis of Delaware's uninsured/underinsured motorist law but also an analysis of Delaware's statutory and regulatory scheme regarding insurance premiums.

The two other public interest considerations that factor into the 1404(a) balancing equation, practical trial considerations and the local interest in deciding local controversies at home, Jumara, 55 F.3d at 883, also weigh in favor of transferring the litigation to Delaware. Therefore, on balance, "all relevant things considered, the case would be better off transferred to" another district," namely the District Court for the District of Delaware. See In re United States, 273 F.3d 380, 388 (3rd Cir. 2001) (citation and internal quotations omitted). The public interests in this case weigh strongly in favor of transferring this action to Delaware, as this case involves a local controversy that implicates local policies and local laws. The weight of the private interests also favors venue in Delaware, as every event material to this litigation arose in Delaware.

**B.**    **The United States District Court for the Eastern District of Pennsylvania should abstain from exercising jurisdiction over Count II of plaintiffs' complaint which alleges that State Farm Mutual Automobile Insurance Company sold "illusory" uninsured/underinsured motorist coverage under the <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943) decision as the State of Delaware has a regulatory system for review of uninsured/underinsured motorist rates.**

In <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943), the United States Supreme Court considered whether a federal district court in Texas should have exercised jurisdiction over a dispute involving drilling rights in an oil field. The State of Texas had developed a regulatory scheme whereby oil rights were determined. After Burford was permitted to drill, Sun Oil filed suit in federal court based upon diversity jurisdiction contending that the order permitting Burford to drill violated its due process rights. The Supreme Court held that although the federal district court did have diversity jurisdiction, it should have, in its sound discretion, "refuse[d] to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest; for it is in the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out domestic policy." In reaching this conclusion, the Court stated:

> These questions of regulation of the industry by the State administrative agency, whether involving gas or oil prorationing programs or Rule 37 cases, so clearly involves basic problems of Texas policy that equitable discretion should be exercised to give the Texas courts the first opportunity to consider them. 'Few public interests have a higher claim upon the discretion of a federal chancellor and the avoidance of needless friction with state policies, . . . . <u>These cases reflect a doctrine of abstention appropriate to our federal system whereby the federal courts, 'exercising a wide discretion', restrain their authority because of 'scrupulous regard for the rightful independence of the state governments' and the smooth working of the federal judiciary . . . . This use of equitable powers is a contribution of the courts in furthering the harmonious relation between state and federal authority</u> without the need of rigorous congressional restriction of those powers.

(emphasis added).    As the State of Delaware has enacted a statutory and regulatory scheme governing insurance premium rates, <u>Burford</u> abstention is appropriate in order to permit the State of Delaware Insurance Department the first opportunity to consider plaintiffs' allegations

## IV.    CONCLUSION

For the foregoing reasons, State Farm Mutual Automobile Insurance Company respectfully requests that this Honorable Court grant the relief requested.

**BENNETT, BRICKLIN & SALTZBURG LLP**

BY: **KCD3102**
     Katherine Cole Douglas, Esquire
     1601 Market Street, 16th Floor
     Philadelphia, PA 19103-2393
     (215) 561-4300
     Attorneys for Defendant
     State Farm Mutual
     Automobile Insurance Company

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **KENNETH REYNOLDS and** | : | |
| **JOAN CHIEN, h/w** | : | |
|  | : | **CIVIL ACTION** |
| **vs.** | : | |
|  | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | **NO.   06-CV-03013** |

## CERTIFICATE OF SERVICE

I, Katherine Cole Douglas, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF System.  I further certify that, on January 10, 2007, I caused to be served a true and correct copy of the foregoing Motion for Abstention or in the Alternative Motion to Transfer Venue of Defendant, on all interested counsel by way of United States Regular First Class Mail, postage prepaid, addressed as follows:

Shelly Farber, Esquire
2619 West Chester Pike
Broomall, PA 19008-1809

**BENNETT, BRICKLIN & SALTZBURG LLP**

BY: **KCD3102**
                    Katherine Cole Douglas, Esquire
                    1601 Market Street, 16th Floor
                    Philadelphia, PA 19103-2393
                    (215) 561-4300
                    Attorneys for Defendant
                    State Farm Mutual
                    Automobile Insurance Company

EXHIBIT "A"

<u>IN THE UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF PENNSYLVANIA</u>

KENNETH REYNOLDS

And his wife            :
JOAN CHIEN                              :
                                        :
    V.                                  :
                                        :          CIVIL ACTION NO. _____
STATE FARM INSURANCE COMPANIES.         :
One State Farm Drive
Frederick MD 21709          :
                            :

## <u>COMPLAINT</u>

Plaintiffs, Kenneth Reynolds and Joan Chien, move this court, pursuant to Pennsylvania Rule of Civil Procedure 3146(a)(1), for a hearing and assessment of the LIABILITY of the insurer under policy number in effect on July 3, 2006and aver the following:

1.      Plaintiffs obtained a valid judgment against uninsured Defendants Viking Transport, Inc., Frank Buono, and Jorge Gonzales ("Defendants") in the Court of Common Pleas of Philadelphia County, Pennsylvania after suing for damages for an accident occurring in Philadelphia Pennsylvania on July 3, 2002..

2.      At all times, plaintiffs were insured by defendant under a Delaware automobile insurance policy believed to be number 41734-F14-08

3.      Despite repeated timely demand, defendant refused to provide the statutory coverage of Uninsured Motorist coverage which could be as much as $300,000 per plaintiff.

WHEREFORE, Plaintiffs pray that this Honorable Court schedule a hearing to assess damages pursuant to the insurance policyor permit a claim for damages under DIVERSITY jurisdiction.

Count II. <u>Collecting extra premiums for each vehicle but failing to provide any extra coverage.</u>

1

4. Defendant in the state of Delaware charges a premium for each motor vehicle for uninsured motorist coverage; yet when multiple vehicles on the same policy have uninsured motorist coverage, only the highest amount of coverage for any vehicle on the same policy is permitted to be paid out; in other words, one need only pay for one vehicle to have maximum coverage to have maximum coverage on all vehicles on the policy so long as any lesser coverage (but not NO coverage) is purchased; and therefore collecting additional fees for maximum coverage on all other vehicles on the same policy once maximum uninsured motorist benefits are purchased for one vehicle on the same policy.   Purchasing any level of uninsured motorist benefits affords no greater uninsured motorist coverage amounts than if the minimal amount of coverage is purchased for all other vehicles on the same policy so long as all vehicles on the policy have some type of uninsured motorist coverage and one vehicle on the policy has mazimum coverage.

WHEREFORE, A CLASS OF DELAWARE MOTORISTS IS PAYING HIGHER PREMIUMS THAN NECESSARY AND GETTING NO GREATER BENEFIT THAN IF THEY PURCHASED LESSER COVERAGE FOR ALL BUT ONE VEHICLE ON THEIR POLICY WITH DEFENDANT.

SHELLY FARBER, ESQUIRE
Attorney for Plaintiffs
2619 West Chester Pike
Broomall, Pa 19008
(610) 356-3900
PA. Attorney Id # 33726

2

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
        Plaintiffs            :

                         :           No. 06-CV-03013

        v.                :

                         :

STATE FARM INSURANCE COMPANY :
        Defendant           :

## <u>ACCEPTANCE OF SERVICE</u>

TO THE CLERK OF COURT:

      The undersigned counsel of record in this case hereby accepts service of
Plaintiff's Complaint on this _____ day of September, 2006.

                        BENNET, BRICKLIN & SALTSBURG LLP

                      BY: _____

                            LOUIS E. BRICKLIN, ESQUIRE
                            I.D. NO. 20281
                            1601 Market Street, 16th Floor
                            Philadelphia, Pa 19103
                            (215) 561-4300

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
        Plaintiffs        :

                :        No. _____

        v.         :

                :

STATE FARM INSURANCE COMPANY :
        Defendant       :

AMENDMENT TO COMPLAINT

Comes now the plaintiffs, by and through counsel, and move to amend the complaint
prior to any responsive proceeding pursuant to FRCP 15 and hereby amend the complaint
to include the following:

1.     Jury Trial Demanded

                            Respectfully Submitted:

                            SHELLY FARBER ESQUIRE
                            PA Attorney ID 33726
                            Farber and Farber Law Offices
                            2619 West Chester Pike Suite 100
                            Broomall, PA 19008
                            610-356-3900
                            610-356-3952

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
        Plaintiffs       :
                      :            No. _____
    v.                :
                      :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY      :
        Defendant      :

AMENDMENT TO COMPLAINT

COME NOW the plaintiffs, by and through counsel, and hereby move to amend the
Caption of Plaintiff's Complaint prior to any responsive pleading proceeding pursuant to
FRCP 15 as follows:

1.    The Defendant in this case is properly named State Farm Mutual Automobile
Insurance Company rather than State Farm Insurance Company.

WHEREFORE, Plaintiff prays that the Clerk of Courts identifies the Defendant as State
Farm Mutual Automobile Insurance Company within the official Caption of this action.

Respectfully Submitted:

SHELLY FARBER ESQUIRE
PA Attorney ID 33726
Farber and Farber Law Offices
2619 West Chester Pike Suite 100
Broomall, PA 19008
610-356-3900
610-356-3952

EXHIBIT "B"

## 2. SCHEDULE

| COVERAGE SYMBOL | LIMIT EACH *PERSON* | LIMIT EACH *ACCIDENT* | LIMIT FOR FUNERAL EXPENSES | DEDUCTIBLE THAT APPLIES TO *YOU* | DEDUCTIBLE THAT APPLIES TO *MEMBERS OF YOUR HOUSEHOLD* |
|---|---|---|---|---|---|
| P | $15,000 | $30,000 | $5,000 | None | None |
| P2 | 15,000 | 30,000 | 5,000 | $ 250 | $ 250 |
| P3 | 15,000 | 30,000 | 5,000 | 250 | None |
| P4 | 15,000 | 30,000 | 5,000 | 500 | $ 500 |
| P5 | 15,000 | 30,000 | 5,000 | 500 | None |
| P6 | 15,000 | 30,000 | 5,000 | 1,000 | $1,000 |
| P7 | 15,000 | 30,000 | 5,000 | 1,000 | None |
| P8 | 25,000 | 50,000 | 5,000 | None | None |
| P9 | 50,000 | 100,000 | 5,000 | None | None |
| P10 | 100,000 | 300,000 | 5,000 | None | None |

## SECTION III — UNINSURED MOTOR VEHICLE — COVERAGE U

*You* have this coverage if "U" appears in the "Coverages" space on the declarations page.

We will pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* or *property damage* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

*Uninsured Motor Vehicle* – means:

1. a land motor vehicle which does not have, at the time of the accident:

   a. cash or securities on file with the Delaware State Treasurer, or

   b. a bodily injury and property damage liability bond or insurance policy

   in at least the amount specified by the Delaware Motor Vehicle Safety Responsibility Law; or

2. a land motor vehicle insured or bonded for bodily injury and property damage liability at the time of the accident, but the insurer or surety:

    a. legally denies coverage; or

    b. is or becomes insolvent; or

    c. has been placed in receivership; or

3. with respect to damages for *bodily injury*, a land motor vehicle:

    a. the ownership, maintenance or use of which may be insured or bonded for bodily injury liability at the time of the accident; but

    b. the limits of liability for bodily injury liability are less than the limits *you* carry for uninsured motor vehicle coverage under this policy; or

4. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:

    a. the *insured*; or

    b. the vehicle the *insured* is *occupying*

    and causes *bodily injury* to the *insured* or *property damage* to the property of an *insured*; or

5. a "non-contact" land motor vehicle whose owner or driver remains unknown and which causes *bodily injury* to the *insured* or *property damage* to the property of an *insured*.

An *uninsured motor vehicle* does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. owned or operated by a self-insurer under any motor vehicle financial responsibility law, a motor carrier law or any similar law;

3. owned by any government or any of its political subdivisions or agencies;

4. designed for use mainly off public roads except while on public roads; or

5. while located for use as premises.

*Property Damage* — means damage to:

1. a motor vehicle:

    a. owned by *you* or *your spouse*;

    b. insured under liability coverage of this policy;

    c. registered in Delaware; and

    d. used with the permission of *you* or *your spouse*.

    It includes payments made for substitute transportation while such vehicle is disabled.

2. any other property (except a motor vehicle) owned by an *insured* and located in Delaware.

**Who Is an Insured**

*Insured* — means the *person* or *persons* covered by uninsured motor vehicle coverage.

This is:

1. the first *person* named in the declarations;

2. his or her *spouse*;

3. their *relatives*; and

4. any other *person* while *occupying*:

    a. *your car*, a *temporary substitute car*, a *newly acquired car* or a trailer attached to such *car*. Such vehicle has to be used within the scope of the consent of *you* or *your spouse*; or

    b. a *car* not owned by *you*, *your spouse* or any *relative*, or a trailer attached to such a *car*. It has to be driven by the first *person* named in the declarations or that *person's spouse* and within the scope of the owner's consent.

