IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH REYNOLDS and JOAN CHIEN, husband and wife, | ) ) ) | C.A. No.: 07-CV-176 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

# O R D E R

At Wilmington this __30th__ day of __November__, 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a Pretrial Scheduling Conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

**IT IS ORDERED** that:

1. **Pre-Discovery Disclosures.** The parties will exchange by __December 7, 2007__ the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects:

    Plaintiffs have filed a two-count Complaint. The first count involves a claim for uninsured/underinsured motorist benefits under a Delaware policy issued to the Plaintiffs. The accident giving rise to the uninsured/underinsured motorist claim occurred on July 3, 2002, in Philadelphia, Pennsylvania.

    After the July 3, 2002 accident, Plaintiffs filed suit in Philadelphia County Court of Common Pleas against

Jorge Gonzales, the driver of the tractor involved in the accident, Frank Buono, the owner of the truck driven by Mr. Gonzales, in his own right and doing business as Viking Transport, Inc. (hereinafter "Viking") and David Shadovitz, the operator of a third car involved in the accident. Prior to the expiration of the statute of limitations, Viking joined Northstar Services, Ltd. (hereinafter "Northstar"), contending that Viking/Gonzales were working for Northstar when the accident occurred.

Gonzales, Buono, and Viking were all uninsured. Northstar maintained a one million dollar commercial policy. Shadovitz was dismissed from the lawsuit by way of summary judgment.

Prior to an April 28, 2005 non-jury trial, the Plaintiffs settled their claims against Northstar for $62,500.00 based upon a joint tortfeasor release, without State Farm's consent to settlement. Trial against the remaining defendants, who did not appear, resulted in a $275,000.00 verdict.

After Plaintiffs received this verdict, they requested that State Farm pay it under the uninsured/underinsured motorist coverage. State Farm has declined to pay the verdict given the Plaintiffs' insurance company provisions and 18 Del. C. § 3902(b), requiring the "exhaustion" of all applicable liability insurance, prior to making a UIM claim, and other coverage requirements under Delaware law.

The second count of Plaintiffs' Complaint alleges that State Farm sold illusory uninsured/underinsured motorist coverage. State Farm denies this allegation and contends that it complied with Delaware law.

The parties will require written or oral discovery regarding both counts of the Complaint, including:

(1) Nature and extent of injuries claimed;

(2) Whether Plaintiffs breached conditions precedent to coverage;

(3) Whether Plaintiffs have failed to exhaust liability coverages;

(4) Whether Plaintiffs breached the policy provisions relative to consent to settlement;

(5) Whether the Plaintiffs are entitled to UIM coverage under the policy in issue;

(6) Amount of damages, if any, to the extent UIM coverage is found to be applicable;

(7) Whether the Plaintiffs have a cause of action regarding "illusory coverage";

(8) Whether the Plaintiffs lack standing to pursue class certification;

(9) Discovery attendant to class certification issues; and

(10) Damages issues relating to class action allegations, should the matter progress to that stage.

(b) All discovery shall be commenced in time to be completed by __December 8, 2008__.

(c) Maximum of _50_ interrogatories by each party to any other party.

(d) Maximum of _25_ requests for admission by each party to any other party.

      (e)    Maximum of __10__ depositions by Plaintiff and __10__ by Defendant.

      (f)    Each deposition other than of parties limited to a maximum of __7__ hours unless extended by agreement of parties.

      (g)    Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by __May 30, 2008__. Rebuttal expert reports due by __July 30, 2008__.

      (h)    **Discovery Disputes.** Any discovery dispute shall be submitted to the Court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The Court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

    3.    **Joinder of Other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before __April 30, 2008__.

    4.    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

    5.    **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before __January 8, 2009__. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the Court.

    6.    **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. Unless otherwise

requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7. **Motions In Limine.** All Motions *In Limine* shall be filed on or before  April 2, 2009 . All responses to said motions shall be filed on or before  April 9, 2009 .

8. **Pretrial Conference.** A Pretrial Conference will be held on  Thursday, April 16, 2009  at  4:30  p.m., in Courtroom 6B, Sixth Floor of Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the Pretrial Conference.

9. **Trial.** This matter is scheduled for a  five-day  jury trial commencing on  April 27, 2009  in Courtroom 6B, sixth floor of Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties shall plan on being allocated a total number of hours in which to present their respective cases.

                                                  _____
                                                  United States District Judge