IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENNETH REYNOLDS and )          C.A. No.: 07-00176 SLR
JOAN CHIEN, husband and wife, )
                              )
        Plaintiffs,           )
                              )
   v.                         )
                              )
STATE FARM MUTUAL AUTOMOBILE  )          TRIAL BY JURY DEMANDED
INSURANCE COMPANY,            )
                              )
        Defendant.            )

## NOTICE OF MOTION

TO: SHELLY FARBER, ESQUIRE          ALBERT M. GRETO, ESQUIRE
    2619 West Chester Pike          Law Offices of Albert M. Greto
    Broomall, PA 19008              1701 Shallcross Avenue, Suite C
                                    P.O. Box 756
                                    Wilmington, DE 19899-0756

    PLEASE TAKE NOTICE that the undersigned will present the attached Defendant, State Farm Mutual Automobile Insurance Company's Motion to Amend Answer to Complaint and Order, pursuant to Federal Rules of Civil Procedure Rule 15, at the convenience of the Court, pursuant to the deadline framed in the Scheduling Order. [D.I. 36].

                                    TYBOUT, REDFEARN & PELL

Dated: April 29, 2008              _____
                                    SHERRY RUGGIERO FALLON
                                    Bar ID # 2464
                                    750 Shipyard Drive #400
                                    P.O. Box 2092
                                    Wilmington, DE 19899-2092
                                    (302) 658-6901
                                    sfallon@trplaw.com
                                    Attorneys for Defendant,
                                    State Farm Mutual Automobile
601.184                             Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH REYNOLDS and | ) | C.A. No.: 07-00176 SLR |
| JOAN CHIEN, husband and wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | TRIAL BY JURY DEMANDED |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO AMEND ITS ANSWER TO THE COMPLAINT

The Defendant, State Farm Mutual Automobile Insurance Company, by and through its undersigned counsel, hereby moves to amend its Answer to the Complaint, in the form attached hereto as Exhibit "A", based upon the following grounds:

1.    This action was filed by Kenneth Reynolds and Joan Chien, on or about July 3, 2006, in the District Court for the Eastern District of Pennsylvania, and was transferred to this Court on March 28, 2007.  The Complaint alleges a contractual claim for uninsured/underinsured motorists benefits, arising from alleged personal injuries as the result of an accident which occurred on Interstate 95, in Philadelphia, Pennsylvania, on or about July 3, 2002.

2.    On or about November 7, 2006, the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), filed its Answer to the Complaint, while the case was pending in the District Court for the Eastern District of Pennsylvania.

3.    On or about November 30, 2007, the Court entered a Scheduling Order, permitting amendments to the pleadings to be filed on or before April 30, 2008. [D.I. 36].

4.    The Defendant, State Farm, seeks to amend its Answer to the Complaint to assert additional affirmative defenses.

5.    Amendments to the pleadings shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a); Dole v. Arco Chemical Co., 921 F.2d 484, 787 (3d Cir. 1990).

6.    The Motion to Amend is made within the time specified in the Scheduling Order and no prejudice will result to the Plaintiff if the amendment to the Answer is granted, as sufficient time remains to engage in discovery.

7.    Plaintiffs' counsel was provided with a draft of this Motion on April 28, 2008, and Plaintiffs [oppose/do not oppose/take no position] on the Motion.

WHEREFORE, based upon the foregoing reasons, the Defendant, State Farm Mutual Automobile Insurance Company, respectfully

requests that its Motion to Amend the Answer, in the form attached
hereto as Exhibit "A", be granted.

Respectfully submitted,

TYBOUT, REDFEARN & PELL

Dated: April 29, 2008

SHERRY RUGGIERO FALLON
Bar ID # 2464
750 Shipyard Drive #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
sfallon@trplaw.com
Attorneys for Defendant,
State Farm Mutual Automobile
Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH REYNOLDS and ) C.A. No.: 07-00176 SLR
JOAN CHIEN, husband and wife, )
)
          Plaintiffs, )
)
     v. )
)
STATE FARM MUTUAL AUTOMOBILE ) TRIAL BY JURY DEMANDED
INSURANCE COMPANY, )
)
          Defendant. )

# O R D E R

AND NOW this _____ day of _____, 2008, the Court having considered Defendant's Motion to Amend its Answer to Complaint, and any response thereto, it is hereby:

**ORDERED** that the Motion of Defendant, State Farm Mutual Automobile Insurance Company, to Amend its Answer to Complaint, is hereby GRANTED.

_____
                                J.

# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH REYNOLDS and          )     C.A. No.: 07-00176 SLR
JOAN CHIEN, husband and wife, )
                              )
          Plaintiffs,         )
                              )
     v.                       )
                              )
STATE FARM MUTUAL AUTOMOBILE  )     TRIAL BY JURY DEMANDED
INSURANCE COMPANY,            )
                              )
          Defendant.          )

# AMENDED ANSWER TO COMPLAINT

## COUNT I - BREACH OF CONTRACT:

1.    It is admitted that Kenneth Reynolds and Joan Chien
proceeded to a non-jury trial before the Honorable Sandra Mazer
Moss of the Philadelphia County Court of Common Pleas on April 28,
2005.   See attached Exhibit "A".    At the conclusion of that
non-jury trial, Judge Moss found for the plaintiffs against
Viking Transport, Inc., Frank Buono, and Jorge Gonzales
[hereinafter "Viking," "Buono," and "Gonzales"] in the amount of
$275,000 for injuries arising from a July 3, 2002 accident.   Upon
information and belief, Viking Buono and Gonzales were uninsured
and did not appear at trial.   Therefore, no-one challenged the
plaintiffs' evidence which resulted in the $275,000 verdict.   Upon
information and belief, this verdict has not been reduced to a
judgment per the docket entries for Reynolds and Chien v. Viking
Transport, et al., March Term 2003, No. 2544.

2.   It is admitted that State Farm Mutual Automobile Insurance Company [hereinafter "State Farm"] issued policy number 0041-734-08, a Delaware automobile insurance policy, to Kenneth Reynolds who upon information and belief resided in Delaware at the time of the policy's purchase.  That policy complied with Delaware law and contained certain provisions relevant to Kenneth Reynolds and Joan Chien's settlement with Northstar Services, Ltd., and verdict against Viking, Buono, and Gonzales.  By way of further answer, it is denied that the Plaintiffs are entitled to uninsured/ underinsured motorist benefits, pursuant to the State Farm policy and/or 18 Del. C. § 3902.

3.   Admitted in part and denied in part.  It is admitted that the plaintiffs have requested that State Farm pay their uninsured/underinsured motorist claim after the April 28, 2005 verdict in their favor.  It is denied that State Farm has any obligation to pay anything toward an uninsured/underinsured motorist claim arising from the July 3, 2002 accident for the reasons set forth in the affirmative defenses below.

WHEREFORE, State Farm Mutual Automobile Insurance Company demands judgment in its favor and against the plaintiffs.

## COUNT II - COLLECTING EXTRA PREMIUM FOR EACH VEHICLE

## BUT FAILING TO PROVIDE ANY EXTRA COVERAGE

4.   Denied.  State Farm Mutual Automobile Insurance Company offers policy coverage consistent with Delaware Law.  18 Del. C. Section 3902(c) provides:

The affording of insurance under this section to more than 1 person or to more than 1 vehicle shall not operate to increase the limits of the insurer's liability.  When 2 or more vehicles owned or leased by persons residing in the same household are insured by the same insurer or affiliated insurers, the limits of liability shall apply separately to each vehicle as stated in the declaration sheet, but shall not exceed the highest limit of liability applicable to any 1 vehicle.

(emphasis added).  Furthermore, 18 Del. C. 3902(b) reads:

Every insurer shall offer to the insured the option to purchase additional coverage for personal injury or death up to a limit of $100,000 per person and $300,000 per accident or $300,000 single limit, but not to exceed the limits for bodily injury liability coverage set forth in the basic policy.  Such additional coverage shall include underinsured bodily injury liability coverage.

(1)  Acceptance of such additional coverage shall operate to amend the policy's uninsured coverage to pay for bodily injury damage that the insured or his/her legal representative are legally entitled to recover from the driver of an underinsured motor vehicle.

. . . . .

(3)  The insurer shall not be obligated to make any payment under this coverage until after the limits of liability under all bodily injury bonds and insurance policies available to the insured at the time of the accident have been exhausted by payment of settlement or judgments.

. . . .

(emphasis added).  The Delaware Supreme Court has interpreted Section 3902(c), the anti-stacking provision, as providing a benefit to insureds rather than a detriment.  The law allows insureds to choose from their different insurance policies and receive benefits pursuant to the policy providing the highest limits of liability.  Although uninsured/underinsured motorist coverage cannot be "stacked" as is permitted under Pennsylvania law, Section 3902(c) does not preclude insureds from electing

-3-

coverage from their highest limit of liability, regardless of the manner in they were injured.  *See* <u>Jones v. Horace Mann Ins. Co.</u>, 723 A.2d 390 (Del. 1998).

The Delaware Superior Court was not persuaded by a plaintiff's argument that "anti-stacking" deprived an insured of the coverage for which he had paid multiple premiums on multiple policies.  The Court stated:

> Plaintiffs argue that . . . . . Plaintiff Lewis paid two premiums, and therefore, is entitled twice the amount of bodily injury liability coverage.  Plaintiffs' argument, however, ignores the fact that plaintiff Lewis derived multiple benefits for each automobile by paying a premium for insurance coverage on each of the automobiles, i.e., personal injury liability coverage, collision coverage, underinsured coverage, medical coverage, property coverage, etc.  The fact that Delaware statutory and case law prohibit stacking, or "doubling up" on UIM coverage, does not invalidate the need for these types of insurance coverage to Delaware residents. Nor can Plaintiffs seriously claim that they received nothing of value for their premiums, when both automobiles were covered under the policy and Defendant would have been obliged to pay benefits if either, or both cars, were involved in an accident with uninsured or underinsured tortfeasors.

<u>Lewis v. American Ind. Ins. Co.</u>, 2004 WL 1426964 (Del. Super. 2004).