5. any *person* entitled to recover damages because of *bodily injury* to an *insured* under 1 through 4 above.

**Payment of Any Amount Due**

We will pay any amount due:

1. to the *insured*;

2. to a parent or guardian if the *insured* is a minor or an incompetent *person*;

3. to the surviving *spouse*; or

4. at our option, to a *person* authorized by law to receive such payment.

**Limits of Liability**

1. Bodily Injury

    The amount of coverage is shown on the declarations page under "Limits of Liability – U – Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. "*Bodily injury* to one *person*" includes all injury and damages to others resulting from this *bodily injury*. Under "Each Accident" is the total amount of coverage, subject to the

amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

2. Property Damage

   The amount of coverage is shown on the declarations page under "Limits of Liability – U – Property Damage, Each Accident". This is the amount of coverage for damages in excess of $250 to the property of all *insureds* as the result of one accident.

3. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured* for *bodily injury* or *property damage* under the liability coverage.

4. Any payment made to a *person* under this coverage shall reduce any amount payable to that *person* under the liability coverage.

5. The limits of liability are not increased because:

   a. more than one vehicle is insured under this policy; or

   b. more than one *person* is insured at the time of the accident.

6. The following applies if the vehicle in the accident is an *uninsured motor vehicle* as defined in items 1, 2, 4 or 5 under the heading, "*Uninsured Motor Vehicle – means*":

   Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury* or *property damage* sustained by the *insured*.

7. The following applies if the vehicle in the accident is an *uninsured motor vehicle* as defined in item 3 under the heading, "*Uninsured Motor Vehicle – means*":

   The most we pay will be the lesser of:

   a. the difference between the amount of the *insured's* damages for *bodily injury*, and the amount paid to the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury*; or

   b. the limits of liability of this coverage.

**When Coverage U Does Not Apply**

THERE IS NO COVERAGE:

1. FOR ANY *INSURED* WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY*

*INJURY* OR *PROPERTY DAMAGE*. This does not apply to an *insured* who settles with the owner or operator of a vehicle described in item 3 of the definition of *uninsured motor vehicle*.

2. TO THE EXTENT IT BENEFITS:

   a. ANY WORKER'S COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY.

   b. A SELF-INSURER UNDER ANY WORKER'S COMPENSATION, OR DISABILITY BENEFITS OR SIMILAR LAW.

   c. ANY GOVERNMENTAL BODY OR AGENCY.

3. FOR THE FIRST $250 OF *PROPERTY DAMAGE* TO THE PROPERTY OF ALL *INSUREDS* RESULTING FROM ONE ACCIDENT.

**If There Is Other Coverage**

1. Coverage Provided by Us or an Affiliated Company

   If two or more vehicles owned or leased by *you, your spouse* or any *relative* are insured for this coverage under one or more policies issued by us or an affiliated company, the total limit of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability.

2. Coverage Provided by Other Insurers

   Subject to item 1 above, if an *insured* as defined in item 1, 2, or 3 of the definition of *insured* sustains *bodily injury* while not *occupying* a motor vehicle and other uninsured motor vehicle coverage issued by an insurer, other than us or an affiliated company, applies we will pay our share. Our share is that per cent of the damages that our applicable limit of liability bears to the total of all uninsured motor vehicle coverage that applies to the accident.

3. Subject to item 1 above:

   a. If an *insured* as defined in item 1, 2, or 3 of the definition of *insured* sustains *bodily injury* while *occupying* a vehicle which is not owned by *you, your spouse* or any *relative*, our limit of liability applies as excess to any other coverage available from a policy covering the vehicle *occupied* or its driver.

   If coverage from more than one insurer applies as excess, we will pay our share. Our share is that per cent of the damages

in excess of the primary coverage that our applicable limit of liability bears to the total of all uninsured motor vehicle coverage that applies to the accident as excess coverage.

b. If an *insured* as defined in item 1, 2, or 3 of the definition of *insured* sustains *bodily injury* or *property damage* while *occupying your car*, and *your car* is described on the declarations page of another policy providing this coverage and issued by an insurer, other than us or an affiliated company, we will pay our share. Our share is that per cent of the damages that our applicable limit of liability bears to the total of all uninsured motor vehicle coverage that applies to the accident.

4. If an *insured* as defined in item 4 of the definition of *insured* sustains *bodily injury* or *property damage* while *occupying*:

a. a vehicle which is not *your car* or a *newly acquired car*, and such vehicle is insured for uninsured motor vehicle coverage, this coverage applies as excess to such other insurance but only in the amount by which it exceeds the primary coverage.

Subject to item 1 above, if more than one policy applies as excess, we will pay our share. Our share is that per cent of the damages in excess of the primary coverage that our applicable limit of liability bears to the total of all uninsured motor vehicle

coverage that applies to the accident as excess coverage.

b. *your car*, and *your car* is described on the declarations page of another policy providing uninsured motor vehicle coverage:

(1) the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability; and

(2) we are liable only for our share. Our share is that per cent of the damages that the limit of liability of this coverage bears to the total of all such uninsured motor vehicle coverage applicable to the accident.

5. THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER UNINSURED MOTOR VEHICLE COVERAGE ON A *NEWLY ACQUIRED CAR.*

6. This coverage applies as excess over:

a. any benefits available under coverage P, or which would have been available if a deductible were not applied; or

b. any benefits available under coverage N or N-1; or

c. any other coverage available from any source applicable to *property damage.*

This coverage applies only in the amount by which the limit of liability of this coverage exceeds the amount payable under such other coverage.

## SECTION IV — PHYSICAL DAMAGE COVERAGES

*Loss* — means, when used in this section, each direct and accidental loss of or damage to:

1. *your car*;
2. its equipment which is common to the use of *your car* as a vehicle;
3. clothes and luggage insured; and

4. a detachable living quarters attached or removed from *your car* for storage. Detachable living quarters includes its body and items securely fixed in place as a permanent part of the body. *You* must have told us about the living quarters before the *loss* and paid any extra premium needed.





EXHIBIT "C"

## State of Delaware
The Official Website for the First State

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & L

State Directory | Help | Search **This Site** | Your Search... | GO | Citizen Services | Business Services | \

=== **Insurance Commissioner & Department of Insurance** ===

**HOME**
About the Agency
About Matt Denn
Contact Us
Directions to Office
Divisions & Programs:
- Company Regulation
- Consumer Services
- Fraud Prevention
- Producer Licensing
- ELDER*info*
- Workplace Safety
Lenny's Page for Kids
Site Map

**SERVICES**
Captive Insurance
Companies Authorized in Delaware
**Compare Auto Rates**
Defensive Driving
Course Providers
Instant Insurance Guides
Insurance Agent Verification & Status
Medigap Rate Comparison
Online Licensee Service

**INFORMATION**
Bulletins
Company Status:
- Blue Cross Blue Shield
- Royal & Sun Alliance Acquisition
- Statewide Insurance Company
Calendar
Delaware Insurance Laws
Delaware Insurance Regulations
FAQs
Forms & Applications
Guides & Publications
Links
Proposed Legislation
Proposed Regulations
UCAA
Workers Compensation Rate Review



# About The Agency

The Insurance Commissioner's Office consists of four divisions:

## Bureau of Company Examination, Rehabilitation & Guaranty

To ensure reliable insurance coverage at reasonable rates for Delaware consumers, the bureau:

- Reviews applications to do business in Delaware
- Monitors the financial operations of the 1,500 foreign and 150 domestic insurers licensed in Delaware
- Monitors the market conduct of insurers operating in Delaware
- Approves or contests their rate filing
- Rehabilitates or liquidates financially impaired insurers

## Consumer Services & Investigations Division

- Provides information on how to make decisions that can lower the cost of insurance and increase the value the consumer receives.
- Assists consumers in resolving conflicts with insurance companies, health coverage providers, and agents.
- Provides arbitration hearings as a low-cost alternative to civil litigation to resolve disputed consumer claims.
- Investigates concerns regarding all types of insurance and utilizes consumer input to review market trends, statute and rule violations, and to develop changes to the insurance law.

## Producer Licensing & Continuing Education Division

To ensure competency and ethical conduct by insurance agents, brokers, limited agents, adjusters, appraisers, and consultants, the Division:

- Develops and administers tests for entry into the field
- Maintains permanent records on the 33,000 insurance professionals

841 Silver Lake Blvd.
Dover, DE 19904
(302) 674-7300

- Administers the Continuing Education Program
- Provides consumers information about licensing status of a producer

## Fraud Prevention Bureau

To reduce the cost of insurance fraud to consumers, the Bureau:

- Investigates property and casualty, auto, life, health, workers compensation, provider and agent insurance fraud.
- Provides a focal point for the anti-fraud efforts of insurance company investigators, law enforcement agencies, and prosecutors to achieve a cooperative and coordinated approach to the detection, investigation, and prosecution of insurance fraud.

# Additional Programs

## ELDER*Info*Office

ELDER*info* is Delaware's State Health Insurance Assistance Program (SHIP). ELDER*info* provides information, counseling and assistance to people with Medicare on health insurance matters.

## Workplace Safety Program

Promotes safety in the workplace and provides lower workers compensation insurance premiums for qualifying employers conducting business within the State of Delaware. With cooperation with the Delaware Compensating Rating Bureau, the Insurance Department determines eligibility of employers and establishes inspection procedures for a premium credit under the program.

Last Updated: Friday, 13-Jan-06 10:02:06



# State of Delaware
The Official Website for the First State



Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & L

State Directory | Help | Search Delaware: [_____] [GO]    Citizen Services | Business Services | \

**Delaware's Administrative Code**

HOME
Delaware's Governor
The General Assembly
Courts

SERVICES
Division of Research
Subscription Services
Monthly Regulatory
Subscription Service
Legislation Notification
Services

INFORMATION
Delaware Code
Administrative Code
Delaware Regulations
  Cumulative Tables
City and Town Charters

[PAGE <] [INDEX ≡]

## Title 18 Insurance
## 600 Automobile Insurance

### 600 Automobile Insurance

### 610 Automobile Premium Consumer Comparison

**1.0 Authority**

1.1 This regulation is adopted by the Commissioner pursuant to the authority granted by 18 **Del.C.** §§311 and 2501 and promulgated in accordance with the Delaware Administrative Procedures Act, 29 **Del.C.** Chapter 101.

**2.0 Definitions**

"**Insurer**" shall mean every insurer licensed to offer and sell non-fleet private passenger automobile insurance coverage in the State of Delaware.

"**Private passenger auto market share**" shall be determined by data from the National Association of Insurance Commissioners for the prior calendar year for line numbers 19.1, 19.2 and 21.1 for the State of Delaware

"**Rate estimates**" shall mean the estimated annual insurance premiums produced for the Department's rate survey.

"**Rate survey**" shall mean a request by the Department that insurers calculate estimated annual insurance premiums based on hypothetical consumer profiles, and to include variations in driving record, vehicle and other factors identified by the Department. The rate survey shall include estimated premiums for each zip code or other geographic area identified by the Department.

**3.0 Scope**

3.1 Insurers with 1 percent or more of the Delaware private passenger automobile insurance market share shall be required to complete the full rate survey required by this regulation.

3.2 Insurers with .01 to .99 percent of private passenger automobile insurance market share shall be required to complete a limited rate survey consisting of a lesser number of hypothetical consumer profiles identified by the Department.

3.3 Insurers with less than .01 percent of private passenger automobile insurance

market share shall not be required to complete a rate survey pursuant to this regulation.

**4.0 Insurer Information**

4.1 Each insurer will be provided with an account on the Department's website to provide basic company information and to administer the submission of rate survey data.

**5.0 Survey Completion Deadline**

5.1 The Department of Insurance shall make available the rate survey request format with hypothetical consumer profiles, coverage levels, vehicle models and other information necessary for calculating rate estimates on the Department's website no later than September 15th of each year.

5.2 In 2006, all required rate survey data from insurers must be submitted to the Department on or before November 1st, 2006. In all subsequent years, all required rate survey data from insurers must be submitted to the Department on or before October 15th of each year.

5.3 Rate survey data that is incomplete or not reported according to the Department's instructions will be returned to the insurer for correction and must be resubmitted within 10 business days.

**6.0 Survey Format**

6.1 Insurers shall provide rate estimates based on rates in effect as of October 1st of the year when the rate survey is being completed.

6.2 All rate estimates shall be rounded to the nearest dollar.

6.3 Insurers shall submit rate data utilizing an electronic spreadsheet provided by the Department or by other means specified by the Department. Insurers shall be required to upload the data to the Department via the internet.

**7.0 Responsibility for Information and Data**

7.1 Insurers shall be responsible for the accuracy of company information and rate data submitted to the Department for publication. As part of the submission process, insurers will be subject to examination to verify the accuracy of the data being submitted.