WHEREFORE, State Farm Mutual Automobile Insurance Company demands judgment in its favor and against the plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

5.    Upon information and belief, prior to the April 28, 2005 non-jury trial, Kenneth Reynolds and Joan Chien settled their claims against additional defendant, Northstar Services, Ltd. [hereinafter "Northstar"] for $62,500.00 ~~based upon a joint tortfeasor release~~.  As Northstar Services, Ltd. was joined prior

-4-

to the expiration of the two year statute of limitations by Viking, Buono, and Gonzales, under Pennsylvania law plaintiffs had a direct cause of action against Northstar. Northstar maintained a one million dollar commercial <u>general</u> liability policy. Upon information and belief, Gonzales drove trucks for Viking and Buono. Northstar hired Viking and Buono to deliver its products. On July 3, 2002, Gonzales had delivered products for Viking, Buono, and Northstar and was returning to Viking when the accident involving Kenneth Reynolds occurred.

### SECOND AFFIRMATIVE DEFENSE

6. <u>The Plaintiff has failed to exhaust the limits of liability under all bodily injury bonds or insurance policies applicable to the Plaintiff at the time of the accident, pursuant to the Defendant's policy and 18 Del. C. § 3902.</u> The Reynolds insurance policy provided:

**Section III - UNINSURED MOTORIST VEHICLE - COVERAGE U**

THERE IS NO CCVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

See attached Exhibit "B". This policy language mirrors Delaware law. 18 <u>Del. C.</u> Section 3902(b)(3). As plaintiffs reached a settlement with Northstar which did not exhaust Northstar's one million dollar combined single limit policy, pursuant to this policy provision and Delaware law, they vitiated any potential uninsured/underinsured motorist claim.

## THIRD AFFIRMATIVE DEFENSE

7.    Moreover, Mr. Reynolds' insurance policy stated:

THERE IS NO COVERAGE:

1.    FOR ANY **INSURED** WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY **PERSON** OR **ORGANIZATION** WHO MAY BE LIABLE FOR THE **BODILY INJURY** OR **PROPERTY DAMAGE**. This does not apply to any insured who settles with the owner or operator of a vehicle described in item 3 of the definition of **uninsured motor vehicle**[1].

Id. As State Farm never consented in writing to the settlement with Northstar, nor was it ever even asked to consent to the settlement, plaintiffs violated this policy provision, and vitiated any potential uninsured/underinsured motorist claim.

## FOURTH AFFIRMATIVE DEFENSE

8.    Delaware law provides that an uninsured/underinsured motorist claim does not exist where the tortfeasor's liability

---

[1] Definition 3 of **uninsured motor vehicle** contained within Mr. Reynolds' policy read as follows:

with respect to damage for bodily injury, a land motor vehicle:

a.    the ownership, maintenance or use of which may be insured or bonded for **bodily injury** liability at the time of the accident; but

b.    the limits of liability for injury are less than the limits you carry for uninsured motor vehicle coverage under this policy
. . . .

As Mrs. Reynolds carried $100,000.00 for uninsured/underinsured motorist coverage and Northstar maintained a one million dollar combined single limit policy, this policy required Mr. Reynolds to obtain State Farm's consent in writing prior to a settlement with Northstar. Mr. Reynolds did not do so and thereby violated this policy provision.

limit is in excess of the insured's uninsured/underinsured motorist coverage.  Therefore, as Northstar maintained one million dollars in liability coverage and Mr. Reynolds maintained $100,000.00/$300,000.00 in uninsured/underinsured motorist coverage, no viable uninsured/underinsured motorist claim existed.

## FIFTH AFFIRMATIVE DEFENSE

<u>9.</u>  Once State Farm was advised of the plaintiffs' intention to proceed with a non-jury trial against Viking, Buono, and Gonzales, State Farm's counsel wrote to plaintiffs' counsel to advise of the policy provisions and nuances of Delaware law outlined in the second, third, and fourth affirmative defenses. See attached Exhibit "C".  In this letter, State Farm specifically advised that it did not consent to be bound by Judge Moss' trial decision.

## SIXTH AFFIRMATIVE DEFENSE

<u>10.</u>  The complaint fails to state a cause of action upon which relief can be granted against State Farm ~~Mutual Automobile Insurance policy~~ pursuant to the insurance policy language and operation of Delaware law.

## SEVENTH AFFIRMATIVE DEFENSE

<u>11.</u>  The complaint fails to state a cause of action upon which relief can be granted for Kenneth Reynolds and Joan Chien.

## EIGHTH AFFIRMATIVE DEFENSE

<u>12.</u>  Some <u>or</u> all of the claims asserted in the complaint are barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

13.  State Farm ~~Mutual Automobile Insurance Company~~ denies that it breached any duty to Kenneth Reynolds or Joan Chien.

## TENTH AFFIRMATIVE DEFENSE

14.  State Farm ~~Mutual Automobile Insurance Company~~ denies that it breached any contract with Kenneth Reynolds or Joan Chien.

## ELEVENTH AFFIRMATIVE DEFENSE

15.  Kenneth Reynolds and Joan Chien's claims against State Farm ~~Mutual Automobile Insurance Company~~ are barred, limited and/or reduced based on Kenneth Reynolds and Joan Chien's failure to comply with, fulfill and/or satisfy the terms, provisions, ~~and~~ conditions, <u>exceptions, limitations, and limits of liability</u> of the <u>State Farm</u> insurance policy issued to Kenneth Reynolds and Joan Chien ~~by State Farm Mutual Automobile Insurance Company~~ <u>under which a claim has been made</u>.

## ~~TWELFTH AFFIRMATIVE DEFENSE~~

~~As both Counts I and II of the complaint raises questions as to the proper interpretation of Delaware law with respect to a Delaware insurance policy, this court should abstain from adjudicating this matter in favor of the Delaware state courts.~~

## TWELFTH AFFIRMATIVE DEFENSE

16.  <u>The Plaintiffs are barred from pleading or introducing into evidence those damages for which they were eligible to receive no-fault benefits, pursuant to 21 Del. C. § 2118(h).</u>

## THIRTEENTH AFFIRMATIVE DEFENSE

17.  The damages alleged by the Plaintiffs, if any, are the result of pre-existing and/or subsequent medical conditions, lifestyles, exposures, accidents, injuries and/or other causes that are completely unrelated to the motor vehicle accident at issue or any alleged acts or omissions of the Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

18.  The Plaintiffs' claims are barred, in whole or in part, because there are no compensable losses, occurrences, damages, or expenditures.

## FIFTEENTH AFFIRMATIVE DEFENSE:

19.  The accident for which a claim has been made against the Defendant, was proximately caused by the negligence of the Plaintiff, Kenneth Reynolds, in that he:

    (a)  Failed to maintain a proper lookout;

    (b)  Failed to maintain proper control over his vehicle;

    (c)  Operated his vehicle in a careless and imprudent manner, without due regard for road, weather, and traffic conditions then existing;

    (d)  Failed to give full time and attention to the operation of his vehicle, in violation of 21 Del. C. § 4176(b); and

    (e)  Failed to observe his common law duty of due care for the safety of other persons and vehicles on the highway.

20.  The negligence of the Plaintiff is greater than 50 percent, thus, barring his recovery.  In the event that it is

-9-

determined that the Plaintiff's negligence is 50 percent or less, then any damages awarded in his favor must be reduced by his proportion of negligence.

21.  The claims of the female plaintiff, Joan Chien, are derivative of the claims of the male Plaintiff, Kenneth Reynolds, therefore, she is barred from recovery.  In the alternative, any damages awarded to the Plaintiff, Joan Chien, shall be reduced by the proportion of negligence attributed to the Plaintiff, Kenneth Reynolds.

**SIXTEENTH AFFIRMATIVE DEFENSE**

21.  The Plaintiffs have failed to satisfy conditions precedent to coverage under the Defendant's policy.

**SEVENTEENTH AFFIRMATIVE DEFENSE:**

22.  The Plaintiffs has failed to mitigate their damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE:**

23.  The Plaintiffs' claims are barred by accord and satisfaction.

**NINETEENTH AFFIRMATIVE DEFENSE:**

24.  The Plaintiffs have been fully compensated for their alleged damages and their damages do not exceed the amount of the settlement paid by the alleged tortfeasor.

**TWENTIETH AFFIRMATIVE DEFENSE**

25.  The Defendant denies that it is liable to the Plaintiffs for payment of uninsured/underinsured motorist benefits.  However, in the event it is determined that the Defendant is liable to the Plaintiffs for uninsured/underinsured motorist benefits, then the

Plaintiffs can recover no more than the policy limits of coverage, which are $100,000.00 per person, pursuant to the policy and/or 18 Del. C. § 3902.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

26.  The Plaintiffs' claims are barred by waiver and estoppel.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

27.  The alleged injuries claimed by the Plaintiffs were proximately caused by the negligence of a third party.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

28.  The accident was proximately caused by a sudden emergency.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

29.  The accident was unavoidable.

WHEREFORE, the Defendant, State Farm Mutual Automobile Insurance Company,  demands that the Plaintiffs' Complaint be dismissed against it, together with the costs of this action.

Respectfully submitted,

TYBOUT, REDFEARN & PELL

Dated: April 29, 2008

SHERRY RUGGIERO FALLON
Bar ID # 2464
750 Shipyard Drive #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
sfallon@trplaw.com
Attorneys for Defendant,
State Farm Mutual Automobile
Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH REYNOLDS and          )      C.A. No.: 07-00176 SLR
JOAN CHIEN, husband and wife, )
                              )
          Plaintiffs,         )
                              )
     v.                       )
                              )
STATE FARM MUTUAL AUTOMOBILE  )      TRIAL BY JURY DEMANDED
INSURANCE COMPANY,            )
                              )
          Defendant.          )

# O R D E R


     AND NOW this ____ day of _____, 2008, the Court having

considered Defendant's Motion to Amend the Answer to Complaint, and

any response thereto, it is hereby:

     **ORDERED** that Defendant's Motion is GRANTED.




                                    _____
                                                 J.

# Exhibit A

# Civil Docket Report

## Case Description

| | |
|---|---|
| **Case ID:** | 030202544 |
| **Case Caption:** | REYNOLDS ETAL VS VIKING TRANSPORT INC ETAL |
| **Filing Date:** | Thursday , February 20th, 2003 |
| **Court:** | JS - MAJOR JURY-STANDARD |
| **Location:** | CH - City Hall |
| **Jury:** | J - JURY |
| **Case Type:** | 2V - MOTOR VEHICLE ACCIDENT |
| **Status:** | WSFFP - FINDING FOR PLAINTIFF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | 23-DEC-2004 | ATTORNEY FOR PLAINTIFF | A37666 | SCHUSTER, KENNETH R |
| **Address:** | 334 WEST FRONT STREET MEDIA PA 19063 (610)892-9200 | | **Aliases:** | *none* | |
| | | | | | |
| 2 | 19 | | PLAINTIFF | @4658978 | REYNOLDS, KENNETH |
| **Address:** | 23 BLACKBIRD COURT NEWARK DE 00000 | | **Aliases:** | *none* | |
| | | | | | |
| 3 | 19 | | PLAINTIFF | @4659039 | CHIEN, JOAN |
| **Address:** | 23 BLACKBIRD COURT NEWARK DE 00000 | | **Aliases:** | *none* | |

| 4 | 9 | | DEFENDANT | @4659043 | VIKING TRANSPORT INC |
| Address: | 230 S BROAD ST 18TH FL PHILADELPHIA PA 19100 | | Aliases: | VIKING TRANSPORT | |

| 5 | 9 | | DEFENDANT | @4659048 | BUONO, FRANK |
| Address: | 2416 S 11TH ST PHILADELPHIA PA 19100 | | Aliases: | VIKING TRANSPORT | |

| 6 | | | DEFENDANT | @4659060 | VIKING TRANSPORT |
| Address: | 2416 S 11TH ST PHILADELPHIA PA 19100 | | Aliases: | *none* | |

| 7 | | | DEFENDANT | @4659062 | GONZALEZ, JORGE |
| Address: | 5121 D ST PHILADELPHIA PA 19100 | | Aliases: | *none* | |

| 8 | 11 | 01-DEC-2004 | DEFENDANT | @4659063 | SHADOVITZ, DAVID |
| Address: | 250 HAMONTON DR LANGHORNE PA 00000 | | Aliases: | *none* | |

| 9 | | 14-MAY-2004 | ATTORNEY FOR DEFENDANT | A55673 | LAPAT, ANDREW |
| Address: | STEIN&SILVERMAN PC 230 S BROAD ST 18TH FL PHILADELPHIA PA | | Aliases: | *none* | |



| | | | | | |
|---|---|---|---|---|---|
| **Address:** | 334 WEST FRONT STREET MEDIA PA 19063 (610)892-9200 | | **Aliases:** | *none* | |

| | | | | | |
|---|---|---|---|---|---|
| 20 | | 23-DEC-2004 | ATTORNEY FOR PLAINTIFF | A46696 | PINNIE, ANTHONY S |
| **Address:** | PINNIE LAW ASSOCIATES 334 W. FRONT ST MEDIA PA 19063 (610)892-9200 | | **Aliases:** | *none* | |

| | | | | | |
|---|---|---|---|---|---|
| 21 | 19 | | ATTORNEY FOR PLAINTIFF | A33726 | FARBER, SHELLY |
| **Address:** | NONE GIVEN PHILADELPHIA PA 19100 | | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 20-FEB-2003 09:18 AM | ACTIV - ACTIVE CASE | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 20-FEB-2003 02:50 PM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | SCHUSTER, KENNETH R | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 20-FEB-2003 02:50 PM | SSCG5 - SHERIFF'S SURCHARGE 5 DEFTS | SCHUSTER, KENNETH R | |
| **Docket Entry:** | *none.* | | |
| | | | |

| 20-FEB-2003 02:50 PM | CLWCM - WAITING TO LIST CASE MGMT CONF | | |
| **Docket Entry:** | *none.* | | |

| 20-FEB-2003 02:50 PM | JURYT - JURY TRIAL PERFECTED | SCHUSTER, KENNETH R | |
| **Docket Entry:** | *none.* | | |

| 20-FEB-2003 02:50 PM | CMPLT - COMPLAINT FILED NOTICE GIVEN | SCHUSTER, KENNETH R | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |

| 03-MAR-2003 01:01 PM | ATSNF - ATTEMPTED SERVICE - NOT FOUND | SCHUSTER, KENNETH R | |
| **Docket Entry:** | NOT FOUND AS TO DFT, VIKING TRANSPORT, INC. D/B/A, T/A VIKING TRANSPORT ON 26-FEB-2003. FILED. | | |

| 11-MAR-2003 04:17 PM | ATSNF - ATTEMPTED SERVICE - NOT FOUND | | |
| **Docket Entry:** | NOT FOUND AS TO DEFT VIKING TRANSPORT, INC., D/B/A VIKING TRANSPORT ON 26-FEB-03. | | |

| 12-MAR-2003 04:13 PM | RSCVA - REINSTATE/REISSUE CIVIL ACTION | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. | | |

| 13-MAR-2003 12:01 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | SCHUSTER, KENNETH R | |
| **Docket Entry:** | OF COMPLAINT BY PERSONAL SERVICE UPON FRANK BUONO, IND & T/A VIKING TRANSPORT ON 06-MAR-03 AT 06:21 P.M. FILED. | | |

| 13-MAR-2003 | AFDVT - AFFIDAVIT OF | | |

| 01:25 PM | SERVICE FILED | | |
|---|---|---|---|
| **Docket Entry:** | OF COMPLAINT BY PERSONAL SERVICE UPON JORGE GONZALEZ ON 03/01/03. | | |
| | | | |
| 20-MAR-2003 04:03 PM | SHSRV - SHERIFF'S SERVICE | | |
| **Docket Entry:** | DEPUTIZED SERVICE OF COMPLAINT UPON DAVID SHADOVITZ BY SHERIFF OF BUCKS COUNTY ON 12-MAR-03. | | |
| | | | |
| 07-APR-2003 10:37 AM | ENAPP - ENTRY OF APPEARANCE FILED | LAPAT, ANDREW | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF ANDREW LAPAT ESQ. FILED ON BEHALF OF DFTS VIKING TRANSPORT INC. AND FRANK BUONO FILED. FEE PAID 102.00 | | |
| | | | |
| 08-APR-2003 11:10 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | |
| **Docket Entry:** | OF COMPLAINT BY PERSONAL SERVICE UPON VIKING TRANSPORT, INC. ON 04/01/03. | | |
| | | | |
| 15-APR-2003 10:29 AM | DPROB - MOTION TO DETERMINE P.O. FILED | | |
| **Docket Entry:** | 84-03040884 RESPONSE DATE 05-15-03 FILED BY DEFTS VIKING TRANSPORT, INC AND FRANK BUONO. | | |
| | | | |
| 15-APR-2003 02:57 PM | PROBJ - PRELIMINARY OBJECTIONS FILED | LAPAT, ANDREW | |
| **Docket Entry:** | PRELIMINARY OBJECTIONS OF DEFENDANTS VIKING TRANSPORT, INC. AND FRANK BUONO. FILED. | | |
| | | | |
| 21-APR-2003 01:48 PM | CMAMD - AMENDED COMPLAINT FILED | SCHUSTER, KENNETH R | |
| **Docket Entry:** | AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| 22-APR-2003<br>02:57 PM | CLLCM - LISTED FOR CASE<br>MGMT CONF | | |
| **Docket<br>Entry:** | *none.* | | |
| | | | |
| 23-APR-2003<br>04:04 PM | CLNGV - NOTICE GIVEN | | |
| **Docket<br>Entry:** | *none.* | | |
| | | | |
| 23-APR-2003<br>04:04 PM | CLNGV - NOTICE GIVEN | | |
| **Docket<br>Entry:** | *none.* | | |
| | | | |
| 28-APR-2003<br>10:24 AM | DPROB - MOTION TO<br>DETERMINE P.O. FILED | | |
| **Docket<br>Entry:** | 21-03041921 RESPONSE DATE 05-28-03 FILED BY DEFTS VIKING<br>TRANSPORTATION, INC AND FRANK BUONO. | | |
| | | | |
| 28-APR-2003<br>04:15 PM | PROBJ - PRELIMINARY<br>OBJECTIONS FILED | LAPAT, ANDREW | |
| **Docket<br>Entry:** | PRELIMINARY OBJECTIONS TO PLAINTIFF(S) COMPLAINT FILED BY<br>DEFENDANT VIKING TRANSPORT INC. AND FRANK BUONO. | | |
| | | | |
| 15-MAY-2003<br>02:43 PM | ENAPP - ENTRY OF<br>APPEARANCE FILED | ROSENAU, LEE H | |
| **Docket<br>Entry:** | ENTRY OF APPEARANCE OF LEE H. ROSENAU FILED ON BEHALF OF<br>DFT DAVID SHADOVITZ. | | |
| | | | |
| 16-MAY-2003<br>09:49 AM | CLCCC - CASE MGMT<br>CONFERENCE COMPLETED | SALTER, PAUL | |
| **Docket<br>Entry:** | *none.* | | |
| | | | |
| 16-MAY-2003 | CMOIS - CASE MANAGEMENT | | |

| 09:49 AM | ORDER ISSUED | | |
|---|---|---|---|
| **Docket Entry:** | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY FIRST JUDICIAL DISTRICT OF PENNSYLVANIA CIVIL TRIAL DIVISION REYNOLDS ETAL VS VIKING TRANSPORT INC ET 030202544 CASE MANAGEMENT ORDER STANDARD TRACK AND NOW, 16-MAY-2003, it is Ordered that: 1. The case management and time standards adopted for standard track cases shall be applicable to this case and are hereby incorporated into this Order. 2. All discovery on the above matter shall be completed not later than 05-APR-2004. 3. Plaintiff shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 05-APR-2004. 4. Defendant and any additional defendants shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than 03-MAY-2004. 5. All pre-trial motions shall be filed not later than 03-MAY-2004. 6. A settlement conference may be scheduled at any time after 03-MAY-2004. Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant; (b) A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount; (c) Defendant shall identify all applicable insurance carriers, together with applicable limits of liability. 7. A pre-trial conference will be scheduled any time after 06-JUL-2004. Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant; (b) A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial; (c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial; (d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and (e) Defendant shall state in position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability; (f) Each counsel shall provide an estimate of the anticipated length of trial. 8. It is expected that the case will be ready for trial 07-SEP-2004, and counsel should anticipate trial to begin expeditiously thereafter. 9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order. BY THE COURT: _____ MARK BERNSTEIN, J. TEAM LEADER | | |