**8.0 Consumer Quote Requests**

8.1 Insurers shall provide a single electronic mail address to the Department for the purpose of allowing consumers to request a personalized automobile insurance premium quote as part of the rate comparison process.

8.2 The insurer shall be required to provide a direct email response to the consumer, confirming receipt of the quote request.

8.3 The insurer shall be required to maintain an electronic log of all email responses to consumer requests for rate quotes for a period of one year after the request. The electronic log shall be capable of being transferred to the Department upon request.

### 9.0 Penalties

9.1 Insurers that do not comply with this regulation are subject to the provisions of 18 **Del.C.** §329.

### 10.0 Severability

10.1 If any provision of this Regulation or the application of any such provision to any person or circumstance shall be held invalid the remainder of such provisions, and the application of such provision to any person or circumstance other than those as to which it is held invalid, shall not be affected.

### 11.0 Effective Date

11.1 This Regulation shall become effective September 11, 2006.

**10 DE Reg. 566 (09/01/06)**

Last Updated: Thursday, 31-Aug-06 16:21:10

site map   |   about this site   |   contact us   |   translate   |   delaware.gov



# State of Delaware
The Official Website for the First State



Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & L

State Directory | Help | Search Delaware: [_____] [GO]   Citizen Services | Business Services | \

**Delaware's Administrative Code**

**HOME**
Delaware's Governor
The General Assembly
Courts

**SERVICES**
Division of Research
Subscription Services
Monthly Regulatory
Subscription Service
Legislation Notification
Services

**INFORMATION**
Delaware Code
Administrative Code
Delaware Regulations
  Cumulative Tables
City and Town Charters

[PAGE ◄] [INDEX ≡] [PAGE ►]

## Title 18 Insurance
## 600 Automobile Insurance

### 609 Limitations on Automobile Surcharges in Voluntary Markets and the Assigned Risk Plan [Formerly Regulation 68]

**1.0 Authority**

1.1 This Regulation is adopted under the authority granted to the Commissioner under **18 Del. C. §§ 314, 2503 and 2527**, and promulgated in accordance with **29 Del. C. Ch.101**.

**2.0 Purpose**

2.1 The purpose of this Regulation is to require that rates charged to insureds reflect the variations in hazards or expense provisions chargeable to insureds and that rates be neither inadequate, excessive, nor unfairly discriminatory.

**3.0 Applicability and scope**

3.1 This Regulation shall apply to all policies of personal non-fleet automobile insurance delivered in this state after the effective date. All renewal policies must conform with this Regulation. Nothing in this regulation is intended to require an insurer to surcharge any policyholder, nor to prohibit an insurer from filing a surcharge plan with the Department which results in lower surcharges than provided herein, nor to have retroactive effect.

**4.0 Definitions**

4.1 For purposes of this Regulation, the following terms shall be defined as follows:

**"At-fault accident"** means an accident involving the ownership, maintenance or use of a motor vehicle, including unlawful parking, in which damages or losses are incurred and which is chargeable to the named insured or any other insured under the policy. In the event of contributory negligence, an accident shall be considered at fault if more than 50% of the fault is assessed to the insured. There is a rebuttable presumption that a single car accident which results in a claims payment is an "at-fault accident".

**"Insured"** or **"policyholder"** means the named insured and any other person insured under the policy .

**"Serviceman"** shall mean a member of the United States Armed Forces who has been assigned to duty outside of the United States for at least thirty days immediately prior to applying for insurance.

**"Standard coverage"** or "standard market" shall mean a policy of insurance which is customarily offered to new insureds by the insurance group or insurer based on age, sex, type of vehicle, territory and other standard rating criteria, which are actuarially justified but which excludes any consideration for underwriting or rating purposes of the factors which resulted in the insured's placement in the assigned risk program.

**"Surcharge"** means the additional amount added to the usual premium charge for insurance issued to a policyholder as a result of accidents, claims or convictions involving a motor vehicle, and includes a change in premium which results from the policyholder being moved into a higher pricing tier. The removal of discounts in accordance with an insurer's filed and approved rating plan will not be considered a surcharge for purposes of this regulation.

## 5.0 Surcharge plans

5.1 No surcharge plan filed for use in Delaware shall contain, nor shall any surcharge plan be used in Delaware, unless it complies with the following standards:

5.1.1 No surcharge shall be imposed against a named insured or any person insured under the policy for any claim paid by an insurer arising from a not at-fault accident.

5.1.2 No surcharge shall be imposed against a named insured or any other person insured under the policy for an accident in which the insured is involved but results in no payment by the insurer.

5.1.3 No surcharge may be imposed for the first at-fault accident during any three year period which exceeds pro rata over a three year period the amount of the claim paid or reserved by the insurer. The amount of the claim shall be net of any deductible amounts assumed by the insured. Each insurer shall file a surcharge plan with the Department which in all but exceptional cases will comply with this subparagraph. An insured may question the amount of the surcharge whereupon a decision by the Department of Insurance shall be rendered within fifteen (15) business days after receiving the inquiry. In rendering its decision, the Department shall consult with the insurer to confirm the amount of the claim and the amount of the surcharge related thereto. If, after such review, the Department finds that the insurer's surcharge exceeds the standard required by this subsection, the Department may order the insurer to adjust the surcharge amount consistent with this subsection.

5.1.4 No insurer shall surcharge for any period which exceeds three years from the date when that surcharge was first imposed by the insurer.

5.1.5 No insurer shall use any surcharge program which results in an insured being both assessed a percentage charge or dollar amount and placed in a higher pricing tier arising from the same accident or violation. This limitation does not apply if the insurer would be permitted under State law to cancel or non-renew the insured.

5.1.6 No insurer shall impose any charge beyond its manual rates to any new policyholder who has had no at-fault accidents or point violations in the preceding three year period.

5.1.7 No surcharge may be imposed unless the named insured is notified at least ten days in advance of the effective date of the surcharge, of the amount of the

surcharge and the reasons for the imposition of the surcharge. No surcharge may be instituted against a policyholder except at the time of renewal or policy issuance unless a new insured under the policy is added during the policy term and the new insured is surchargeable under the insurer's filed and approved surcharge plan. Notice of imposition of a surcharge may be included with the renewal offer. This subsection does not apply to new business.

5.1.8 Any named insured or any other person insured under the policy who has had at fault accidents or has been assessed points in the three years immediately preceding application for a policy of insurance may be surcharged in accordance with surcharge plans filed with the Delaware Insurance Department.

5.1.9 No policyholder shall be surcharged or charged any additional premium beyond a three year period because of at-fault accidents or points which occurred three or more years before the date of the policy is first written or renewed, unless additional points or accidents have been incurred.

5.2 For any policy of insurance issued under the Delaware Assigned Risk Program, and notwithstanding any other regulation to the contrary, the following provisions shall apply:

5.2.1 Offer of Standard Coverage after Six Months: Any serviceman serving in the armed forces of the U.S. Government or a returning member of the Peace Corps who has not had insurance in the thirty days immediately preceding application for a policy of insurance because of serving in a foreign country and who, along with all other insureds under the policy, has not been involved in any at fault accidents or been assessed any points during the three years immediately preceding application for a policy of insurance shall be offered coverage by the insurer in the insurer's standard market, if the insurer has a standard market, at the end of six months. In the event the insurer does not have a standard market, the named insured shall be offered the insurer's non-surcharged rates for the named insured's classification. If the insurer offers coverage in a preferred company or preferred rating tier, for one year the insurer may surcharge an amount not greater than 50% of the difference between the assigned risk rate and the preferred rate.

5.2.2 Offer of Standard Coverage after One Year: Each named insured who has been assigned to an insurer shall be offered coverage in the insurer's standard market, if the insurer has a standard market, at the end of one year if the named insured has not had a chargeable at fault accident or points assessed in the three years immediately preceding the date of the policy renewal. This offer does not apply to insureds with Driving Under the Influence convictions, elections under the First Offenders' program, or vehicular homicide convictions. In the event the insurer does not have a standard market, the named insured shall be offered the insurer's non-surcharged rates for the named insured's classification. If the insurer offers coverage in a preferred rating tier or preferred company, for one year the insurer may surcharge an amount not greater than 50% of the difference between the assigned risk plan and the preferred rate.

5.2.3 If maintenance of a membership in an organization is a uniform requirement of eligibility for insurance with the insurer offering a takeout letter, a membership must be offered by the organization and accepted by the insured at the same time as the offer of coverage from the insurer is accepted by the named insured.

## 6.0 Severability

If any provision of this Regulation is found by a Court of competent jurisdiction to be held invalid, the remainder of the Regulation shall not be affected thereby.

**7.0 Effective date**

This Regulation shall become effective July 1, 1992.



# State of Delaware
## The Official Website for the First State



Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & L

State Directory | Help | Search Delaware: [          ] (GO)          Citizen Services | Business Services | V

---

**Delaware's Administrative Code**

---

**HOME**
Delaware's Governor
The General Assembly
Courts

**SERVICES**
Division of Research
Subscription Services
Monthly Regulatory
Subscription Service
Legislation Notification
Services

**INFORMATION**
Delaware Code
Administrative Code
Delaware Regulations
    Cumulative Tables
City and Town Charters

PAGE < | INDEX ≡ | PAGE >

## Title 18 Insurance
## 600 Automobile Insurance

### 603 Delaware Motorists Protection Act [Formerly Regulation 9]

**1.0 Scope and Authority**

1.1 This Regulation is adopted by the Commissioner pursuant to 18 **Del.C.** §§311 and 2712, 21 **Del.C.** §2118 and promulgated in accordance with the Delaware Administrative Procedures Act, Title 29 **Del.C.** Chapter 101.

1.2 21 **Del.C.** §2118 provides that policies purporting to meet the requirements of the Section must provide coverage and policyholder notifications required by that Section.

1.3 In order to enable insurers to satisfy this requirement, the following guidelines are promulgated to advise insurers of the standards which will be used by the Insurance Department in reviewing forms filed by insurers.

**8 DE Reg 1158 (2/1/05)**

**2.0 Coverage**

2.1 Policies shall contain at least the following required coverages:

2.1.1 Bodily injury and property damage liability with limits of at least those prescribed by the Financial Responsibility Laws of Delaware.

2.1.2 Personal Injury Protection.

2.1.3 Compensation for damage to property other than motor vehicles.

2.2 The following additional coverages must be offered to the insured:

2.2.1 Compensation for damage to the insured motor vehicle, including loss of use of the motor vehicle.

2.2.2 Uninsured/Underinsured vehicle coverage.

**3.0 Minimum Coverage Required**

3.1 The provisions herein required need not be stated in the language or form of these regulations, but the coverage afforded shall be equal or of greater benefit to the insured with the exception of the requirement stated in section 11.1.

## 4.0 Definitions

"**Bodily Injury**" means bodily injury to a person and sickness, disease or death which results from it.

"**Funeral Expenses**" means reasonable, customary and necessary expenses incurred within two years of the accident for professional funeral services. These expenses include the cost of a burial plot for one person.

"**Injured Person**" is as defined in 21 **Del.C.** §2118(a)(5).

"**Innocent Third Parties**" means claimants who at the time of the event leading to the claim (1) were not in violation of any Rules of the Road as promulgated under Title 21, Delaware Code and (2) whose activities did not contribute in any way to the accident. This presumption may be rebutted by clear and convincing evidence.

"**Motor Vehicle**" means a land motor vehicle, including a trailer or semi-trailer as used therewith, required to be registered, licensed and required to carry insurance under the Financial Responsibility Laws.

"**Loss of Earnings**" means loss of salary or its equivalent, net of taxes which were lost by reason of inability to work. This covers loss of wages, salary or lost earnings of a self-employed person. Payment of lost earnings is to be at the time they are actually lost.

"**Loss of Use**" means expenses necessarily and actually incurred by the named insured as a result of damage to the insured motor vehicle.

"**Medical Expenses**" means reasonable charges for necessary medical, hospital, dental, surgical, x-ray, ambulance, professional nursing services and prosthetic devices.

"**Nonstandard**" means an insured policyholder who is unable to procure insurance through the standard market and whose premium charge is in excess of the premium charged by the Delaware Automobile Insurance Plan ("DAIP") for similar (though not identical) coverage.

"**Substitute Service Expenses**" means reasonable and necessary extra-incurred expense for personal services which would have been performed by the injured person had he or she not been injured.

"**Wilmington Auto Accident Reparations Arbitration Committee or Its Successors**" as described at 21 **Del.C.** § 2118(g)(3) is deemed to include the insurance industry forums including the nationwide intercompany arbitration agreement, special arbitration agreement forum, automobile accident reparations arbitration agreement.