| | | | |
|---|---|---|---|
| 16-MAY-2003 09:49 AM | CLLSC - LISTED FOR SETTLEMENT CONF | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 16-MAY-2003 09:49 AM | CLLPT - LISTED FOR PRE-TRIAL CONF | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 16-MAY-2003 09:49 AM | CLLTR - LISTED FOR TRIAL | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 20-MAY-2003 03:35 PM | MTDAM - MOTION/PETITION MARKED MOOT | | |
| **Docket Entry:** | 84-03040884 MOTION TO DETERMINE PRELIMINARY OBJECTIONS WITHDRAWN AS MOOT, AMENDED COMPLAINT FILED. | | |
| | | | |
| 22-MAY-2003 04:10 PM | WRPRA - PRAECIPE TO ISSUE WRIT FILED | LAPAT, ANDREW | |
| **Docket Entry:** | DEFENDANT VIKING TRANSPORT INC PRAECIPE TO ISSUE WRIT TO JOIN ADDITIONAL DEFENDANT NORTHSTAR SERVICES LTD. WRIT ISSUED. | | |
| | | | |
| 28-MAY-2003 09:20 AM | MTANS - ANSWER (MOTION/PETITION) FILED | | |
| **Docket Entry:** | 21-03041921 ANS FILED TO PO'S (FILED BY KENNETH REYNOLDS AND JOAN CHIEN) | | |
| | | | |
| 02-JUN-2003 11:48 AM | MTASN - MOTION ASSIGNED | | |
| **Docket Entry:** | 21-03041921 MOTION TO DETERMINE PRELIMINARY OBJECTIONS ASSIGNED TO JUDGE BERNSTEIN ON 6/3/03. | | |
| | | | |

| 03-JUN-2003 11:05 AM | MEMOR - MEMORANDUM FILED | VIKING TRANSPORT INC, | |
|---|---|---|---|
| **Docket Entry:** | 21-03041921 MEMORANDUM FILED IN SUPPORT OF PO'S | | |
| | | | |
| 04-JUN-2003 02:44 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | BERNSTEIN, MARK | |
| **Docket Entry:** | 21-O3041921 AND NOW, THIS 3RD DAY OF JUNE, 2003, UPON CONSIDERATION OF PRELIMINARY OBJECTIONS OF DEFENDANTS' VIKING TRANSPORT, INC., AND FRANK BUONO, AND PLAINTIFF'S REPSONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT THE PRELIMINARY OBJECTIONS ARE DENIED. DEFENDANTS SHALL FILE AN ANSWER WITHIN TWENTY (20) DAYS OF THE DATE OF THIS ORDER. ... BY THE COURT: BERNSTEIN, J. 03-JUN-2003 | | |
| | | | |
| 06-JUN-2003 02:37 PM | ANCOM - ANSWER TO COMPLAINT FILED | MENSZAK, JR., CHARLES | |
| **Docket Entry:** | ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND COUNTERCLAIM FILED BY DEFENDANT DAVID SHADOVITZ. | | |
| | | | |
| 20-JUN-2003 03:57 PM | RPNMP - PLTF REPLY TO NEW MATTER FILED | SCHUSTER, KENNETH R | |
| **Docket Entry:** | PLAINTIFF(S) REPLY TO NEW MATTER OF DEFENDANTS, FILED. | | |
| | | | |
| 25-JUN-2003 03:59 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | | |
| **Docket Entry:** | OF SUMMONS BY PERSONAL SERVICE UPON NORTHSTAR SERVICES LTD ON 17-JUN-03. | | |
| | | | |
| 02-JUL-2003 02:33 PM | ANCOM - ANSWER TO COMPLAINT FILED | LAPAT, ANDREW | |
| **Docket Entry:** | ANSWER TO JOINDER COMPLAINT WITH NEW MATTER AND NEW MATTER 2252(D)AGANIST DEFT VIKING TRANSPORT INC., AND FRANK BUONO FILED BY ADDITIONAL DEFENDANT NORTHSTAR SERVICES, LTD. | | |
| | | | |
| 02-JUL-2003 | ANCOM - ANSWER TO | LAPAT, ANDREW | |

| 02:34 PM | COMPLAINT FILED | | |
|---|---|---|---|
| **Docket Entry:** | ANSWER TO JOINDER COMPLAINT OF DEFT SHADOVITZ WITH NEW MATTER AND NEW MATTER CROSSCLAIM CO-DEFT GONZALEZ FILED BY DEFENDANTS VIKING TRANSPORT, INC., AND FRANK BUONO. | | |
| | | | |
| 09-JUL-2003 04:22 PM | RPNMP - PLTF REPLY TO NEW MATTER FILED | SCHUSTER, KENNETH R | |
| **Docket Entry:** | PLAINTIFF(S) REPLY TO NEW MATTER OF DEFENDANTS, VIKING TRANSPORT INC. AND FRANK BUONO FILED. | | |
| | | | |
| 10-JUL-2003 12:21 PM | ENAJD - ENTRY OF APPEAR/JURY DEMAND | SMYLER, DENISE | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF DENISE JOY SMYLER FILED ON BEHALF OF DFTS KENNETH REYNOLDS & JOAN CHEIN. | | |
| | | | |
| 10-JUL-2003 12:21 PM | JURYT - JURY TRIAL PERFECTED | SMYLER, DENISE | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 16-JUL-2003 03:47 PM | REPLY - REPLY FILED | ROSENAU, LEE H | |
| **Docket Entry:** | DEFT DAVID SHADOVITZ'S REPLY TO CO-DEFTS VIKING TRANSPORT INC. AND FRANK BUONO'S NEW MATTER AND COUNTERCLAIM FILED. | | |
| | | | |
| 24-JUL-2003 10:21 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | |
| **Docket Entry:** | OF COMPLAINT BY PERSONAL SERVICE UPON DFT NORTHSTAR SERVICES INC. ON 7-18-03 | | |
| | | | |
| 25-JUL-2003 04:25 PM | ENAJD - ENTRY OF APPEAR/JURY DEMAND | YOST, RICHARD W | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF RICHARD W. YOST AND JOHN M. CAMPBELL FILED ON BEHALF OF ADDITIONAL DFT NORTHSTAR SERVICES LTD. | | |

Civil Docket Report - Not an Official Document

| 25-JUL-2003 04:25 PM | JURYT - JURY TRIAL PERFECTED | NORTHSTAR SERVICES LTD, | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 11-AUG-2003 01:42 PM | ANCOM - ANSWER TO COMPLAINT FILED | LAPAT, ANDREW | |
|---|---|---|---|
| **Docket Entry:** | ANSWER OF DEFTS VIKING TRANSPORT INC. AND FRANK BUONO TO FIRST AMENDED COMPLAINT WITH NEW MATTER FILED. | | |

| 11-AUG-2003 01:42 PM | CMPLT - COMPLAINT FILED NOTICE GIVEN | LAPAT, ANDREW | |
|---|---|---|---|
| **Docket Entry:** | JOINDER COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED BY DEFENDANT VIKING TRANSPORT INC AND FRANK BUONO JOINING NORTHSTAR SERVICES LTD AS AN ADDITIONAL DEFT. | | |

| 05-SEP-2003 03:50 PM | ANCOM - ANSWER TO COMPLAINT FILED | YOST, RICHARD W | |
|---|---|---|---|
| **Docket Entry:** | ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND NEW MATTER 2252(D) FILED BY ADDITIONAL DEFENDANT, NORTHSTAR SERVICES, LTD., AND AGAINST DEFENDANTS, VIKING TRANSPORTATION, INC., FRANK BUONO, JORGE GONZALE AND DAVID SHADOVITZ. FILED. | | |

| 10-SEP-2003 01:56 PM | REPLY - REPLY FILED | SCHUSTER, KENNETH R | |
|---|---|---|---|
| **Docket Entry:** | PLFT'S REPLY TO ADDITIONAL DEFT'S NORTHSTAR SERVICES LTD., NEW MATTER FILED. | | |

| 12-SEP-2003 10:17 AM | ANCOM - ANSWER TO COMPLAINT FILED | MENSZAK, JR., CHARLES | |
|---|---|---|---|
| **Docket Entry:** | ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND NEW MATTER CROSSCLAIM AGANIST ADDITIONAL DEFT NORTHSTAR SERVICES, LTD. FILED BY DEFENDANT DAVID SHADOVITZ. | | |

Civil Docket Report - Not an Official Document

| 24-SEP-2003<br>04:46 PM | ANCOM - ANSWER TO<br>COMPLAINT FILED | LAPAT, ANDREW | |
|---|---|---|---|
| Docket<br>Entry: | ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND NEW MATTER CROSSCLAIM AGANIST CO-DEFT NORTHSTAR SERVICES, LTD. FILED BY DEFENDANTS VIKING TRANSPORT INC., AND FRANK BUONO. | | |

| 04-NOV-2003<br>03:51 PM | CERTI - CERTIFICATION FILED | | |
|---|---|---|---|
| Docket<br>Entry: | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |

| 03-DEC-2003<br>02:22 PM | CERTI - CERTIFICATION FILED | | |
|---|---|---|---|
| Docket<br>Entry: | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |

| 10-DEC-2003<br>11:38 AM | CERTI - CERTIFICATION FILED | | |
|---|---|---|---|
| Docket<br>Entry: | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |

| 09-JAN-2004<br>12:01 AM | CLNGV - NOTICE GIVEN | | |
|---|---|---|---|
| Docket<br>Entry: | none. | | |

| 09-JAN-2004<br>12:01 AM | CLNGV - NOTICE GIVEN | | |
|---|---|---|---|
| Docket<br>Entry: | none. | | |

| 18-FEB-2004<br>03:50 PM | CERTI - CERTIFICATION FILED | | |
|---|---|---|---|
| Docket<br>Entry: | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |

Civil Docket Report - Not an Official Document

| 11-MAR-2004 01:00 AM | CLSLS - SELECTED FOR STATUS NOTICE | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 24-MAR-2004 02:24 PM | CERTI - CERTIFICATION FILED | | |
|---|---|---|---|
| **Docket Entry:** | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |

| 25-MAR-2004 09:23 AM | PTEXR - PET FOR EXTRAORDINARY RELIEF | NORTHSTAR SERVICES LTD, | |
|---|---|---|---|
| **Docket Entry:** | 64-04032464 UNOPPOSSED PETITION FOR EXTRAORDINARY RELIEF FILED. | | |

| 26-MAR-2004 09:27 AM | MTASN - MOTION ASSIGNED | | |
|---|---|---|---|
| **Docket Entry:** | 64-04032464 UNOPPOSSED PETITION FOR EXTRAORDINARY RELIEF ASSIGNED TO JUDGE MOSS ON 3-29-04. | | |

| 29-MAR-2004 09:38 AM | MTWDA - MOTION TO WITHDRAW APPEARANCE | | |
|---|---|---|---|
| **Docket Entry:** | 94-04032694 MOTION TO WITHDRAW. FILED BY DEFENDANTS, VIKING TRANSPORT/FRANK BUONO. | | |

| 30-MAR-2004 01:34 PM | MTANS - ANSWER (MOTION/PETITION) FILED | NORTHSTAR SERVICES LTD, | |
|---|---|---|---|
| **Docket Entry:** | 64-03032464 SUPPLEMENTAL FILED TO X-RELIEF | | |

| 31-MAR-2004 08:34 AM | CLLSC - LISTED FOR SETTLEMENT CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 31-MAR-2004 | CLCDS - CONFERENCE DATE | | |
|---|---|---|---|

| 08:34 AM | SET | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |
| | | | |
| 01-APR-2004 09:40 AM | MTASN - MOTION ASSIGNED | | |
| **Docket Entry:** | 94-04032694 MOTION TO WITHDRAW APPEARANCE ASSIGNED TO JUDGE MOSS ON 4-2-04. | | |
| | | | |
| 02-APR-2004 01:00 AM | CLNGV - NOTICE GIVEN | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 05-APR-2004 11:57 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
| **Docket Entry:** | 64-04032464 IT IS ORDERED THAT ADD'L DEFTS, NORTHSTAR SERVICES INC'S MOTION FOR EXTRAORDINARY RELIEF IS GRANTED, AND ALL PRESENT CASE MANAGEMENT DEADLINES ARE EXTENDED BY 60 DAYS. A REVISED CASE MANAGEMENT ORDER WILL ISSUE...BY THE COURT, JUDGE MOSS, 3-30-04 | | |
| | | | |
| 05-APR-2004 12:19 PM | RVCMO - REVISED CASE MGMT ORDER ISSUED | | |
| **Docket Entry:** | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY FIRST JUDICIAL DISTRICT OF PENNSYLVANIA CIVIL TRIAL DIVISION REYNOLDS ETAL VS VIKING TRANSPORT INC ET 030202544 REVISED CASE MANAGEMENT ORDER MAJOR JURY-STANDARD Be advised that the Case Management Order issued for the above-captioned action has been revised as follows: All discovery shall be completed not later than 07-JUN-2004. Plaintiff shall submit expert reports not later than 07-JUN-2004. Defendant shall submit expert reports not later than 05-JUL-2004. All pre-trial motions shall be filed not later than 05-JUL-2004. A settlement conference will be scheduled any time after 05-JUL-2004. A pre-trial conference will be scheduled at any time after 07-SEP-2004. It is expected that this case shall be ready for trial by 01-NOV-2004. All other terms and conditions on the original Case Management Order will remain in full force and effect. BY THE COURT: _____ _____ DATE SANDRA MOSS, J. TEAM LEADER | | |

Civil Docket Report - Not an Official Document

| 05-APR-2004<br>12:21 PM | CLCFC - CONFERENCE<br>CANCELLED | MOSS, SANDRA M | |
| Docket<br>Entry: | *none.* | | |

| 05-APR-2004<br>12:22 PM | CLLSC - LISTED FOR<br>SETTLEMENT CONF | | |
| Docket<br>Entry: | *none.* | | |

| 07-APR-2004<br>10:16 AM | RLFIS - RULE ISSUED | MOSS, SANDRA M | |
| Docket<br>Entry: | 94-04032694 RULE IS HEREBY ENTERED TO SHOW CAUSE WHY THE MOTION OF THE LAW FIRM STEIN AND SILVERMAN, P.C., COUNSEL FOR DEFTS, FOR LEAVE TO WITHDRAW AS COUNSEL SHOULD NOT BE GRANTED. RULE RETURNABLE: APRIL 28, 2004 IN COURTROOM 285 CITY HALL AT 09:00AM. ALL PROCEEDING TO STAY MEANWHILE...BY THE COURT, JUDGE MOSS, 4-5-04...NOTICE GIVEN UNDER PA RCP 236. | | |

| 07-APR-2004<br>10:21 AM | CLLRR - LISTED RULE<br>RETURNABLE DATE | | |
| Docket<br>Entry: | *none.* | | |

| 15-APR-2004<br>03:21 PM | CERTI - CERTIFICATION FILED | | |
| Docket<br>Entry: | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |

| 07-MAY-2004<br>04:02 PM | CERTI - CERTIFICATION FILED | | |
| Docket<br>Entry: | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |

| 13-MAY-2004 | ENAPC - ENTRY OF | SCHUSTER, | |

| 01:41 PM | APPEARANCE-CO COUNSEL | KENNETH R | |
|---|---|---|---|
| **Docket Entry:** | ENTRY OF APPEARANCE OF KENNETH R. SCHUSTER AND ANTHONY S. PINNIE FILED ON BEHALF OF PLAINTIFF KENNETH REYNOLDS AND JOAN CHIEN. | | |

| 14-MAY-2004 02:08 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
|---|---|---|---|
| **Docket Entry:** | 94-04032694 AND NOW, THIS 28TH DAY OF APRIL, 2004, IT IS HEREBY ORDERED AND DECREED THAT SAID MOTION IS RESCHEDULED TO 5-12-04. BY THE COURT: HON. SANDRA MAZER MOSS, 4-28-04. (ORDER RECEIVED ON 5-14-04) | | |

| 14-MAY-2004 02:12 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
|---|---|---|---|
| **Docket Entry:** | AND NOW, THIS 12TH DAY OF MAY, 2004, UPON CONSIDERATION OF STEIN & SILVERMAN, P.C.'S MOTION PERMISSION TO WITHDRAW AS COUNSEL AND ANY RESPONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT STEIN & SILVERMAN P.C.'S MOTION IS GRANTED AND STEIN & SILVERMAN P.C. IS DISMISSED AS COUNSEL FOR DEFENDANTS VIKING TRANSPORT, INC., AND FRANK BUONO. BY THE COURT: HON. SANDRA MAZER MOSS, 5-12-04. | | |

| 28-MAY-2004 08:31 AM | CLLSC - LISTED FOR SETTLEMENT CONF | | |
|---|---|---|---|
| **Docket Entry:** | none. | | |

| 28-MAY-2004 08:31 AM | CLCDS - CONFERENCE DATE SET | | |
|---|---|---|---|
| **Docket Entry:** | none. | | |

| 01-JUN-2004 01:00 AM | CLNGV - NOTICE GIVEN | | |
|---|---|---|---|
| **Docket Entry:** | none. | | |

| 03-JUN-2004 09:41 AM | PTEXR - PET FOR EXTRAORDINARY RELIEF | NORTHSTAR SERVICES LTD, | |
|---|---|---|---|
| **Docket Entry:** | 71-04060271 RESPONSE DATE 6-14-04. | | |

| 16-JUN-2004 12:22 PM | MTASN - MOTION ASSIGNED | | |
|---|---|---|---|
| **Docket Entry:** | 71-04060271 PETITION FOR EXTRAORDINARY RELIEF ASSIGNED TO JUDGE MOSS ON 6-17-04 | | |

| 25-JUN-2004 03:33 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
|---|---|---|---|
| **Docket Entry:** | 71-04060271 AND NOW, THIS 17TH DAY OF JUNE, 2004, IT IS HEREBY ORDERED AND DECREED THAT ALL DEADLINES ARE EXTENDED 60 DAYS. NO FURTHER EXTENSIONS WILL BE GRANTED SINCE THIS IS A SECOND EXTENSION. BY THE COURT: HON. SANDRA MAZER MOSS, 6-17-04. | | |

| 25-JUN-2004 03:35 PM | RVCMO - REVISED CASE MGMT ORDER ISSUED | | |
|---|---|---|---|
| **Docket Entry:** | REVISED CASE MANAGEMENT ORDER - Be advised that the Case Management Order issued for the above-captioned action has been revised as follows: All discovery shall be completed not later than 02-AUG-2004. Plaintiff shall submit expert reports not later than 02-AUG-2004. Defendant shall submit expert reports not later than 07-SEP-2004. All pre-trial motions shall be filed not later than 07-SEP-2004. A settlement conference will be scheduled any time after 07-SEP-2004. A pre-trial conference will be scheduled at any time after 01-NOV-2004. It is expected that this case shall be ready for trial by 03-JAN-2005. All other terms and conditions on the original Case Management Order will remain in full force and effect. ...BY THE COURT: SANDRA MOSS | | |

| 25-JUN-2004 03:36 PM | CLOEC - OTHER EVENT CANCELLED | MOSS, SANDRA M | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 25-JUN-2004 03:36 PM | CLOEC - OTHER EVENT CANCELLED | MOSS, SANDRA M | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 25-JUN-2004 03:36 PM | CLWSC - WAITING TO LIST SETTLMNT CONF | MOSS, SANDRA M | |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 25-JUN-2004 03:36 PM | CLLSC - LISTED FOR SETTLEMENT CONF | | |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 25-JUN-2004 03:37 PM | CLLPT - LISTED FOR PRE-TRIAL CONF | | |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 25-JUN-2004 03:37 PM | CLLTR - LISTED FOR TRIAL | | |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 02-JUL-2004 10:20 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
| **Docket Entry:** | ORDERED THAT ADD'L DEFT'S MOTION TO COMPEL DEPOSITION IS GRANTED. SEE ORDER. ...BY THE COURT: MOSS, J. 6-30-04 | | |

| | | | |
|---|---|---|---|
| 02-JUL-2004 12:00 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
| **Docket Entry:** | ORDERED THAT ADD'L DEFT'S MOTION TO COMPEL IME IS GRANTED. SEE ORDER. ...BY THE COURT: MOSS, J. 6-30-04 | | |

| | | | |
|---|---|---|---|
| 30-JUL-2004 09:00 AM | CLLSC - LISTED FOR SETTLEMENT CONF | | |
| **Docket** | *none.* | | |

| | Entry: | | | |
|---|---|---|---|---|
| 30-JUL-2004 09:00 AM | CLCDS - CONFERENCE DATE SET | | | |
| **Docket Entry:** | *none.* | | | |
| 03-AUG-2004 12:01 AM | CLNGV - NOTICE GIVEN | | | |
| **Docket Entry:** | *none.* | | | |
| 06-AUG-2004 04:31 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | | |
| **Docket Entry:** | IT IS HEREBY ORDERED THAT ADDITIONAL DEFENDANT, NORTHSTAR'S, MOTION FOR SANCTIONS IS GRANTED AND DEFENDANT, VIKING TRANSPORT, INC., IS PRECLUDED FROM INTRODUCING ANY AND ALL EVIDENCE AGAINST THE DEFENDANT AT THE TRAIL OF THIS MATTER. BY THE COURT: MOSS, J. 08/04/04 | | | |
| 10-AUG-2004 10:53 AM | CERTI - CERTIFICATION FILED | | | |
| **Docket Entry:** | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | | |
| 02-SEP-2004 11:31 AM | MTSJD - MOTION/SUMMARY JDGMT FILED | SHADOVITZ, DAVID | | |
| **Docket Entry:** | 48-04083748 RESPONSE DATE 10/4/04 | | | |
| 08-SEP-2004 02:48 PM | CLSCC - SETTLEMENT CONF COMPLETED | MOSS, SANDRA M | | |
| **Docket Entry:** | *none.* | | | |
| 13-SEP-2004 03:02 PM | CERTI - CERTIFICATION FILED | | | |