### 8 DE Reg 1158 (2/1/05)

## 5.0 Bodily Injury Liability and Property Damage Liability

5.1 The insurer shall undertake to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or

property damage caused by accident and arising out of ownership, maintenance or use of a motor vehicle. The policy shall designate by explicit description or by appropriate reference the motor vehicle to which this coverage applies. Indemnity from such legal liability shall be to a limit of at least the Financial Responsibility Laws of the State of Delaware and, if a single limit for such bodily injury and property damage liability is provided, such single limit shall be not less than the sum of the bodily injury and property damage limits stated in the Financial Responsibility Laws for any one accident.

## 6.0 Personal Injury Protection

6.1 The policy shall provide compensation to an injured person for medical expenses, funeral expenses, loss of earnings and for substitute services incurred as a result of bodily injury, caused by accident, involving the insured vehicle.

6.2 The policy must have minimum limits for this coverage as stated in 21 **Del.C.** §2118. The policy may provide for higher limits of compensation but the compensation for funeral expenses included in the foregoing shall not exceed the sum of $5000 per person. Personal injury protection benefits shall be payable within 30 days of the demand thereof by the claimants provided that reasonable proof of loss for which the benefits as demanded has been submitted to the PIP carrier.

6.3 Any insurer, in accordance with filings made with the Insurance Department, may provide for certain deductibles, waiting periods, sublimits, percentage reductions, excess provisions or similar reductions at the election of the owner of a motor vehicle to apply only to loss and expense incurred as a result of injury to the owner of the vehicle or members of his household. All deductibles offered must be per accident and not per person. For the purpose of this coverage members of the owner's household shall be members of the named insured's immediate family not having a separate household, and persons actually residing with and economically dependent upon him/her. The owner's election of any reduced benefits described in this section must be made in writing and signed by that owner. The requirement of an election in writing may be satisfied by a statement on the application for insurance, or other form which shall clearly convey the effect of his/her option selected. In order to assure that this election is made, insurers, agents or brokers must offer for the consideration of the owner the deductibles or similar reductions required to be filed in accordance with this section.

## 7.0 Compensation for Damage to Property Other than Motor Vehicles

7.1 Compensation for damage to property arising as a result of an accident involving the motor vehicle, other than damage to a motor vehicle, aircraft, watercraft, self-propelled mobile equipment and any property in or upon any of the aforementioned, with the minimum limits of $10,000 for any one accident. Payments under this section shall be excess over other valid and collectible insurance.

## 8.0 Compensation for Damage to Motor Vehicles

8.1 Every insurer shall offer compensation for damage to the insured motor vehicle identified in the policy including the loss of use of the motor vehicle up to but not exceeding the actual cash value of the vehicle at the time of the loss, The coverage for loss of use shall not be less than $10 per day.

8.2 The owner of the motor vehicle so covered may elect to have such coverage excluded in whole or in part by use of certain deductibles and exclusions in accordance with filings made by the insurer with the Commissioner.

**8 DE Reg 1158 (2/1/05)**

## 9.0 General Conditions

9.1 The coverages provided in an insurance policy as described herein may be subject to conditions and exclusions customary to the field of liability, casualty and property insurance and not inconsistent with the requirements of this section.

9.2 Personal Injury Protection benefits shall be considered excess to any other similar insurance for passengers, other than Delaware residents, when the accident occurs outside this State.

9.3 To enable owners of motor vehicles to properly exercise the coverage elections, insurers are required to offer deductibles, waiting periods, sublimits, percentage reductions and excess provisions as designated in 21 **Del.C.** §2118(a)(2) (f).

9.4 To enable owners of motor vehicles who are unable to procure insurance through the standard market to properly exercise their coverage elections, insurers and insurance agents are required to

9.4.1 notify policyholders if they are considered nonstandard by the insurer and

9.4.2 to inform the policyholders of the availability of the Delaware Assigned Insurance Risk Plan ("DAIP"). Notwithstanding the above, no agent is required to write a DAIP policy.

9.5 Insurers are required to notify injured persons covered under this section that the coverage is for two years from the date of the accident, and that it only extends beyond two years in cases involving surgical or dental procedures related to the accident and that were impossible or impractical to perform within the two year period. Such surgical or dental procedures must be verified in writing within two years of the accident, by a qualified medical or dental practitioner. The insurer must give prompt and timely notice after the written application for benefits has been made. This notice can be included on the APPLICATION FOR BENEFITS form.

**8 DE Reg 1158 (2/1/05)**

## 10.0 Mandatory Intercompany Arbitration

10.1 All insurers authorized to write auto insurance in this State shall be deemed signatory companies of the insurance industry forums arbitration agreements for accidents, insured events, or losses occurring within the limits of the State of Delaware regarding first and third party claims and to first party claims in other states or territories of the United States or foreign countries.

10.2 The requirement to participate in intercompany arbitration for Delaware disputed claims shall not imply that non-signatory companies are obligated to become "signatory companies" to the intercompany arbitration agreements or to affect these companies' position with respect to intercompany arbitration outside the jurisdiction of this State.

10.3 Non-signatory companies shall be subject to all duties and obligations of signatory companies with respect to Delaware claims, or the claims of Delaware policyholders. This includes payment of dues and fees and compliance with the various arbitration forum rules.

10.4 In all disputed Delaware claims involving damage to vehicular or non-

vehicular property of "innocent third parties", where the dispute involves a liability determination, the insurer providing liability and/or non-vehicular no-fault property damage coverage for the vehicle which actually strikes or first strikes the "innocent third party's" property shall promptly pay the "innocent third party's" property damage claim. The total payment shall not exceed the lowest of the applicable available coverage of the involved insurance carriers. The insurers shall submit the case to the appropriate arbitration forum after diligent efforts to resolve the claims of the contesting insurers fail.

## 11.0 Delaware Form a "Coverage Election"

11.1 The coverage election form (Delaware Form A), attachment to Regulation 603 (Formerly Regulation No. 9), shall be properly presented by the insurer, broker, or agent to the policyholder, and acknowledged by the policyholder's signature. Proper presentation by the insurer, where possible, should be in person at the time application is made. If personal presentation is not possible, or if there is further need for clarification, insurers may present Form A by mail. The language or context Form A shall be as shown unless, in accordance with filings made with this office, the insurer offers options, deductibles, etc., other than those described on the approved form. Any amended Form A shall clearly describe all additional options of coverage and must be filed with this Department prior to use. Any version of the coverage election form which deviates from Delaware Form A must be filed with the Department prior to its use except that companies may overprint the form with company name, address and logo without filing it with the Department, providing the text remains unchanged.

11.2 The policyholder shall receive a full explanation of all deductible options available to the policyholder in writing as a separate document from the insurer and the insurer shall obtain from the policyholder a written acknowledgment of the policyholder's receipt of such explanation as a separately includable item on the Form A. Additionally, the Form A acknowledgment signed by the policyholder shall include the related cost for each deductible offered by the insurer.

**8 DE Reg 1158 (2/1/05)**

## 12.0 Notices to Policyholders

12.1 Insurers not less than once annually shall inform their policyholders of the coverage in force for each auto policy. The form of this notice may be in any form reasonably calculated to inform policyholders of their existing coverage.

12.2 Upon renewal of any policy in effect, on the date of the adoption of this regulation each insurer shall send a notice to their nonstandard policyholders in substantially the following form:

## "NOTICE TO NON-STANDARD POLICYHOLDERS:

My agent has informed me that I am considered a nonstandard driver and has notified me of the availability of the Delaware Automobile ("Assigned Risk") Insurance Plan, which provides less expensive automobile insurance for some drivers."

12.3 The failure of a policyholder to sign and return this statement shall not create any legal rights nor shall the insurer be responsible for the policyholder's failure to return the signed statement."

## 13.0 Claimant's Duty

13.1 An injured party shall submit to reasonable treatment recommended by competent physicians, and must act reasonably to minimize the disability and mitigate damages.

**14.0 Separability**

14.1 If any provision of this Regulation shall be held invalid, the remainder of the Regulation shall not be affected thereby.

**15.0 Effective Date**

15.1 This regulation became effective December 1, 1983 and was amended May 16, 1987. The effective date of the second amendment, including revisions to Form A, is February 11, 2005. The use of revised Form A shall be required for all policies issued on or after March 1, 2005.

### 8 DE Reg 1158 (2/1/05)



 Warning - Cannot convert linked graphic

Last Updated: Thursday, 31-Aug-06 16:21:13



## State of Delaware
The Official Website for the First State



Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & L

State Directory | Help | Search Delaware: |  | Citizen Services | Business Services | \

**Delaware's Administrative Code**

HOME
Delaware's Governor
The General Assembly
Courts

**SERVICES**
Division of Research
Subscription Services
Monthly Regulatory
Subscription Service
Legislation Notification
Services

**INFORMATION**
Delaware Code
Administrative Code
Delaware Regulations
   Cumulative Tables
City and Town Charters

INDEX

**Title 18 Insurance
100 Department of Insurance**

### 101 Organization, Methods and Operations of the Delaware Insurance Commission [Formerly Regulation 25]

**1.0 Agent Licensing**

1.1  The Department in licensing agents, brokers, consultants, adjusters and appraisers is charged with the responsibility of protecting the citizens of this State by approving for licensing and renewal only those applicants who possess the mental ability and the moral character that is needed to suppress misrepresentation of the product to be offered.

1.2  The Department endeavors to promote the dignity of career insurance representatives by strict enforcement of qualification requirements and by firm but fair disposition of violations of the Delaware Insurance Law, with no individual exceptions. Effort is also made to improve public acceptance of insurance by careful screening and testing of proposed representatives and by consistent elimination of those licensees who, through unethical, unfair or illegal practices, tend to destroy the confidence of the industry.

1.3 Administer qualifications prescribed by law and Departmental Regulations.

1.4  Issue interim licenses and examination permits to qualified, first-time applicants.

1.5 Provide for an examination study manual.

1.6 Provide for license examinations.

1.7 Issue permanent licenses.

1.8 Renewal licenses.

1.9 Collect all license and examination fees.

1.10 Work out reciprocal agreements with other states for nonresident applicants.

1.11 Provide Letters of Certifications for Delaware agents seeking licenses in other states.

1.12 Issue Service Representative Permits to qualified applicants.

1.13 Handle complaints involving misappropriation of funds filed by insurers against agents.

1.14 Investigate any other type of complaints filed by insurers against agents for the purpose of determining the facts and coordinating action.

1.15 Conduct such prehearing conferences with agents as may be necessary for determination if formal hearings are necessary.

1.16 Conduct formal hearings for license revocations; if in the opinion of the Commissioner, satisfactory evidence or answers were not given at the prehearing conference.

1.17 Advise all companies of any change in the status of their agents' licenses for the purpose of restricting or curtailing an agent's authority to act and/or termination of the agent's service if the discrepancy warrants such action.

## 2.0 Claims and Investigation

2.1 Through investigation, the Insurance Department attempts to assure fair and honest dealings between insurers, agents and policyholders in all insurance matters.

2.1.1 Receives all complaints by and against agents and policyholders.

2.1.2 An investigator obtains, through investigation, all available data necessary to properly evaluate a claim.

2.1.3 A review is made of the estimate of losses in all claims involving fire and casualty to determine if an offer is based on a legitimate estimate.

2.1.4 Frequently an informal conference is held between policyholders and company adjusters hoping that the conference will bring forth a meeting of minds.

2.1.5 The Department is constantly alert for violations of the Unfair Trade Practices Act (18 **Del.C.** Ch.23) and investigates any apparent violations of such Act. Results are submitted to the Commissioner for his determination.

2.1.6 The Department reviews advertising materials to determine if unauthorized insurers are soliciting business within this State, and if so, seeks voluntary discontinuance of such advertising and solicitation. The facts are presented to the Commissioner for his order, ordering the offending party to show cause why an order should not be issued ordering such party to cease and desist.

2.1.7 The Department promptly investigates all complaints of every kind and nature and takes such action within the law as the facts and the relationship of the parties dictate; investigation is made regardless of the amount involved and the policyholder is informed as to the Department's view and if the claim is deemed uncollectible, the file is closed.

2.1.8 The Department actively participates in third party claims only when it appears that the company or its representatives is acting in bad faith.

## 3.0 General Administration of Insurance Regulatory Laws

3.1 The Commissioner:

3.1.1 Shall grant or deny applications for Certificates of Authority in accordance with the requirements, information and instructions set forth in the Code.

3.1.2 Approve or disapprove all petitions filed with the Secretary of State for organizing domestic insurers.

3.1.3 Renew Certificates of Authority.

3.1.4 Examine each insurer, rating organization, advisory organization and joint underwriting or joint reinsurance group, association or organization authorized to do business in the State.

3.1.4.1 Whenever the Commissioner shall deem it expedient, he shall examine the affairs, transactions, accounts, records, documents, and assets of each insurer authorized to do business in this State and any other fact relative to its business methods, management and its dealings with policyholders.