| | | | |
|---|---|---|---|
| **Docket Entry:** | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |
| 20-SEP-2004 03:44 PM | CERTI - CERTIFICATION FILED | | |
| **Docket Entry:** | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. | | |
| 30-SEP-2004 10:45 AM | CLLPT - LISTED FOR PRE-TRIAL CONF | | |
| **Docket Entry:** | none. | | |
| 30-SEP-2004 10:45 AM | CLCDS - CONFERENCE DATE SET | | |
| **Docket Entry:** | none. | | |
| 30-SEP-2004 10:51 AM | MTANS - ANSWER (MOTION/PETITION) FILED | | |
| **Docket Entry:** | 48-04083748 ANS FILED TO SJ (FILED BY PLFS, KENNETH REYNOLDS AND JOAN CHIEN) | | |
| 02-OCT-2004 12:01 AM | CLNGV - NOTICE GIVEN | | |
| **Docket Entry:** | none. | | |
| 06-OCT-2004 04:13 PM | MTASN - MOTION ASSIGNED | | |
| **Docket Entry:** | 48-04083748 MOTION FOR SUMMARY JUDGMENT ASSIGNED TO JUDGE MOSS ON 10/07/04. | | |
| 25-OCT-2004 10:00 AM | PRWDR - PRAECIPE TO WITHDRAW | | |
| **Docket** | PRAECIPE WITHDRAWING NEW MATTER COUNTERCLAIM OF DEFT., | | |

| | | | |
|---|---|---|---|
| **Entry:** | SHADOVITZ AGAINST PLTFS WITH PREJUDICE FILED | | |

| | | | |
|---|---|---|---|
| 28-OCT-2004 02:25 PM | CLPCC - PRETRIAL CONFERENCE COMPLETED | MOSS, SANDRA M | |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 28-OCT-2004 02:25 PM | CLWTR - WAITING TO LIST FOR TRIAL | MOSS, SANDRA M | |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 28-OCT-2004 02:26 PM | CLLSC - LISTED FOR SETTLEMENT CONF | | |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 28-OCT-2004 02:26 PM | CLLTR - LISTED FOR TRIAL | | |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 30-OCT-2004 12:01 AM | CLNGV - NOTICE GIVEN | | |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 30-OCT-2004 12:01 AM | CLNGV - NOTICE GIVEN | | |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 01-NOV-2004 11:40 AM | MMUPD - MOTION ASSIGNMENT UPDATED | SYLVESTER, ESTHER R | |
| **Docket Entry:** | 48-04083748 MOTION FOR SUMMARY JUDGMENT REASSIGNED TO JUDGE SYLVESTER ON, 11-1-04. | | |

| 03-NOV-2004 10:36 AM | REPLY - REPLY FILED | SHADOVITZ, DAVID | |
|---|---|---|---|
| **Docket Entry:** | 48-04083748 REPLY FILED IN SUPPORT OF SJ | | |

| 23-NOV-2004 10:55 AM | MTWDA - MOTION TO WITHDRAW APPEARANCE | SCHUSTER, KENNETH R | |
|---|---|---|---|
| **Docket Entry:** | 08-04113208 MOTION TO WITHDRAW APPEARANCE. | | |

| 24-NOV-2004 10:56 AM | MTASN - MOTION ASSIGNED | | |
|---|---|---|---|
| **Docket Entry:** | 08-04113208 MOTION TO WITHDRAW APPEARANCE ASSIGNED TO JUDGE MOSS ON 11-29-04. | | |

| 01-DEC-2004 03:17 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | SYLVESTER, ESTHER R | |
|---|---|---|---|
| **Docket Entry:** | 48-04083748 AND NOW, TO WIT, THIS 30TH DAY OF NOVEMBER, 2004, UPON CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ANY RESPONSES THERETO, IT IS HEREBY ORDERED AND DECREED THAT THE MOTION OF DAVID SHADOVITZ IS GRANTED AND ALL CLAIMS INCLUDING CROSSCLAIMS AGAINST DEFENDANT, ARE HEREBY DISMISSED AND JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, DAVID SHADOVITZ. BY THE COURT: HON. ESTHER R. SYLVESTER, 11-30-04. | | |

| 07-DEC-2004 03:16 PM | RLFIS - RULE ISSUED | MOSS, SANDRA M | |
|---|---|---|---|
| **Docket Entry:** | 08-04113208 AND NOW, THIS 30 DAY OF NOVEMBER, 2004, UPON CONSIDERATION OF PETITION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF, A RULE IS HEREBY ENTERED TO SHOW CAUSE WHY SAID PETITION SHOULD NOT BE GRANTED. RULE RETURNABLE 22ND OF DECEMBER, 2004 IN COURTROOM 285, 9:00 CITY HALL. ALL PROCEEDINGS TO STAY MEANWHILE. BY THE COURT: HON. SANDRA MAZER MOSS, 11-30-04. | | |

| 07-DEC-2004 | CLLRR - LISTED RULE | | |
|---|---|---|---|

Civil Docket Report - Not an Official Document

| 03:19 PM | RETURNABLE DATE | | |
|---|---|---|---|
| **Docket Entry:** | none. | | |
| | | | |
| 23-DEC-2004 10:10 AM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | NEW, ARNOLD L | |
| **Docket Entry:** | 08-04113208 AND NOW, THIS 22ND DAY OF DECEMBER, 2004, UPON CONSIDERATION OF THE VERIFIED PETITION OF COUNSEL FOR PLAINTIFF FOR LEAVE TO WITHDRAW, IT IS HEREBY ORDERED AND DECREED THAT SAID PETITION IS GRANTED. IT IS FURTHER ORDERED THAT KENNETH R. SCHUSTER, ESQUIRE, MARC D. IPPOLITI, ESQUIRE, ANTHONY S. PINNIE, ESQUIRE AND KENNETH R. SCHUSTER, P.C., BE PERMITTED TO WITHDRAW THEIR APPEARANCE ON BEHALF OF PLAINTIFF IN THE ABOVE-CAPTIONED MATTER, PURSUANT TO THE AGREEMENT PLACED ON THE RECORD DECEMBER 22, 2004. BY THE COURT: HON. ARNOLD L. NEW, 12-22-04. | | |
| | | | |
| 25-DEC-2004 12:01 AM | CLNGV - NOTICE GIVEN | | |
| **Docket Entry:** | none. | | |
| | | | |
| 25-DEC-2004 12:01 AM | CLNGV - NOTICE GIVEN | | |
| **Docket Entry:** | none. | | |
| | | | |
| 30-DEC-2004 03:11 PM | WTAPO - WITHDRAWAL OF APPEARANCE | | |
| **Docket Entry:** | WITHDRAWAL OF APPEARANCE OF KENNETH R. SCHUSTER ON BEHALF OF PLAINTIFFS KENNETH REYNOLDS AND JOAN CHIEN FILED. | | |
| | | | |
| 07-JAN-2005 04:46 PM | ENAPC - ENTRY OF APPEARANCE-CO COUNSEL | FARBER, SHELLY | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF SHELLY FARBER FILED ON BEHALF OF PLAINTIFFS. | | |

Civil Docket Report - Not an Official Document

| 11-JAN-2005 03:02 PM | CLNGV - NOTICE GIVEN | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 11-JAN-2005 03:02 PM | CLNGV - NOTICE GIVEN | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 27-JAN-2005 04:38 PM | WSPTJ - SETTLED PRIOR TO ASSGN TRL JUD | MOSS, SANDRA M | |
|---|---|---|---|
| **Docket Entry:** | SETTLED. (CASE SETTLED PER LETTER OF JOHN M. CAMPBELL, ESQ., DATED 1-20-05.) BY THE COURT: HON. SANDRA MAZER MOSS, 1-25-05. | | |

| 27-JAN-2005 04:38 PM | ZR236 - NOTICE GIVEN UNDER RULE 236 | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 19-APR-2005 02:27 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
|---|---|---|---|
| **Docket Entry:** | AND NOW, THIS 15TH DAY OF APRIL, 2005, IN CONSIDERATION OF THE MOTION OF DEFENDANT, NORTHSTAR SERVICES, INC., IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT NORTHSTAR SERVICES, INC., IS HEREBY DISMISSED FROM THIS ACTION, WITH PREJUDICE. IT IS FURTHER ORDERED, THAT PLAINTIFFS, HAVING NO DIRECT CLAIM AGAINST NORTHSTAR SERVICES, INC., SHALL INDEMNIFY AND HOLD HARMLESS DEFENDANT, NORTHSTAR SERVICES, INC., AND/OR LINCOLN GENERAL INSURANCE COMPANY AGAINST ANY AND ALL CLAIMS, SETTLMENTS, VERDICTS, JUDGMENTS AS WELL AS ANY AND ALL COSTS AND ATTORNEYS FEES INCURRED IN DEFENDING ANY SUCH CLAIMS ARISING OUT OF THE CAPTIONED LITIGATION, INCLUDING BUT NOT LIMITED TO CLAIMS FOR COVERAGE BY ANY PERSON OR ENTITY NAMED HEREIN. IT IS FURTHER ORDERED, THAT DEFENDANT, NORTHSTAR SERVICES, INC., IS HEREBY EXCUSED FROM FURTHER PARTICIPATION IN ANY PROCEEDING IN THIS CASE. TRIAL SHALL | | |