3.1.4.2 At least once every five years he shall so examine each domestic insurer.

3.1.4.3 Whenever he shall deem it necessary and at least once in five years, the Commissioner shall fully examine each rating organization which is licensed in this State. As often as he shall deem it necessary, he may examine each advisory organization and each joint underwriting or joint reinsurance group, association or organization.

3.1.4.4 The Commissioner shall examine the affairs, transactions, accounts, records, documents and assets of each insurer or rating organization applying for authority to do business in this State, and any other fact relative to its business methods, management and its dealings with policyholders.

3.1.4.5 Determine when an insurer should be cited to show cause why his Certificate of Authority should not be suspended or revoked.

3.1.4.6 Determine when court action should be taken.

3.1.5 The Department may institute court proceedings when the Commissioner's order upon hearing has been ignored or defied.

3.1.5.1 Pass upon eligibility, soundness and the amount of securities to be deposited with the Treasurer by an insurer to qualify for a Certificate of Authority.

3.1.5.2 Determine when an insurer may be permitted to withdraw its securities.

3.1.5.3 Review and pass upon all proposals for merger or sale where a domestic insurer is a party.

**4.0 Policy Forms**

4.1 The Commissioner:

4.1.1 Is charged with the responsibility of disapproving policy forms or withdrawing any approval previously granted by him if he finds that such policies do

not meet the requirements of the Insurance Code.

4.1.2 No basic insurance policy, annuity contract form, printed rider, endorsement form or form of renewal certificate, shall be delivered, or issued for delivery in this State, unless the form has been filed with the Commissioner.

4.1.3 All forms will be reviewed to determine that:

4.1.3.1 Coverage is not unduly restrictive;

4.1.3.2 Wording is not ambiguous;

4.1.3.3 Coverage is not contrary to public policy;

4.1.3.4 Coverage bears some relationship to the premium charged; and

4.1.3.5 The contract covers a legitimate insurable interest.

## 5.0 Rates and Rating Organizations

5.1 The purpose of 18 **Del.C.** Ch. 25 is to promote the public welfare by regulating insurance rates (in accordance with the intent of Congress as expressed in Public Law 15 — 79th Congress) and to the end that they shall not be excessive, inadequate or unfairly discriminatory, and to authorize and regulate cooperative action among insurers in rate making and in other matters within the scope of 18 **Del.C.** Ch. 25.

5.1.1 Every insurer shall file with the Commissioner, except as to inland marine risks, every manual, minimum, class rate, rating schedule or plan and every other rating rule, and every modification of any of the foregoing which it proposes to use.

5.2 The Commissioner:

5.2.1 Shall review all rate and deviation filings. Rates shall not be excessive, inadequate or unfairly discriminatory. Filings may be reviewed by the Commissioner for any reason not inconsistent with the provisions of the Delaware Insurance Code which the Commissioner shall deem necessary and appropriate to accomplish the purposes of said Code.

5.2.2 License all rating bureaus which meet the statutory requirements.

5.2.3 License all advisory organizations which meet statutory requirements.

5.2.4 Collect fees.

5.2.5 Administer rates and promulgate reasonable rules and statistical plans, reasonably adapted to each of the rating systems on file with him, which may be modified from time to time and which shall be used thereafter by each insurer in the recording and reporting of its loss and countrywide expense experience, in order that the experience of all insurers may be made available at least annually in such forms and details as may be necessary to aid him in determining whether rating systems comply with the standards set forth by law for making of rates.

## 6.0 Rehabilitation and Liquidation

6.1 Delinquency proceedings pursuant to the Insurance Code shall constitute the sole and exclusive method of liquidating, rehabilitating, reorganizing or conserving an insurer, and no court shall entertain a petition for the commencement of such proceedings unless the same has been filed in the name of the State on the relation of the Commissioner.

6.2 The Commissioner shall commence any delinquency proceedings by application to the court for an order directing the insurer to show cause why the Commissioner should not have the relief prayed for.

6.3 The Commissioner may apply to the court for an order:

6.3.1 Appointing him as Receiver of and directing him to rehabilitate a domestic insurer who has violated certain sections of the Code or is impaired or insolvent.

6.3.2 Appointing him as Receiver and directing him to liquidate the business of the domestic insurer of the United States branch of an alien insurer having trusteed assets in this State.

6.3.3 Appointing him as Receiver or Ancillary Receiver and directing him to conserve the assets of a foreign or alien insurer upon certain grounds as set forth in the Insurance Code.

6.3.4 Appointing him as Ancillary Receiver of and directing him to liquidate the business of a foreign insurer having assets, business or claims in the State.

6.4 The Department shall prepare for each case which it administers, as soon as possible, a summary of fact giving rise to the insolvency, a set of instructions to claimants and policyholders describing how they may assert and protect their rights in answering the principle question with respect to those rights and problems which are expected to recur and also a schedule setting out each of the major steps contemplated in the course of administration of each estate and the estimated time at which such occurrence will take place.

6.5 The Department will further prepare regular and frequent reports to the court having jurisdiction. All such reports and judicial proceedings shall be prepared in the name of the Commissioner as Receiver or Ancillary Receiver and shall be submitted to him for his approval and verification before being filed with the court.

## 7.0 Insurance for the Protection of the State of Delaware

7.1 Determination of coverage. The Governor, the State Auditor and the Insurance Commissioner shall from time to time determine the method, the amount of insurance, and the class of coverage covering any type of risk, included but not limited to property, fidelity and surety, life, accident and health, workmen's compensation, marine, to be effected and carried by the State or any subdivision thereof, including all school districts, but excepting, however, the municipal corporations, counties, and the authorities relating to the crossings of the Delaware River and the Delaware Bay.

7.2 The Insurance Commissioner shall establish an insurance purchasing and administrative office; the executive head of which shall be the Director of Insurance Coverage, who shall be appointed and serve at the pleasure of the Insurance Commissioner.

7.3 The Insurance Purchasing and Administrative Office shall provide:

7.3.1 The placement of all insurance as has been determined necessary by the Governor, the State Auditor and the Insurance Commissioner.

7.3.2 The preparation of reports as required by the Insurance Commissioner. Such reports shall present basic statistical-actuarial data pertaining to the experience of the program and its component parts, provide sufficient information about bidding procedures as required by the statutes of the State of Delaware so that any qualified insurance firm may have the opportunity to offer its service to the State, and such report shall be a public document.

7.3.3 Periodic comprehensive insurance surveys of program needs, and a continuing review of existing insurance contracts as well as analysis of rates in terms of changing economic conditions, and periodic studies of market conditions and developments.

7.3.4 Special investigation and reports as may be requested by the Insurance Commissioner.

**8.0 Other Responsibilities**

8.1 In addition to the regulatory and quasi-judicial functions of the Insurance Commissioner, the Insurance Code has charged the Commissioner with the duty of administering various other activities and subjects such as:

Collection of Fees and Taxes (18 **Del.C.** Ch. 7)

Review of Companies' Assets and Liabilities (18 **Del.C.** Ch. 11).

Company Investment Placement (18 **Del.C.** Ch. 13).

Administration of Deposits (18 **Del.C.** Ch. 15).

Authorization of Surplus Lines Insurers (18 **Del.C.** Ch. 19).

Unauthorized Insurers — Prohibitions, Process and Advertising (18 **Del.C.** Ch. 21).

Trade Practices and Frauds (18 **Del.C.** Ch. 23).

Life Insurance and Annuity Contracts (18 **Del.C.** Ch. 29).

Group Life Insurance Contracts (18 **Del.C.** Ch. 31).

Health Insurance Contracts (18 **Del.C.** Ch. 33).

Group and Blanket Health Insurance (18 **Del.C.** Ch. 35).

Credit Life and Credit Health Insurance (18 **Del.C.** Ch. 37).

Casualty Insurance Contracts (18 **Del.C.** Ch. 39).

Property Insurance Contracts (18 **Del.C.** Ch. 41).

Surety Insurance Contracts (18 **Del.C.** Ch. 43).

Title Insurance Contracts (18 **Del.C.** Ch. 45).

Financing of Insurers (18 **Del.C.** Ch. 47).

Premium Finance Companies (18 **Del.C.** Ch. 48).

Organization and Corporate Procedures., Powers of Domestic Stock and Mutual Insurers (18 **Del.C.** Ch. 49).

Insider Trading and Domestic Insurer Securities (18 **Del.C.** Ch. 51).

Mutual Assessment Property Insurers (18 **Del.C.** Ch. 53).

Mutual Benefit Associations (18 **Del.C.** Ch. 55).

Reciprocal Insurers (18 **Del.C.** Ch. 57).

Fraternal Benefit Societies (18 **Del.C.** Ch. 61).

Health Service Corporations, including Blue Cross and Blue Shield of DE, Inc. (18 **Del.C.** Ch. 63).

Suretyships (18 **Del.C.** Ch. 77).

Fair Plan. The Plan is administered pursuant to 19 **Del.C.** Ch. 41 and is purpose is to make basic property insurance available for qualified property.

Assigned Risk Plan (Delaware Automobile Insurance Plan). The Plan is administered by the Commissioner pursuant to 18 **Del. C.** §2527 and Regulation No. 17. It provides for: (1) the equitable apportionment, among all the insurers writing automobile insurance in this State, of insurance which shall be afforded applicants who are in good faith entitled to, but are unable to procure insurance through ordinary methods and (2) reasonable rates for such insurance and (3) such other rules as are necessary to effect and maintain the Assigned Risk Plan. Each year a public hearing is held to update and adjust the Plan's rates or rules.

Automobile Arbitration Panel. Pursuant to 21 **Del.C.,** §2118(i), the Commissioner has established a panel of arbitrators consisting of licensed attorneys and insurance adjusters licensed in this State and promulgated Regulation No. 1401 (Formerly Regulation No. 10) to administer the panel. Each insurer is required to submit to arbitration for losses and damages to motor vehicles as covered under 21 **Del.C.** 2118(a)(2).

Delaware Insurance Guaranty Association (IGA). Pursuant to 18 **Del.C.** Ch. 42 , the Commissioner has caused the IGA to be created. Its function is to assess each automobile insurer in this State an amount determined by the IGA Board of Directors and to pay covered claims against an insolvent insurer, less $100 deductible, from assessment fund.

Medical Malpractice Review Panel. Pursuant to 18 **Del.C.** Ch. 68, the Commissioner has compiled, subject to certain limitations, a list of 100 objective and judicious persons of appropriate education and experience residing in this State and list of all physicians and attorneys who have been licensed to practice in this State from which the Review Panel will be chosen by the parties thereto. The Commissioner has adopted and published such rules and regulations as necessary and shall convene the Panel upon proper request. The Commissioner shall forward the name of every health care provider against whom a settlement is made or

judgment is rendered under the chapter to the appropriate agency for licensure or professional registration and examination for review of the fitness of the health care provider to practice his profession.

Last Updated: Thursday, 31-Aug-06 16:21:28

site map    |    about this site    |    contact us    |    translate    |    delaware.gov



# State of Delaware
### The Official Website for the First State



Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & L

State Directory | Help | Search This Site | Your Search... | go. | Citizen Services | Business Services | V

**Insurance Commissioner & Department of Insurance**



# About The Agency

**HOME**
About the Agency
About Matt Denn
Contact Us
Directions to Office
Divisions & Programs:
- Company Regulation
- Consumer Services
- Fraud Prevention
- Producer Licensing
- ELDER*info*
- Workplace Safety
Lenny's Page for Kids
Site Map

**SERVICES**
Captive Insurance
Companies Authorized in
Delaware
**Compare Auto Rates**
Defensive Driving
Course Providers
Instant Insurance
Guides
Insurance Agent
Verification & Status
Medigap Rate
Comparison
Online Licensee Service

**INFORMATION**
Bulletins
Company Status:
- Blue Cross Blue
Shield
- Royal & Sun Alliance
Acquisition
- Statewide Insurance
Company
Calendar
Delaware Insurance
Laws
Delaware Insurance
Regulations
FAQs
Forms & Applications
Guides & Publications
Links
Proposed Legislation
Proposed Regulations
UCAA
Workers Compensation
Rate Review

The Insurance Commissioner's Office consists of four divisions:

## Bureau of Company Examination, Rehabilitation & Guaranty

To ensure reliable insurance coverage at reasonable rates for Delaware consumers, the bureau:

- Reviews applications to do business in Delaware
- Monitors the financial operations of the 1,500 foreign and 150 domestic insurers licensed in Delaware
- Monitors the market conduct of insurers operating in Delaware
- Approves or contests their rate filing
- Rehabilitates or liquidates financially impaired insurers

## Consumer Services & Investigations Division

- Provides information on how to make decisions that can lower the cost of insurance and increase the value the consumer receives.
- Assists consumers in resolving conflicts with insurance companies, health coverage providers, and agents.
- Provides arbitration hearings as a low-cost alternative to civil litigation to resolve disputed consumer claims.
- Investigates concerns regarding all types of insurance and utilizes consumer input to review market trends, statute and rule violations, and to develop changes to the insurance law.