| | COMMENCE IN COURTROOM 653 ON APRIL 28, 2005 T 9:30. BY THE COURT: HON. SANDRA MAZER MOSS, 4-15-05. | | |
|---|---|---|---|
| 16-MAY-2005 12:53 PM | WSFFP - FINDING FOR PLAINTIFF | MOSS, SANDRA M | $275,000.00 |
| Docket Entry: | VERDICT FOR PLAINTIFFS AGAINST DEFENDANT VIKING, NORTHSTAR AND GONZALES IN THE AMOUNT OF $225,000.00 FOR PLAINTIFF REYNOLDS AND $50,000.00 FOR PLAINTIFF CHIEN. BY THE COURT: HON. SANDRA MAZER MOSS, 4-28-05. | | |
| 16-MAY-2005 12:53 PM | ZR236 - NOTICE GIVEN UNDER RULE 236 | | |
| Docket Entry: | none. | | |
| 16-MAY-2005 12:58 PM | ORDER - ORDER ENTERED/236 NOTICE GIVEN | MOSS, SANDRA M | |
| Docket Entry: | HAVING HELD A NON-JURY TRIAL INCLUDING AN ASSESSMENT OF DAMAGES ON THURSDAY APRIL 28, 2005 I ENTER THE FOLLOWING ORDER: AND NOW THIS 11TH DAY OF MAY, 2005 IT IS HEREBY ORDERED AND DECREED THAT JUDGMENT IS ENTERED AGAINST: DEFENDANTS VIKING TRANSPORT, INC., D/B/A VIKING TRANSPORT, FRANK BUONO INDIVIDUALLY AND TRADING AS VIKING TRANSPORT AND JORGE GONZALES, AND IN FAVOR OF PLAINTIFF KENNETH REYNOLDS IN THE AMOUNT OF $225,000.00, AND IN FAVOR OF PLAINTIFF JOAN CHIEN IN THE AMOUNT OF $50,000.00. HAVING FOUND THAT NORTHSTAR SERVICES, Ltd. WAS NOT A PARTY TO THE ACCIDENT OF JULY 3, 2002 JUDGMENT IS ENTERED IN ITS FAVOR ON ALL COUNTS AS AN ADDITIONAL DEFEDDANT. IT IS SO ORDERED. BY THE COURT: HON. SANDRA MAZER MOSS, 5-11-05. | | |

# Exhibit B

## 2. SCHEDULE

| COVERAGE SYMBOL | LIMIT EACH *PERSON* | LIMIT EACH ACCIDENT | LIMIT FOR FUNERAL EXPENSES | DEDUCTIBLE THAT APPLIES TO *YOU* | DEDUCTIBLE THAT APPLIES TO *MEMBERS OF YOUR HOUSEHOLD* |
|---|---|---|---|---|---|
| P | $15,000 | $30,000 | $5,000 | None | None |
| P2 | 15,000 | 30,000 | 5,000 | $ 250 | $ 250 |
| P3 | 15,000 | 30,000 | 5,000 | 250 | None |
| P4 | 15,000 | 30,000 | 5,000 | 500 | $ 500 |
| P5 | 15,000 | 30,000 | 5,000 | 500 | None |
| P6 | 15,000 | 30,000 | 5,000 | 1,000 | $1,000 |
| P7 | 15,000 | 30,000 | 5,000 | 1,000 | None |
| P8 | 25,000 | 50,000 | 5,000 | None | None |
| P9 | 50,000 | 100,000 | 5,000 | None | None |
| P10 | 100,000 | 300,000 | 5,000 | None | None |

## SECTION III — UNINSURED MOTOR VEHICLE — COVERAGE U

*You* have this coverage if "U" appears in the "Coverages" space on the declarations page.

We will pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* or *property damage* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

*Uninsured Motor Vehicle* – means:

1.  a land motor vehicle which does not have, at the time of the accident:

    a.  cash or securities on file with the Delaware State Treasurer, or

    b.  a bodily injury and property damage liability bond or insurance policy

    in at least the amount specified by the Delaware Motor Vehicle Safety Responsibility Law; or

13
8085

2. a land motor vehicle insured or bonded for bodily injury and property damage liability at the time of the accident, but the insurer or surety:

    a. legally denies coverage; or

    b. is or becomes insolvent; or

    c. has been placed in receivership; or

3. with respect to damages for *bodily injury*, a land motor vehicle:

    a. the ownership, maintenance or use of which may be insured or bonded for bodily injury liability at the time of the accident; but

    b. the limits of liability for bodily injury liability are less than the limits *you* carry for uninsured motor vehicle coverage under this policy; or

4. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:

    a. the *insured*; or

    b. the vehicle the *insured* is *occupying*

and causes *bodily injury* to the *insured* or *property damage* to the property of an *insured*; or

5. a "non-contact" land motor vehicle whose owner or driver remains unknown and which causes *bodily injury* to the *insured* or *property damage* to the property of an *insured*.

An *uninsured motor vehicle* does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. owned or operated by a self-insurer under any motor vehicle financial responsibility law, a motor carrier law or any similar law;

3. owned by any government or any of its political subdivisions or agencies;

4. designed for use mainly off public roads except while on public roads; or

5. while located for use as premises.

*Property Damage* — means damage to:

1. a motor vehicle:

    a. owned by *you* or *your spouse*;

    b. insured under liability coverage of this policy;

    c. registered in Delaware; and

    d. used with the permission of *you* or *your spouse*.

It includes payments made for substitute transportation while such vehicle is disabled.

2. any other property (except a motor vehicle) owned by an *insured* and located in Delaware.

**Who Is an Insured**

*Insured* — means the *person* or *persons* covered by uninsured motor vehicle coverage.

This is:

1. the first *person* named in the declarations;

2. his or her *spouse*;

3. their *relatives*; and

4. any other *person* while *occupying*:

    a. *your car*, a *temporary substitute car*, a *newly acquired car* or a trailer attached to such *car*. Such vehicle has to be used within the scope of the consent of *you* or *your spouse*; or

    b. a *car* not owned by *you*, *your spouse* or any *relative*, or a trailer attached to such a *car*. It has to be driven by the first *person* named in the declarations or that *person's spouse* and within the scope of the owner's consent.

5. any *person* entitled to recover damages because of *bodily injury* to an *insured* under 1 through 4 above.

**Payment of Any Amount Due**

We will pay any amount due:

1. to the *insured*;

2. to a parent or guardian if the *insured* is a minor or an incompetent *person*;

3. to the surviving *spouse*; or

4. at our option, to a *person* authorized by law to receive such payment.

**Limits of Liability**

1. Bodily Injury

The amount of coverage is shown on the declarations page under "Limits of Liability – U – Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. "*Bodily injury* to one *person*" includes all injury and damages to others resulting from this *bodily injury*. Under "Each Accident" is the total amount of coverage, subject to the

amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

2. Property Damage

The amount of coverage is shown on the declarations page under "Limits of Liability – U – Property Damage, Each Accident". This is the amount of coverage for damages in excess of $250 to the property of all *insureds* as the result of one accident.

3. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured* for *bodily injury* or *property damage* under the liability coverage.

4. Any payment made to a *person* under this coverage shall reduce any amount payable to that *person* under the liability coverage.

5. The limits of liability are not increased because:

   a. more than one vehicle is insured under this policy; or

   b. more than one *person* is insured at the time of the accident.

6. The following applies if the vehicle in the accident is an *uninsured motor vehicle* as defined in items 1, 2, 4 or 5 under the heading, "*Uninsured Motor Vehicle* – means":

   Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury* or *property damage* sustained by the *insured*.

7. The following applies if the vehicle in the accident is an *uninsured motor vehicle* as defined in item 3 under the heading, "*Uninsured Motor Vehicle* – means":

   The most we pay will be the lesser of:

   a. the difference between the amount of the *insured*'s damages for *bodily injury*, and the amount paid to the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury*; or

   b. the limits of liability of this coverage.

**When Coverage U Does Not Apply**

THERE IS NO COVERAGE:

1. FOR ANY *INSURED* WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY*

*INJURY* OR *PROPERTY DAMAGE*. This does not apply to an *insured* who settles with the owner or operator of a vehicle described in item 3 of the definition of *uninsured motor vehicle*.

2. TO THE EXTENT IT BENEFITS:

   a. ANY WORKER'S COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY.

   b. A SELF-INSURER UNDER ANY WORKER'S COMPENSATION, OR DISABILITY BENEFITS OR SIMILAR LAW.

   c. ANY GOVERNMENTAL BODY OR AGENCY.

3. FOR THE FIRST $250 OF *PROPERTY DAMAGE* TO THE PROPERTY OF ALL *INSUREDS* RESULTING FROM ONE ACCIDENT.

**If There Is Other Coverage**

1. Coverage Provided by Us or an Affiliated Company

   If two or more vehicles owned or leased by *you, your spouse* or any *relative* are insured for this coverage under one or more policies issued by us or an affiliated company, the total limit of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability.

2. Coverage Provided by Other Insurers

   Subject to item 1 above, if an *insured* as defined in item 1, 2, or 3 of the definition of *insured* sustains *bodily injury* while not *occupying* a motor vehicle and other uninsured motor vehicle coverage issued by an insurer, other than us or an affiliated company, applies we will pay our share. Our share is that per cent of the damages that our applicable limit of liability bears to the total of all uninsured motor vehicle coverage that applies to the accident.

3. Subject to item 1 above:

   a. If an *insured* as defined in item 1, 2, or 3 of the definition of *insured* sustains *bodily injury* while *occupying* a vehicle which is not owned by *you, your spouse* or any *relative*, our limit of liability applies as excess to any other coverage available from a policy covering the vehicle *occupied* or its driver.

   If coverage from more than one insurer applies as excess, we will pay our share. Our share is that per cent of the damages

in excess of the primary coverage that our applicable limit of liability bears to the total of all uninsured motor vehicle coverage that applies to the accident as excess coverage.

b. If an *insured* as defined in item 1, 2, or 3 of the definition of *insured* sustains *bodily injury* or *property damage* while *occupying your car*, and *your car* is described on the declarations page of another policy providing this coverage and issued by an insurer, other than us or an affiliated company, we will pay our share. Our share is that per cent of the damages that our applicable limit of liability bears to the total of all uninsured motor vehicle coverage that applies to the accident.

4. If an *insured* as defined in item 4 of the definition of *insured* sustains *bodily injury* or *property damage* while *occupying*:

a. a vehicle which is not *your car* or a *newly acquired car*, and such vehicle is insured for uninsured motor vehicle coverage, this coverage applies as excess to such other insurance but only in the amount by which it exceeds the primary coverage.

Subject to item 1 above, if more than one policy applies as excess, we will pay our share. Our share is that per cent of the damages in excess of the primary coverage that our applicable limit of liability bears to the total of all uninsured motor vehicle

coverage that applies to the accident as excess coverage.

b. *your car*, and *your car* is described on the declarations page of another policy providing uninsured motor vehicle coverage:

(1) the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability; and

(2) we are liable only for our share. Our share is that per cent of the damages that the limit of liability of this coverage bears to the total of all such uninsured motor vehicle coverage applicable to the accident.

5. THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER UNINSURED MOTOR VEHICLE COVERAGE ON A *NEWLY ACQUIRED CAR.*

6. This coverage applies as excess over:

a. any benefits available under coverage P, or which would have been available if a deductible were not applied; or

b. any benefits available under coverage N or N-1; or

c. any other coverage available from any source applicable to *property damage.*

This coverage applies only in the amount by which the limit of liability of this coverage exceeds the amount payable under such other coverage.

## SECTION IV — PHYSICAL DAMAGE COVERAGES

*Loss* – means, when used in this section, each direct and accidental loss of or damage to:

1. *your car*;

2. its equipment which is common to the use of *your car* as a vehicle;

3. clothes and luggage insured; and

4. a detachable living quarters attached or removed from *your car* for storage. Detachable living quarters includes its body and items securely fixed in place as a permanent part of the body. *You* must have told us about the living quarters before the *loss* and paid any extra premium needed.

16
8085

# Exhibit C

**BENNETT, BRICKLIN & SALTZBURG LLP**

**BLUE BELL OFFICE**
FIVE VALLEY SQUARE
SUITE 200
512 TOWNSHIP LINE ROAD
BLUE BELL, PA 19422
(267) 654-1100
FAX: (267) 654-1122
◆
**NEW JERSEY OFFICE**
EXECUTIVE MEWS
SUITE X-115
1930 EAST MARLTON PIKE
CHERRY HILL, NJ 08003
(856) 751-5285
FAX: (856) 751-5281

ATTORNEYS AT LAW
1601 MARKET STREET
16TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103-2393
(215) 561-4300
FAX: (215) 561-6661
WEBSITE: www.bbs-law.com

**CENTRAL PENNSYLVANIA OFFICE**
313 W. LIBERTY STREET
SUITE 371
LANCASTER, PA 17603
(717) 393-4400
FAX: (717) 393-4322

WRITER'S DIRECT DIAL: (215) 665-3364
WRITER'S EMAIL: douglas@bbs-law.com

*via fax and regular mail*

April 27, 2005

Shelly Farber, Esquire
One Veteran's Square
2801 West Chester Pike, #100
Broomall, PA 19008-1809

                       Re:     In re: Kenneth Reynolds Uninsured Motorist Claim
                                   Claim No. 08-5080-122
                                   <u>Our File No.  90947</u>

Dear Mr. Farber:

I have been retained by State Farm Mutual Automobile Insurance Company [hereinafter "State Farm"] to represent its interests regarding Kenneth Reynolds' potential uninsured motorist claim arising out of a July 3, 2002 accident.  I understand that Mr. Reynolds filed suit on February 20, 2003 against Jorge Gonzalez, Viking Transport and Frank Buono in the Philadelphia County Court of Common Pleas contending that they were responsible for the accident.  The dockets for that action reflect that Northstar Services, Inc. was joined as an additional defendant in that action on May 22, 2003.

Apparently, Mr. Gonzalez, Mr. Buono and Viking Transport are uninsured while Northstar Services, Inc. maintained a commercial general liability policy with Lincoln General Insurance Company with a one million dollar combined single limit.

The dockets also  reflect that on January 27, 2005, John Campbell, Esquire, counsel for Northstar advised the court that the case had been settled.  Thereafter based upon a motion filed by Northstar, Judge Moss entered an order on April 19, 2005 dismissing Northstar from the action with prejudice and directing the plaintiff to indemnify Northstar and its insurance carrier, Lincoln General Insurance Company against any and all future claims. Northstar was excused from all future proceedings.

Judge Moss' order also directed that an assessment of damages hearing was to take place tomorrow, April 28, 2005 at 9:30 a.m. in Courtroom 653 against the uninsured parties, Mr. Gonzalez, Mr. Buono and Viking Transport.

BENNETT , BRICKLIN & SALTZBURG LLP
ATTORNEYS AT LAW

April 27, 2005
Page 2

I write to advise you of certain provisions contained with Mr. Reynolds' State Farm policy which may preclude any future uninsured motorist claim Mr. Reynolds may choose to assert against State Farm based upon an award against the uninsured motorists tomorrow.

First, Mr. Reynolds' policy provides in **Section III – UNINSURED MOTORIST VEHICLE – COVERAGE U** on page 13:

> THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

If Mr. Reynolds reached a settlement with Northstar which did not exhaust Northstar's one million dollar combined single limit policy, then pursuant to this policy provision, no uninsured motorist coverage would exist.

Moreover, page 15 of Mr. Reynolds' policy states:

THERE IS NO COVERAGE:

1.    FOR ANY **INSURED** WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY **PERSON** OR ORGANIZATION WHO MAY BE LIABLE FOR THE **BODILY INJURY** OR **PROPERTY DAMAGE**. This does not apply to an insured who settles with the owner or operator of a vehicle described in item 3 of the definition of **uninsured motor vehicle**[1].

---

[1]Definition 3 of **uninsured motor vehicle** is as follows:

with respect to damage for bodily injury, a land motor vehicle:

a.    the ownership, maintenance or use of which may be insured or bonded for **bodily injury** liability at the time of the accident; but

b.    the limits of liability for bodily injury are less than the limits you carry for uninsured motor vehicle coverage under this policy . . . .

As Mr. Reynolds carries $100,000 in uninsured motorist coverage and Northstar maintained a one million dollar combined single limit policy, this policy provision would not apply and Mr. Reynolds

BENNETT , BRICKLIN & SALTZBURG  LLP
ATTORNEYS AT LAW

April 27, 2005
Page 3

As State Farm never consented in writing to the settlement with Northstar, no uninsured motorist coverage would exist.

Mr. Reynolds' policy also provides that Mr. Reynolds has a duty to cooperate with State Farm in its investigation of his uninsured motorist claim.  Mr. Reynolds' policy provides on page 6:

> **4.     Other Duties Under No-Fault, Uninsured Motor Vehicle and Death, Dismemberment and Loss of Sight Coverages**
>
> The **person** making claim also shall:
>
> a.      give us all the details about the death, injury, treatment and other information we need to determine the amount payable . . . . .
>
> **5.     Insured's Duty to Cooperate with Us**
>
> The **insured** shall cooperate with us and, when asked, assist us in:
>
> a.      making settlements;
>
> b.      securing and giving evidence . . . .

Although State Farm has written to you, as Mr. Reynolds' representative, on several occasions and spoken to you on the telephone regarding the information necessary to investigate and evaluate Mr. Reynolds' potential uninsured motorist claim, no meaningful information was ever provided.  This failure to cooperate may jeopardize Mr. Reynolds' uninsured motorist coverage.

Finally, Mr. Reynolds' State Farm policy was issued in the State of Delaware as Mr. Reynolds represented he was a Delaware resident.  As such Delaware law should apply to the interpretation of Mr. Reynolds' contract and his uninsured motorist claim.  Delaware law provides that an uninsured motorist claim does not exist where the tortfeasor's liability limit is in excess of the insured's uninsured motorist coverage.  Therefore, as Northstar

---

was required to obtain State Farm's consent in writing prior to his settlement with Northstar if he did not wish to jeopardize his uninsured motorist coverage.

BENNETT , BRICKLIN & SALTZBURG LLP
ATTORNEYS AT LAW

April 27, 2005
Page 4

maintained one million dollars in coverage and Mr. Reynolds maintained $100,000.00, no viable uninsured motorist claim would exist.

I enclose for your reference at this time an exemplar copy of the uninsured motorist provisions discussed above and a copy of the cooperation language quoted above. I also enclose a copy of the Delaware Uninsured Motor Vehicle statute which confirms the representations regarding the comparison of limits discussed above. State Farm wanted you to be aware of its position regarding these coverage matters prior to the assessment of damages hearing scheduled for tomorrow.

In addition, I write to advise you that State Farm does not consent to be bound by any determination tomorrow with respect to the uninsured motorist claim.

After you have had a chance to review the contents of this letter, please contact me if you have any questions or concerns.

Very truly yours,

Katherine Cole Douglas

KCD/sg
Enclosure

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH REYNOLDS and            )      C.A. No.: 07-00176 SLR
JOAN CHIEN, husband and wife,   )
                                )
          Plaintiffs,           )
                                )
     v.                         )
                                )
STATE FARM MUTUAL AUTOMOBILE    )      TRIAL BY JURY DEMANDED
INSURANCE COMPANY,              )
                                )
          Defendant.            )

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that the undersigned certifies that on this 29th day of April, 2008, two copies of the attached document were served by facsimile and first-class mail, on:

Fax (610) 356-3952
and First-Class Mail
SHELLY FARBER, ESQUIRE
2619 West Chester Pike
Broomall, PA 19008
Attorneys for Plaintiffs,
Kenneth Reynolds and Joan Chien

Fax (302) 761-9035 and
First-Class Mail
ALBERT M. GRETO, ESQUIRE
Law Offices of Albert M. Greto
1701 Shallcross Avenue, Suite C
P.O. Box 756
Wilmington, DE 19899-0756
Attorneys for Plaintiffs,
Kenneth Reynolds and Joan Chien

TYBOUT, REDFEARN & PELL

SHERRY RUGGIERO FALLON
Bar ID # 2464
750 Shipyard Drive #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
sfallon@trplaw.com
Attorneys for Defendant,
State Farm Mutual Automobile
Insurance Company

601.184

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH REYNOLDS and          )     C.A. No.: 07-00176 SLR
JOAN CHIEN, husband and wife, )
                              )
          Plaintiffs,         )
                              )
     v.                       )
                              )
STATE FARM MUTUAL AUTOMOBILE  )     TRIAL BY JURY DEMANDED
INSURANCE COMPANY,            )
                              )
          Defendant.          )

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that the undersigned certifies that on this 29th day of April, 2008, two copies of the attached document were served by facsimile and first-class mail, on:

Fax (610) 356-3952
and First-Class Mail
SHELLY FARBER, ESQUIRE
2619 West Chester Pike
Broomall, PA 19008
Attorneys for Plaintiffs,
Kenneth Reynolds and Joan Chien

Fax (302) 761-9035 and
First-Class Mail
ALBERT M. GRETO, ESQUIRE
Law Offices of Albert M. Greto
1701 Shallcross Avenue, Suite C
P.O. Box 756
Wilmington, DE 19899-0756
Attorneys for Plaintiffs,
Kenneth Reynolds and Joan Chien

TYBOUT, REDFEARN & PELL

SHERRY RUGGIERO FALLON
Bar ID # 2464
750 Shipyard Drive #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
sfallon@trplaw.com
Attorneys for Defendant,
State Farm Mutual Automobile
Insurance Company

601.184