## Producer Licensing & Continuing Education Division

To ensure competency and ethical conduct by insurance agents, brokers, limited agents, adjusters, appraisers, and consultants, the Division:

- Develops and administers tests for entry into the field
- Maintains permanent records on the 33,000 insurance professionals

Matthew Denn, Delaware's Insurance Commissioner

841 Silver Lake Blvd.
Dover, DE 19904
(302) 674-7300

- Administers the Continuing Education Program
- Provides consumers information about licensing status of a producer

### Fraud Prevention Bureau

To reduce the cost of insurance fraud to consumers, the Bureau:

- Investigates property and casualty, auto, life, health, workers compensation, provider and agent insurance fraud.
- Provides a focal point for the anti-fraud efforts of insurance company investigators, law enforcement agencies, and prosecutors to achieve a cooperative and coordinated approach to the detection, investigation, and prosecution of insurance fraud.

## Additional Programs

### ELDER*info*Office

ELDER*info* is Delaware's State Health Insurance Assistance Program (SHIP). ELDER*info* provides information, counseling and assistance to people with Medicare on health insurance matters.

### Workplace Safety Program

Promotes safety in the workplace and provides lower workers compensation insurance premiums for qualifying employers conducting business within the State of Delaware. With cooperation with the Delaware Compensating Rating Bureau, the Insurance Department determines eligibility of employers and establishes inspection procedures for a premium credit under the program.

Last Updated: Friday, 13-Jan-06 10:02:06

site map  |  about this site  |  contact us  |  translate  |  delaware.gov

**Companies that must complete FULL version of 2006 Delaware auto insurance rate survey (1 percent or more of state market share in 2005):**

| NAIC Code | Company Name | Domicile | Direct Premiums Written | 2005 Market Share |
|---|---|---|---|---|
| 25178 | State Farm Mut Auto Ins Co | IL | 128,714 | 21.11163% |
| 23787 | Nationwide Mut Ins Co | OH | 68,582 | 11.25513% |
| 23035 | Liberty Mut Fire Ins Co | WI | 37,473 | 6.1477% |
| 38628 | Progressive Northern Ins Co | WI | 29,226 | 4.7947% |
| 23760 | Nationwide General Ins Co | OH | 25,174 | 4.1299% |
| 19232 | Allstate Ins Co | IL | 24,476 | 4.0154% |
| 35882 | Geico General Ins Co | MD | 22,366 | 3.6693% |
| 10723 | Nationwide Assur Co | WI | 19,285 | 3.1638% |
| 30104 | Hartford Underwriters Ins Co | CT | 19,033 | 3.1225% |
| 23779 | Nationwide Mut Fire Ins Co | OH | 17,772 | 2.9156% |
| 16322 | Progressive Direct Ins Co | OH | 16,409 | 2.692% |
| 21164 | Dairyland Ins Co | WI | 14,330 | 2.3509% |
| 22055 | Geico Ind Co | MD | 14,151 | 2.3216% |
| 25941 | USAA | TX | 13,314 | 2.1842% |
| 25968 | USAA Cas Ins Co | TX | 10,084 | 1.6543% |
| 22063 | Government Employees Ins Co | MD | 9,473 | 1.5541% |
| 37877 | Nationwide Prop & Cas Ins Co | OH | 8,570 | 1.406% |
| 19399 | AIU Ins Co | NY | 7,523 | 1.2342% |
| 41491 | Geico Cas Co | MD | 6,358 | 1.0431% |
| 10071 | Encompass Ins Co Of America | IL | 6,279 | 1.0301% |

**Companies that must be complete LIMITED version of 2006 Delaware online auto rate survey (.01 to .99 percent of state market share in 2005):**

| NAIC Code | Company Name | Domicile | Direct Premiums Written | 2005 Market Share |
|---|---|---|---|---|
| 17957 | American Independent Ins Co | PA | 6,002 | 0.9847% |
| 42994 | Progressive Classic Ins Co | WI | 5,802 | 0.9519% |
| 24112 | Westfield Ins Co | OH | 5,486 | 0.9% |
| 13803 | Farm Family Cas Ins Co | NY | 4,997 | 0.8198% |
| 42404 | Liberty Ins Corp | IL | 4,817 | 0.7903% |
| 11681 | Keystone Ins Co | PA | 4,720 | 0.7743% |
| 22578 | Horace Mann Ins Co | IL | 4,454 | 0.7307% |
| 15130 | Encompass Ind Co | IL | 4,372 | 0.7173% |
| 25143 | State Farm Fire And Cas Co | IL | 4,199 | 0.6889% |
| 32220 | American Intl Ins Co | NY | 4,101 | 0.6728% |
| 10675 | AAA Mid-Atlantic Ins Co | PA | 3,858 | 0.6329% |
| 25623 | Phoenix Ins Co | CT | 3,828 | 0.628% |
| 34339 | Metropolitan Grp Prop & Cas Ins Co | RI | 3,604 | 0.5913% |
| 19976 | Amica Mut Ins Co | RI | 2,917 | 0.4786% |
| 14788 | NGM Ins Co | FL | 2,711 | 0.4448% |
| 42447 | National General Assur Co | MO | 2,679 | 0.4395% |
| 23469 | American Modern Home Ins Co | OH | 2,595 | 0.4257% |
| 14958 | Peninsula Ins Co | MD | 2,447 | 0.4014% |
| 13692 | Donegal Mut Ins Co | PA | 2,442 | 0.4006% |
| 25658 | Travelers Ind Co | CT | 2,201 | 0.3611% |
| 26298 | Metropolitan Property & Cas Ins Co | RI | 2,114 | 0.3468% |

| 18600 | USAA General Ind Co | TX | 1,944 | 0.3189% |
| 27928 | Amex Assur Co | IL | 1,915 | 0.3142% |
| 22683 | Teachers Ins Co | IL | 1,866 | 0.3061% |
| 35696 | Harleysville Preferred Ins Co | PA | 1,826 | 0.2996% |
| 20281 | Federal Ins Co | IN | 1,756 | 0.2881% |
| 25666 | Travelers Ind Co Of Amer | CT | 1,663 | 0.2728% |
| 19240 | Allstate Ind Co | IL | 1,517 | 0.2489% |
| 40258 | American Intl South Ins Co | PA | 1,403 | 0.2302% |
| 21261 | Electric Ins Co | MA | 1,208 | 0.1982% |
| 34690 | Property & Cas Ins Co Of Hartford | IN | 1,161 | 0.1905% |
| 20303 | Great Northern Ins Co | MN | 1,043 | 0.1711% |
| 11185 | Foremost Ins Co | MI | 1,011 | 0.1659% |
| 14044 | Goodville Mut Cas Co | PA | 964 | 0.1581% |
| 22357 | Hartford Accid & Ind Co | CT | 861 | 0.1413% |
| 39098 | Omni Ins Co | IL | 860 | 0.1411% |
| 19615 | American Reliable Ins Co | AZ | 825 | 0.1353% |
| 20117 | California Cas Ind Exch | CA | 793 | 0.1301% |
| 20397 | Vigilant Ins Co | NY | 786 | 0.1289% |
| 19402 | Birmingham Fire Ins Co Of PA | PA | 766 | 0.1257% |
| 21970 | OneBeacon Ins Co | PA | 756 | 0.124% |
| 33588 | First Liberty Ins Corp | IA | 698 | 0.1145% |
| 23795 | American Intl Pacific Ins | CO | 600 | 0.0984% |
| 44393 | West American Ins Co | IN | 435 | 0.0714% |
| 31968 | Merastar Ins Co | IN | 426 | 0.0699% |
| 40169 | Metropolitan Cas Ins Co | RI | 400 | 0.0656% |
| 25615 | Charter Oak Fire Ins Co | CT | 395 | 0.0648% |

| 14168 | Harleysville Mut Ins Co | PA | 395 | 0.0648% |
| 10111 | American Bankers Ins Co Of FL | FL | 321 | 0.0527% |
| 26050 | Response Worldwide Ins Co | CT | 283 | 0.0464% |
| 28932 | Markel American Ins Co | VA | 280 | 0.0459% |
| 20346 | Pacific Ind Co | WI | 243 | 0.0399% |
| 21857 | American Ins Co | NE | 224 | 0.0367% |
| 29424 | Hartford Cas Ins Co | IN | 168 | 0.0276% |
| 19682 | Hartford Fire In Co | CT | 158 | 0.0259% |
| 12572 | Selective Ins Co Of Amer | NJ | 156 | 0.0256% |
| 16691 | Great American Ins Co | OH | 91 | 0.0149% |
| 43044 | Response Ins Co | DE | 91 | 0.0149% |
| 24074 | Ohio Cas Ins Co | OH | 77 | 0.0126% |
| 23841 | New Hampshire Ins Co | PA | 69 | 0.0113% |

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:  
     h/w                 :  

                          :           No. 06-cv-03013

     v.                    :

                          :

STATE FARM MUTUAL AUTOMOBILE :  
INSURANCE COMPANY              :

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2007, upon consideration of
Plaintiffs Unopposed Motion for a Seven Day Extension of Time to Respond to
Defendants' Motion for Abstention or in the Alternative to Transfer Venue, it is hereby
ORDERED and DECREED that Plaintiffs Motion is GRANTED.  Plaintiffs Response
shall be filed no later than seven (7) days from the date of this order.

BY THE COURT:

_____
The Honorable Legrome D. Davis

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
      h/w                 :
                               :          No. 06-cv-03013
    v.                    :
                               :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY            :

**PLAINTIFFS UNOPPOSED MOTION FOR A SEVEN DAY EXTENSION TO
RESPOND TO DEFENDANTS MOTION FOR ABSTENTION OR IN THE
ALTERNATIVE TO TRANSFER VENUE**

Plaintiffs, Kenneth Reynolds and Joan Chien, by and through undersigned counsel,

hereby move this Honorable Court for a seven day extension to respond to Defendants

motion and in support thereof aver:

      1.      By Order of this Honorable Court, Plaintiffs were to respond to

Defendants Motions for Abstention or alternatively a Transfer of Venue by today,

February 2, 2007.

      2.      Plaintiffs' counsel, Shelly Farber, Esquire ("Farber"), has been

incapacitated by illness for which he sought medical treatment for much of the past two

to three weeks.

      3.      Farber had not worked a full day due to the aforementioned illnesses until

February 2, 2007.

      4.      Farber's one employee has also missed approximately 1 week of work

over the past 2 weeks due to illness.

      5.      As a result of the foregoing, Farber has been unable to complete several

required tasks including the instant response.

6.    Farber has begun work on Plaintiffs response despite the above mentioned health issues, but is unable to complete an appropriate response because of the above mentioned illnesses.

7.    Farber has contacted counsel for Defendant, Katherine Cole Douglas, Esquire, and Ms. Douglas informs she will not object to a 7 day extension.

WHEREFORE, Plaintiffs pray that this Honorable Court allows seven (7) additional days for it to respond to Defendants Motion for Abstention or alternatively for Transfer of Venue.

Respectfully Submitted:

_/s/ Shelly Farber_____
SHELLY FARBER ESQUIRE
PA Attorney ID 33726
Farber and Farber Law Offices
2619 West Chester Pike Suite 100
Broomall, PA 19008
610-356-3900
610-356-3952

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
       h/w                :
                                    :                No. 06-cv-03013
     v.                  :
                                    :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY           :

## CERTIFICATE OF SERVICE

I Shelly Farber, Esquire, aver that on 2/2/07 I caused a copy of the attached Motion for an
Extension of time to be served via fax upon:

    Katherine Cole Douglas, Esquire at 215 561 6661

                          Respectfully Submitted:

                          /s/ Shelly Farber
                         SHELLY FARBER ESQUIRE
                         PA Attorney ID 33726
                         Farber and Farber Law Offices
                         2619 West Chester Pike Suite 100
                         Broomall, PA 19008
                         610-356-3900
                         610-356-3952

PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
                    h/w                    :
                                           :        No. 06-cv-03013
        v.                                 :
                                           :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY                          :

FILED

FEB - 6 2007

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**ORDER**

AND NOW, this $\underline{5^{th}}$ day of $\underline{Feb.}$_____, 2007, upon consideration of
Plaintiffs Unopposed Motion for a Seven Day Extension of Time to Respond to
Defendants' Motion for Abstention or in the Alternative to Transfer Venue, it is hereby
ORDERED and DECREED that Plaintiffs Motion is GRANTED. Plaintiffs Response
shall be filed no later than seven (7) days from the date of this order.

BY THE COURT:

_____

The Honorable Legrome D. Davis

Mailed
2-6-07
Douglas
Bricklin
Duggan
Farber

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KENNETH REYNOLDS, ET AL.          :          CIVIL ACTION
                                  :
               v.                 :
                                  :
STATE FARM INSURANCE COMPANY      :          NO. 2:06-cv-03013-LDD


O R D E R


AND NOW, this 5th  day of February, 2007  it is hereby ORDERED that Plaintiffs'

motion for an extension of time to respond (Doc. No. 12) is GRANTED.  Plaintiffs shall respond

to Defendant's motion for abstention or, in the alternative, transfer of venue no later February 9,

2007.


BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Reynolds, et al.                    :        Civil Action No:      2:06-cv-03013
                                    :
                   V.               :
                                    :
State Farm Insurance Company        :

## DISCLOSURE STATEMENT FORM

Please check one box:

X          The nongovernmental corporate party, State Farm Mutual Automobile
           Insurance Company , in the above listed civil action does not have any
           parent corporation and publicly held corporation that owns 10% or more of
           its stock.

☐          The nongovernmental corporate party, _____
, in the above listed civil action has the following parent corporation(s) and publicly held
corporation(s) that owns 10% or more of its stock:

_____

_____

_____

2/9/07                              X _____
Date                                      Signature

           Counsel for:   State Farm Mutual Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
       h/w                    :

                              :           No. 06-cv-03013

       v.                     :

                              :

STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY            :

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2007, upon consideration of
Defendants' Motion for Abstention or in the Alternative Motion to Transfer Venue, and
Plaintiffs response thereto, it is hereby ORDERED and DECREED that Defendants
Motion is GRANTED IN PART AND DENIED IN PART.  This Honorable Court will
exercise jurisdiction over Plaintiffs claim for uninsured/underinsured motorist benefits.
However, Plaintiffs consents to transfer of its second count/claim challenging the legality
of their insurance agreement with Defendant and that claim/count will be transferred
_____.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
       h/w             :
                         :           No. 06-cv-03013
     v.              :
                         :
STATE FARM MUTUAL AUTOMOBILE  :
INSURANCE COMPANY         :

**RESPONSE TO DEFENDANTS MOTION FOR ABSTENTION OR
ALTERNATIVELY FOR TRANSFER PURSUANT TO 28 U.S.C. SECTION
1404(A)**

Comes now the plaintiffs, by and through counsel, and responds to Defendants motion as
follows:

1.    Plaintiffs consent to the transfer of their second count contained in their

      Complaint which challenges the legality of their insurance policy with

      defendant to an appropriate forum in Delaware.

2.    Plaintiffs aver that this Honorable Court does have jurisdiction to hear their first

      count/claim for underinsured/uninsured motorist benefits under diversity

      jurisdiction principles found in 28 U.S.C. Section 1391(a) and that that

      jurisdiction is appropriate here under 28 U.S.C. Section 1404(a).

3.    Plaintiff incorporates by reference the attached Memorandum of Law in support

      of jurisdiction of their second count/claim.

                              Respectfully Submitted:

                               _/s/ Shelly Farber_____
                              SHELLY FARBER ESQUIRE
                              PA Attorney ID 33726
                              Farber and Farber Law Offices
                              2619 West Chester Pike Suite 100
                              Broomall, PA 19008
                              610-356-3900
                              610-356-3952

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
     h/w                  :
                               :          No. 06-cv-03013
     v.                 :
                               :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY          :

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR ABSTENTION OR ALTERNATIVELY FOR TRANSFER PURSUANT TO 28 U.S.C. SECTION 1404(A)**

I.     INTRODUCTION

Plaintiffs' count for uninsured/underinsured motorist benefits relates to an automobile accident on July 3, 2002 in Philadelphia, Pennsylvania. The automobile involved in the accident with Plaintiffs was owned and driven by a Pennsylvania resident. Defendant, plaintiffs' insurer, is an Illinois company which does business in Pennsylvania. Plaintiffs are residents of Delaware.

II.     ARGUMENT

Defendant has conceded that jurisdiction by this Honorable Court over Plaintiffs' uninsured/underinsured is appropriate under Diversity Jurisdiction principles. Defendant nonetheless avers that under *forum non conveniens*, codified in 28 U.S.C. 1404(a), that count should be transferred to federal court in Delaware. Defendant than argues that all of the relevant private and public factors courts consider in determining whether jurisdiction is appropriate elsewhere support a transfer. However Defendant is incorrect.

First as Defendant acknowledges, Plaintiffs choice of venue is given preference over Defendants interest in a different forum. They nonetheless argue that Plaintiffs

choice must be discounted where all of the other factors point to another forum.  In this case Plaintiffs accident occurred in Pennsylvania.  The other car was owned and driven by a Pennsylvania resident.  These facts alone clearly establish that all of the other relevant factors to consider do not point to jurisdiction elsewhere.

Some of the interests which Defendant enumerates in the instant Motion include Private interests (such as:  the nature of the claim and where it arose; convenience to witnesses; and the location of relevant documents) and Public interests (such as: enforceability of a judgment in either fora, practical considerations for trial, public policies of each for a, and familiarity with the trial judge of the applicable state law).  *See* Jumara v. State Farm Insurance Co., 55 F.3d 873, 878 (3rd Cir. 1995).  In this case resolution of Plaintiffs first claim will presumably involve determining whether the driver or owner of the other car were uninsured or underinsured, whether there is an accident covered by the policy, and whether there was a valid policy in effect which covers such claims.  Thus, certain relevant witnesses and documents will be located within Pennsylvania.  In such circumstances, private factors and public factors (i.e., practical considerations for trial) point towards Pennsylvania.  Certainly this Honorable Court is capable of determining the enforceability of the insurance agreement even if it was entered into in Delaware.  Therefore where more than one other factor aside from the Plaintiffs choice of forum point towards Pennsylvania, Plaintiffs choice ought to be upheld and jurisdiction ought to remain in Pennsylvania.  *See* Defendants Memorandum of Law in Support of the instant motions, p. 6.

Respectfully Submitted:

   /s/ Shelly Farber
SHELLY FARBER ESQUIRE
PA Attorney ID 33726
Farber and Farber Law Offices
2619 West Chester Pike Suite 100
Broomall, PA 19008
610-356-3900
610-356-3952

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

KENNETH REYNOLDS and JOAN CHIEN:
       h/w                 :
                               :             No. 06-cv-03013
     v.                 :
                               :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY           :

## CERTIFICATE OF SERVICE

I Shelly Farber, Esquire, aver that on 2/12/07 I caused a copy of the attached Response
and Memorandum to be served via fax upon:

    Katherine Cole Douglas, Esquire at 215 561 6661

                            Respectfully Submitted:

                          /s/ Shelly Farber
                         SHELLY FARBER ESQUIRE
                         PA Attorney ID 33726
                         Farber and Farber Law Offices
                         2619 West Chester Pike Suite 100
                         Broomall, PA 19008
                         610-356-3900
                         610-356-3952

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH REYNOLDS and** | : | |
| **JOAN CHIEN, h/w** | : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | |
| | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | **NO.  06-CV-03013** |

**ORDER**

AND NOW, this          day of                    , 2007, upon consideration of

State Farm Mutual Automobile Insurance Company's Motion for Leave to File a Reply to

Plaintiffs' Response to State Farm Mutual Automobile Insurance Company's Motion for

Abstention or in the Alternative Motion to Transfer Venue, it is hereby ORDERED and

DECREED that State Farm Mutual Automobile Insurance Company may file the Reply no later

than 7 days from the date of this Order.


BY THE COURT:


_____

Davis, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH REYNOLDS and** | : | |
| **JOAN CHIEN, h/w** | : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | |
| | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | **NO.   06-CV-03013** |

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' RESPONSE
TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
MOTION FOR ABSTENTION OR IN THE ALTERNATIVE
<u>MOTION TO TRANSFER VENUE</u>**

State Farm Mutual Automobile Insurance Company moves this Court for leave to

file the Reply to Plaintiffs' Response to State Farm Mutual Automobile Insurance Company's

Motion for Abstention or in the Alternative Motion to Transfer Venue which is attached hereto

as Exhibit "A."

**Respectfully Submitted:**

**BENNETT, BRICKLIN & SALTZBURG LLP**

**BY:**

**LOUIS E. BRICKLIN, ESQUIRE
I.D. NO.  20281
KATHERINE COLE DOUGLAS, ESQUIRE
I.D. NO.  58913
Attorneys for Defendant, State Farm
Mutual Automobile Insurance Company**

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH REYNOLDS and | : | |
| JOAN CHIEN, h/w | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | NO.   06-CV-03013 |

**REPLY OF STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY TO PLAINTIFFS' RESPONSE TO STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION
FOR ABSTENTION OR IN THE ALTERNATIVE
MOTION TO TRANSFER VENUE**

Plaintiffs' complaint contains two counts.  The first count asserts a claim for

uninsured/underinsured motorist benefits under a Delaware automobile insurance policy issued

to the plaintiffs.  The second count of plaintiffs' complaint alleges that State Farm Mutual

Automobile Insurance Company [hereinafter "State Farm"] sold illusory uninsured/underinsured

motorist coverage under Delaware law.  In their Response to State Farm's Motion for Abstention

or in the Alternative Motion to Transfer Venue, plaintiffs consent to the transfer of the second

count to the United States District Court for the District of Delaware.  However, plaintiffs

contend that this Court should refuse to transfer venue of the first count of plaintiffs' complaint.

Plaintiffs assert that venue is proper for the first count in the United States District Court for the

Eastern District of Pennsylvania given the amount in controversy, diversity of citizenship and the

fact that State Farm does business in Pennsylvania.  In paragraph 9 of its Motion for Abstention

or in the Alternative to Change Venue, State Farm conceded that jurisdiction was proper.

This admission does not defeat the transfer of the first count to Delaware. In the Third Circuit, a Court must balance the relevant private and public interests when considering a motion to transfer venue under §1404(a). Jumara v. State Farm Insurance Company, 55 F.3d 873, 879 (3rd Cir. 1995). State Farm's Motion addresses the private and public interests which support a transfer of venue. Given plaintiffs' acquiescence to a transfer of the second count, judicial economy would be served by the transfer of the first count. It would not benefit either the parties or the courts to litigate the uninsured/underinsured motorist count in Pennsylvania while at the same time litigating the "illusory" coverage count in Delaware as both counts involve the same parties, the same accident and the application of Delaware law. Hence as both counts of plaintiffs' complaint involve legal analysis and public policy determinations specifically rooted in Delaware law and do not involve legal analysis or public policy determinations regarding Pennsylvania law, both counts should be transferred to the United States District Court for the District of Delaware for the convenience of the parties and witnesses and to further the interests of justice.

**Respectfully Submitted:**

**BENNETT, BRICKLIN & SALTZBURG LLP**

BY: _____
**LOUIS E. BRICKLIN, ESQUIRE**
**I.D. NO.  20281**
**KATHERINE COLE DOUGLAS, ESQUIRE**
**I.D. NO.  58913**
**Attorneys for Defendant, State Farm**
**Mutual Automobile Insurance Company**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH REYNOLDS and** | : | |
| **JOAN CHIEN, h/w** | : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | |
| | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | **NO.   06-CV-03013** |

<u>**CERTIFICATE OF SERVICE**</u>

I, Katherine Cole Douglas, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF System.  I further certify that, on February 16, 2007, I caused to be served a true and correct copy of the foregoing Motion for leave to file a Reply to Plaintiffs' Response to State Farm Mutual Automobile Insurance Company's Motion for Abstention or in the Alternative Motion to Transfer Venue on all interested counsel by way of United States Regular First Class Mail, postage prepaid, addressed as follows:

Shelly Farber, Esquire
2619West Chester Pike
Broomall, PA 19008-1809

<div align="right">

**BENNETT, BRICKLIN & SALTZBURG LLP**

BY: KCD3102
     Katherine Cole Douglas, Esquire
     1601 Market Street, 16th Floor
     Philadelphia, PA 19103-2393
     (215) 561-4300
     Attorneys for Defendant
     State Farm Mutual
     Automobile Insurance Company

</div>

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH REYNOLDS and** | : | |
| **JOAN CHIEN, h/w** | : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | |
| | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | **NO.   06-CV-03013** |

**<u>ORDER</u>**

AND NOW, this           day of                    , 2007, upon consideration of

State Farm Mutual Automobile Insurance Company's Motion for Leave to File a Reply to

Plaintiffs' Response to State Farm Mutual Automobile Insurance Company's Motion for

Abstention or in the Alternative Motion to Transfer Venue, it is hereby ORDERED and

DECREED that State Farm Mutual Automobile Insurance Company may file the Reply no later

than 7 days from the date of this Order.

BY THE COURT:

_____

Davis, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH REYNOLDS and | : | |
| JOAN CHIEN, h/w | : | |
| | : | **CIVIL ACTION** |
| vs. | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | NO.   06-CV-03013 |

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' RESPONSE TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR ABSTENTION OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE

State Farm Mutual Automobile Insurance Company moves this Court for leave to

file the Reply to Plaintiffs' Response to State Farm Mutual Automobile Insurance Company's

Motion for Abstention or in the Alternative Motion to Transfer Venue which is attached hereto

as Exhibit "A."

Respectfully Submitted:

BENNETT, BRICKLIN & SALTZBURG LLP

BY: _____

LOUIS E. BRICKLIN, ESQUIRE
I.D. NO.  20281
KATHERINE COLE DOUGLAS, ESQUIRE
I.D. NO.  58913
Attorneys for Defendant, State Farm
Mutual Automobile Insurance Company

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH REYNOLDS and** | : | |
| **JOAN CHIEN, h/w** | : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | |
| | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | **NO.   06-CV-03013** |

**REPLY OF STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY TO PLAINTIFFS' RESPONSE TO STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION
FOR ABSTENTION OR IN THE ALTERNATIVE
MOTION TO TRANSFER VENUE**

Plaintiffs' complaint contains two counts. The first count asserts a claim for

uninsured/underinsured motorist benefits under a Delaware automobile insurance policy issued

to the plaintiffs. The second count of plaintiffs' complaint alleges that State Farm Mutual

Automobile Insurance Company [hereinafter "State Farm"] sold illusory uninsured/underinsured

motorist coverage under Delaware law. In their Response to State Farm's Motion for Abstention

or in the Alternative Motion to Transfer Venue, plaintiffs consent to the transfer of the second

count to the United States District Court for the District of Delaware. However, plaintiffs

contend that this Court should refuse to transfer venue of the first count of plaintiffs' complaint.

Plaintiffs assert that venue is proper for the first count in the United States District Court for the

Eastern District of Pennsylvania given the amount in controversy, diversity of citizenship and the

fact that State Farm does business in Pennsylvania. In paragraph 9 of its Motion for Abstention

or in the Alternative to Change Venue, State Farm conceded that jurisdiction was proper.

This admission does not defeat the transfer of the first count to Delaware. In the Third Circuit, a Court must balance the relevant private and public interests when considering a motion to transfer venue under §1404(a). <u>Jumara v. State Farm Insurance Company</u>, 55 F.3d 873, 879 (3rd Cir. 1995). State Farm's Motion addresses the private and public interests which support a transfer of venue. Given plaintiffs' acquiescence to a transfer of the second count, judicial economy would be served by the transfer of the first count. It would not benefit either the parties or the courts to litigate the uninsured/underinsured motorist count in Pennsylvania while at the same time litigating the "illusory" coverage count in Delaware as both counts involve the same parties, the same accident and the application of Delaware law. Hence as both counts of plaintiffs' complaint involve legal analysis and public policy determinations specifically rooted in Delaware law and do not involve legal analysis or public policy determinations regarding Pennsylvania law, both counts should be transferred to the United States District Court for the District of Delaware for the convenience of the parties and witnesses and to further the interests of justice.

**Respectfully Submitted:**

**BENNETT, BRICKLIN & SALTZBURG LLP**

BY:

**LOUIS E. BRICKLIN, ESQUIRE**
**I.D. NO. 20281**
**KATHERINE COLE DOUGLAS, ESQUIRE**
**I.D. NO. 58913**
**Attorneys for Defendant, State Farm**
**Mutual Automobile Insurance Company**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH REYNOLDS and | : | |
| JOAN CHIEN, h/w | : | |
| | : | **CIVIL ACTION** |
| vs. | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | NO.   06-CV-03013 |

### CERTIFICATE OF SERVICE

I, Katherine Cole Douglas, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF System.  I further certify that, on February 16, 2007, I caused to be served a true and correct copy of the foregoing Motion for leave to file a Reply to Plaintiffs' Response to State Farm Mutual Automobile Insurance Company's Motion for Abstention or in the Alternative Motion to Transfer Venue on all interested counsel by way of United States Regular First Class Mail, postage prepaid, addressed as follows:

Shelly Farber, Esquire
2619West Chester Pike
Broomall, PA 19008-1809

**BENNETT, BRICKLIN & SALTZBURG LLP**

BY: KCD3102
     Katherine Cole Douglas, Esquire
     1601 Market Street, 16th Floor
     Philadelphia, PA 19103-2393
     (215) 561-4300
     Attorneys for Defendant
     State Farm Mutual
     Automobile Insurance Company



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH REYNOLDS and** : | |
| **JOAN CHIEN, h/w** : | **FILED** |
| : | **CIVIL ACTION** |
| **vs.** : | FEB 2 0 2007 |
| : | |
| **STATE FARM MUTUAL AUTOMOBILE** : | MICHAEL E. KUNZ, Clerk |
| **INSURANCE COMPANY** : | **NO.  06-CV-03013** By _____ Dep. Clerk |

## REPLY OF STATE FARM MUTUAL AUTOMOBILE INSURANCE
## COMPANY TO PLAINTIFFS' RESPONSE TO STATE FARM
## MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION
## FOR ABSTENTION OR IN THE ALTERNATIVE
## MOTION TO TRANSFER VENUE

Plaintiffs' complaint contains two counts. The first count asserts a claim for

uninsured/underinsured motorist benefits under a Delaware automobile insurance policy issued

to the plaintiffs. The second count of plaintiffs' complaint alleges that State Farm Mutual

Automobile Insurance Company [hereinafter "State Farm"] sold illusory uninsured/underinsured

motorist coverage under Delaware law. In their Response to State Farm's Motion for Abstention

or in the Alternative Motion to Transfer Venue, plaintiffs consent to the transfer of the second

count to the United States District Court for the District of Delaware. However, plaintiffs

contend that this Court should refuse to transfer venue of the first count of plaintiffs' complaint.

Plaintiffs assert that venue is proper for the first count in the United States District Court for the

Eastern District of Pennsylvania given the amount in controversy, diversity of citizenship and the

fact that State Farm does business in Pennsylvania. In paragraph 9 of its Motion for Abstention

or in the Alternative to Change Venue, State Farm conceded that jurisdiction was proper.

This admission does not defeat the transfer of the first count to Delaware. In the Third

Circuit, a Court must balance the relevant private and public interests when considering a motion

to transfer venue under §1404(a). Jumara v. State Farm Insurance Company, 55 F.3d 873, 879

(3rd Cir. 1995). State Farm's Motion addresses the private and public interests which support a

transfer of venue. Given plaintiffs' acquiescence to a transfer of the second count, judicial

economy would be served by the transfer of the first count. It would not benefit either the parties

or the courts to litigate the uninsured/underinsured motorist count in Pennsylvania while at the

same time litigating the "illusory" coverage count in Delaware as both counts involve the same

parties, the same accident and the application of Delaware law. Hence as both counts of

plaintiffs' complaint involve legal analysis and public policy determinations specifically rooted

in Delaware law and do not involve legal analysis or public policy determinations regarding

Pennsylvania law, both counts should be transferred to the United States District Court for the

District of Delaware for the convenience of the parties and witnesses and to further the interests

of justice.

**Respectfully Submitted:**

**BENNETT, BRICKLIN & SALTZBURG LLP**

BY:

**LOUIS E. BRICKLIN, ESQUIRE**
**I.D. NO. 20281**
**KATHERINE COLE DOUGLAS, ESQUIRE**
**I.D. NO. 58913**
**Attorneys for Defendant, State Farm**
**Mutual Automobile Insurance Company**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH REYNOLDS and** | : | |
| **JOAN CHIEN, h/w** | : | |
| | : | **CIVIL ACTION**   **FILED** |
| **vs.** | : | |
| | : | FEB 2 0 2007 |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | **NO.  06-CV-03013**   MICHAEL E. KUNZ, Clerk   By_____Dep. Clerk |

### CERTIFICATE OF SERVICE

I, Katherine Cole Douglas, hereby certify that this document has been filed electronically
and is available for viewing and downloading from the ECF System. I further certify that, on
February 16, 2007, I caused to be served a true and correct copy of the foregoing Motion for
leave to file a Reply to Plaintiffs' Response to State Farm Mutual Automobile Insurance
Company's Motion for Abstention or in the Alternative Motion to Transfer Venue on all
interested counsel by way of United States Regular First Class Mail, postage prepaid, addressed
as follows:

Shelly Farber, Esquire
2619West Chester Pike
Broomall, PA 19008-1809

**BENNETT, BRICKLIN & SALTZBURG LLP**

BY: _____
Katherine Cole Douglas, Esquire
1601 Market Street, 16th Floor
Philadelphia, PA 19103-2393
(215) 561-4300
Attorneys for Defendant
State Farm Mutual
Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KENNETH REYNOLDS, ET AL.          :        CIVIL ACTION
                                  :
        v.                        :
                                  :
STATE FARM INSURANCE COMPANY      :        NO. 2:06-cv-03013-LDD


O R D E R

AND NOW, this   20th    day of February, 2007,  it is ORDERED that Defendant's

Motion for Transfer of Venue (Doc. No. 11) is GRANTED.  It is further ORDERED that this

matter is transferred to the United States District Court for the District of Delaware.

This case stems from a car accident occurring on July 3, 2002 in Philadelphia,

Pennsylvania.  Following the accident, plaintiffs filed the instant complaint seeking, in count one,

uninsured/underinsured motorists benefits under an insurance policy issued by defendant.  In

count two, plaintiffs allege that defendant's insurance policy was illusory because it charged

extra premiums without providing additional coverage.  See Am. Compl. ¶ 4.  In the present

motion, defendant requests federal abstention under Burford v. Sun Oil Co., 319 U.S. 315

(1943), or, in the alternative, transfer of venue to the District of Delaware pursuant to 28 U.S.C.

§ 1404(a).  In response, plaintiffs consent to the transfer of count two, but request that this Court

retain jurisdiction over count one.  (Doc. No. 16.)

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it

might have been brought."  The Third Circuit has provided a nonexclusive list of factors that this

1

court should consider when ruling on a motion to transfer venue.  See Jamara v. State Farm

Insurance Co., 55 F.3d 873, 879-880 (3d Cir. 1995).  Although the defendant bears the burden to

establish the propriety of the transfer, it is only required to show that, "all relevant factors

considered, the case would be better off transferred to another district."  In re United States, 272

F.3d 380, 388 (3d Cir. 2001).  After balancing the relevant factors, the court finds that transfer to

the District of Delaware is proper.  See 28 U.S.C. § 1404(a); see also Stewart Organization, Inc.,

v. Ricoh Corp., 487 U.S. 22, 29 (1988) (granting District Court wide discretion to transfer for

convenience and fairness).

      Plaintiffs are Delaware residents and defendant conducts business in Delaware.

Plaintiffs' entitlement to uninsured/underinsured motorist benefits under an insurance agreement

issued in Delaware is governed by Delaware law.  Most importantly, defendant answers count

two of the complaint by asserting that its insurance policy is consistent with the express terms of

a Delaware insurance statute.  Answer ¶ 4 (citing 18 Del. C.§ 3902(b-c)).  In order to resolve this

claim, this court would be required to interpret Delaware statutory authority, legislative history

and public policy, and make a decision potentially affecting Delaware insurers and insureds.

This is a task more properly performed by a court sitting in Delaware which, it may fairly be

concluded, would have a greater familiarity with these unique aspects of Delaware law.  See

Landmark Bldg. Systems, Inc. v. Whiting-Turner Contracting Co., 2003 WL 21293812, at *2

(E.D. Pa. Apr. 21, 2003) (citing Connors v. R & S Parts & Services, Inc., 248 F.Supp.2d 394,

396 (E.D. Pa. 2003)).  For this reason, the interests of justice are best served by transferring this

matter to the District of Delaware.

2

Although plaintiffs' forum selection must generally be accorded significant weight, see Jamara, 55 F.3d at 880, plaintiffs have consented to the transfer of count two but request that this court retain jurisdiction over count one.  The court finds no basis for bifurcating this case into two separate actions.  Bifurcation would greatly inconvenience the parties and would waste judicial resources while creating the potential for inconsistent results.  See Stewart Organization, Inc., 487 U.S. at 29 (§1404(a) designed to promote convenience of parties and witnesses); cf. Turner v. Crawford Squares Apartments III, L.P., 449 F.3d 542, 551 (3d Cir. 2006) (discussing, in res judicata context, the importance of conserving judicial resources and the need to minimize the risk of inconsistent results).  For these reasons, it is ordered that the entire action shall be transferred to the United State District Court for the District of Delaware.

No action is taken on defendant's motion for abstention pursuant to Buford, supra.

Accordingly, this 20th day of February 2006,  it is hereby ORDERED that Defendant State Farm Insurance Company's  Motion for Transfer of Venue (Doc. No. 11) is GRANTED.  It is further ORDERED that this matter is transferred to the United States District Court for the District of Delaware.

The Clerk of Court shall close this matter for statistical purposes.


BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J